1 | *Counsel listed on signature page*

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC, | CASE NO. 3:17-cv-05671-BLF |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| v. | Judge: Hon. Beth Labson Freeman |
| INTEL CORPORATION, | Date: December 21, 2017 |
| Defendant. | Time: 11:00 a.m. |
| | Location: Courtroom 3, 5th Floor |
| | Date Complaint Filed: October 2, 2017 |
| | Trial Date: None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Judge Freeman's Standing Order re Civil Cases and the October 13, 2017 Notice Resetting Case Management Conference Following Reassignment (Dkt. No. 15), Plaintiff VLSI Technology, LLC ("VLSI") and Defendant Intel Corporation ("Intel") jointly submit this Case Management Statement and Proposed Order.

**A.     JURISDICTION AND SERVICE**

This is an action for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). Defendant Intel has been served.  No other parties remain to be served.  No issues exist regarding personal jurisdiction, venue, or service.

**B.     BRIEF DESCRIPTION OF THE CASE AND DEFENSES, AND EVENTS UNDERLYING THE ACTION**

VLSI filed its Complaint on October 2, 2017.  (Dkt. No. 1.)  VLSI alleges that Intel infringes United States Patent Nos. 7,268,588 ("'588 patent"); 7,675,806 ("'806 patent"); 7,706,207 ("'207 patent"); 7,709,303 ("'303 patent"); 8,004,922 ("'922 patent"); 8,020,014 ("'014 patent"); and 8,268,672 ("'672 patent"); 8,566,836 ("'836 patent") (collectively, the "Patents-in-Suit") by making, using, offering for sale, selling, and/or importing microprocessors and Field Programmable Gate Arrays in violation of 35 U.S.C. § 271.  VLSI seeks an award of damages pursuant to 35 U.S.C. § 284.

On December 6, 2017, Intel filed its Answer, Defenses, and Counterclaims to the Complaint, denying infringement and asserting counterclaims for patent invalidity and non-infringement.  (Dkt. No. 39.)

**C.     THE PRINCIPAL LEGAL AND FACTUAL ISSUES IN DISPUTE**

The legal and factual issues set forth below are not intended to be final or exhaustive, and the parties reserve the right to reformulate these issues, raise additional issues, dispute that there

are issues, or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.  Further, the characterization of an issue as "factual" or "legal" is not a concession that it is not the other or both.

The principal disputed factual issues are:

1. Whether any Intel products infringe any of the Patents-in-Suit pursuant to 35 U.S.C. § 271.

2. For any Patent-in-Suit found to be both valid and infringed, the amount of damages.

3. Whether the Patents-in-Suit are invalid and/or unenforceable.

4. Whether this case is exceptional under 35 U.S.C. § 285, and, if so, whether either party is entitled to an award of attorney fees.

The principal disputed legal issues are:

1. The proper construction of any disputed patent claim terms.

2. Whether Intel infringes any of the asserted claims of the Patents-in-Suit pursuant to 35 U.S.C. § 271.

3. Whether any of the asserted claims of the Patents-in-Suit is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. Whether any of the asserted claims of the Patents-in-Suit is unenforceable.

5. The amount of damages, if any, due to VLSI pursuant to 35 U.S.C. § 284.

6. Whether VLSI is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

7. Whether VLSI's claims are barred, precluded, or otherwise improper based on one or more of Intel's affirmative defenses.

8. Whether VLSI's claims for damages are barred or limited based on 35 U.S.C. §§ 286 and/or 287.

**D.     MOTIONS AND/OR PENDING MATTERS**

No motions are outstanding in this matter.

The parties anticipate claim construction briefing under the Patent Local Rules and expect that they may file motions for summary judgment of infringement/non-infringement and/or patent

validity/invalidity.

**E.   AMENDMENT OF PLEADINGS**

Discovery will dictate whether any additional parties, claims, or counterclaims are needed. The parties propose the deadline in Section Q (Scheduling), Exhibit A, as the deadline for amending the pleadings without leave of the Court.

**F.   EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties anticipate that they will submit an ESI Stipulation setting forth their agreements with respect to the discovery of ESI in this action.

**G.   INITIAL DISCLOSURES**

The parties will exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on December 14, 2017.

**H.   DISCOVERY**

**Discovery taken to date:**

On Wednesday, November 29, 2017, after the parties conducted their Rule 26(f) conference, VLSI and Intel both served a First Set of Interrogatories and a First Set of Requests for Production.

**Scope of anticipated discovery:**

VLSI intends to pursue discovery relating to the claims for patent infringement, Intel's defenses and counterclaims thereto, damages, and prayers for relief.

Intel intends to pursue discovery relating to the factual and legal issues set forth herein above and in its Answer, Defenses, and Counterclaims.  Intel anticipates that this discovery will include at least the following: (1) the conception, reduction to practice, and any alleged diligence in reduction to practice of the inventions claimed by the Patents-in-Suit; (2) prior art to the Patents-in-Suit; (3) the validity of the Patents-in-Suit; (4) the prosecution of the Patents-in-Suit,

including the applicants' disclosure of prior art to the Patent Office; (5) title and ownership of the Patents-in-Suit; (6) licensing of the Patents-in-Suit; (7) any damages claimed by VLSI; (8) VLSI's basis for its claims of infringement; and (9) the construction of any disputed claim terms of the Patents-in-Suit.

**Limits on Discovery:**

1. **Requests for Production of Documents and Things**

The parties agree to no limits on requests for production of documents and things.

2. **Interrogatories**

Each party shall be permitted to serve a maximum of 50 interrogatories on any other party.

3. **Request for Admissions**

**VLSI's Proposal:** Each party may serve up to 50 requests for admission. However, there is no limit on the number of requests for admission the parties may serve to establish the admissibility of documents. Requests for admission directed to document admissibility shall be clearly denoted as such and shall be served separately from any request for admission subject to the numerical limitations stated above.

**Intel's Proposal:** Each party may serve up to 150 requests for admission. However, there is no limit on the number of requests for admission the parties may serve to establish the admissibility of documents. Requests for admission directed to document admissibility shall be clearly denoted as such and shall be served separately from any request for admission subject to the numerical limitations stated above.

4. **Fact Depositions**

**VLSI's Proposal:** Each party shall have 100 hours of total deposition time per side (not including expert depositions), to take the depositions of party and non-party witnesses, as the party sees fit. For corporate depositions under Fed. R. Civ. P. 30(b)(6), the time limits of the deposition shall not be governed by the 7-hour limit of Fed. R. Civ. P. 30(d)(1) but shall be subject only to the total time limits set out above. If a corporate deposition lasts longer than 7 hours, it will extend to another day. For individual witnesses designated by a party for multiple topics contained in a 30(b)(6) notice, the parties will work in good faith to agree to a reasonable number

of hours per designated witness depending on the number of topics for which each witness is designated.  The parties agree that individual depositions that require the use of a translator shall be limited to 14 hours, only 7 hours of which will count against that party's total deposition time. The parties agree to meet in good faith should either party request additional time to take depositions.

      **Intel's Proposal:**  Each party shall have 100 hours of total fact deposition time per party (not counting expert depositions) to take the depositions of each party's witnesses, including corporate depositions under Fed. R. Civ. P. 30(b)(6) depositions.  In addition, each party shall have 100 hours of total fact deposition time to take the deposition of third parties.  Each deposition shall be governed by the one-day, seven-hour limit of Fed. R. Civ. P. 30(d)(1), with each deposition counting at least 3.5 hours.  The deposition of any single individual designated as a corporate witness to testify regarding a deposition topic contained in a deposition notice served under Fed. R. Civ. P. 30(b)(6) is presumptively limited to seven (7) hours of deposition testimony for that individual, with each deposition counting at least 3.5 hours. However, if an individual Fed. R. Civ. P. 30(b)(6) corporate witness is designated by the offering party on multiple unrelated topics, the deposing party may request a reasonable number of additional deposition hours, and the offering party shall not unreasonably deny the request.  Depositions that require the use of a translator shall be limited to 14 hours (including depositions of third parties), and only half the total time used in the deposition will count towards the deposition time limit.

      5.    **<u>Expert Depositions</u>**

      The parties agree that each party may depose each expert for a total of seven (7) hours per patent on which that expert opines on issues of infringement/noninfringement and/or validity/invalidity.  For example, if an expert submits reports on (in)validity and on (non)infringement regarding two patents, that expert may be deposed for a total of up to fourteen (14) hours; specifically, up to seven (7) hours per patent.  For experts who offer opinions on more than one patent, the party taking the deposition shall provide one week's notice of the day on which the expert will be questioned on each patent.  Questions about a specific patent will be limited to the day on which the party taking the deposition has given notice.  Questions about

1    other patents will not be allowed on that day, except to the extent that the questions relate to issues

2    on which the examiner believes in good faith the expert may be taking inconsistent positions.  An

3    expert who offers opinions on more than one patent may be questioned by a different lawyer for

4    each patent.  Each party may also take a total of seven (7) hours of expert deposition testimony of

5    each other expert.

6           6.      **Protective Order**

7           The parties will be producing confidential information requiring entry of a protective order

8    in this action.  Any confidential information produced before entry of a Protective Order is subject

9    to the Northern District of California model protective order for litigation involving patents

10   (pursuant to Patent L.R. 2-2).  The parties intend to meet and confer in good faith to reach

11   agreement on the terms of a stipulated Protective Order, and will advise the Court if they are

12   unable to resolve any disputed issues.  The parties intend to file the stipulated Protective Order

13   (with competing provisions if necessary) by the date shown in section Q (Scheduling), Exhibit A.

14          7.      **Electronic Discovery**

15          The parties will be collecting and producing relevant Electronically Stored Information

16   ("ESI").  The parties hereby certify that they have reviewed the Court's Guidelines for the

17   Discovery of Electronically Stored Information and discussed the issues listed in the Court's

18   Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information.  The

19   parties intend to meet and confer in good faith to reach agreement on the terms of a stipulated ESI

20   Order, and will advise the Court if they are unable to resolve any disputed issues.  The parties

21   intend to file the stipulated ESI Order (with competing provisions if necessary) by the date shown

22   in section Q (Scheduling), Exhibit A.

23          8.      **Discovery from Experts**

24          The parties agree that except for the deposition time limits set forth above, discovery of

25   experts is governed by Fed. R. Civ. P. 26(b)(4), except that each party shall bear the cost of its

26   own experts, notwithstanding Rule 26(b)(4)(E). The parties further agree that communications

27   between experts and counsel and any resulting work product, including, but not limited to, draft

28   reports and notes, will not be discoverable, with the exception of an expert's billing records, which

will be produced if requested by the opposing party.  Detailed descriptions of work contained in the expert's billing records may be redacted to avoid disclosure of the expert's work product or substantive communications with counsel.

9.    **Service**

The parties agree that, to the extent possible in light of the volume of the submission, all court filings, discovery, and documents to be served on opposing counsel, to the extent not served through ECF (namely, filings under seal), will be served via email, or if too voluminous, by FTP or other internet file service, on each of the other parties, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E).  The additional three-day period for service under Fed. R. Civ. P. 6(d) does not apply.

10.    **Privilege Logs/Privileged Information**

**VLSI's Proposal:**  Except as necessary to comply with Patent L.R. 3-7 (Advice of Counsel), the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of filing the complaint.  Except as necessary to comply with Patent L.R. 3-7, the parties are not required to include on their privilege logs any protected documents that reflect communications between counsel and their respective clients, or work product documents that reflect work of counsel that were created in anticipation of this litigation, even if created before the filing date of the complaint.

**Intel's Proposal:**  Except as necessary to comply with Patent L.R. 3-7 (Advice of Counsel), the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of filing the complaint.

**I.    CLASS ACTIONS**

Not applicable.

**J.    RELATED PENDING CASES**

There are currently no related pending cases.

**K.    RELIEF**

VLSI seeks a judgment that Intel has infringed and continues to infringe the Patents-in-Suit under 35 U.S.C. § 271.  VLSI further seeks damages adequate to compensate for the infringement

by Intel, including enhanced damages and attorneys' fees, together with interest and costs under 35 U.S.C. §§ 284 & 285.  VLSI additionally seeks a compulsory ongoing royalty.

Intel seeks (1) a declaratory judgment that it has not infringed the Patents-in-Suit, directly or indirectly, and that the Patents-in-Suit are invalid, (2) an order dismissing the Complaint with prejudice, and (3) an award of its attorney fees and costs pursuant to 35 U.S.C. § 285.

**L.      SETTLEMENT AND ADR**

The parties have met-and-conferred pursuant to ADR L.R. 3-5 and have stipulated to private mediation within 30 days of the Court's Markman Order.  (Dkt. No. 38.)

**M.      CONSENT TO MAGISTRATE JUDGE**

The parties decline to proceed before a magistrate judge.

**N.      OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.      NARROWING OF ISSUES**

**VLSI's Proposal:**  VLSI agrees that its infringement contentions and Intel's invalidity contentions will need to be progressively narrowed throughout the pre-trial proceedings to simplify the case for the jury.  VLSI believes this should be done in a two-phase approach, rather than Intel's three-phase approach, by eliminating Intel's proposed first phase.  VLSI's two-stage proposal is the approach taken by this Court in previous patent cases.  *See, e.g, Finjan v. Cisco*, 5:17-cv-00072-BLF, Dkt. 70, at 4 (two-phase narrowing without an equivalent to Intel's first phase).

Intel proposes a first phase in which VLSI limits the number of asserted claims in its L.R. 3-1 infringement contentions.  VLSI does not believe that it is appropriate to require that it reduce the number of asserted claims at this early stage, even before Intel is required to disclose its prior art to VLSI.  Intel does not cite to any order of this Court requiring a patent owner to limit the number of asserted claims in its L.R. 3-1 infringement contentions, or at any time before the patent owner receives the defendant's L.R. 3-3 invalidity contentions.

VLSI agrees to limit the number of claim terms one week after patent L.R. 4-1 Exchange

of Claim Terms (Intel's Phase 2).  VLSI will limit the asserted claims to no more than 10 claims per patent and no more than 56 claims total.

Thirty days after VLSI narrows its asserted claims, VLSI proposes that Intel narrow its prior art to no more than 10 combinations[1] per patent and no more than 40 combinations total.

VLSI agrees to limit the number of asserted claim terms within 30 days of the Court's issuance of its *Markman* ruling to no more than 6 claims per patent and no more than 32 claims total (Intel's Phase 3.)

Thirty days after VLSI's final narrowing, VLSI proposes that Intel limit its prior art to no more than 6 combinations per patent and no more than 20 combinations total.

These proposed limits are consistent with the Court's limits imposed in the *Finjan v. Cisco* case.  *See id*., at 4 (for a five-patent case, two stages of narrowing and similar claim/validity theory limitations—for the first stage, patent owner to limit asserted claims to 10 claims per patent and 32 claims total; defendant to limit references to 12 per patent and a total of 40; for the second and final stage, patent owner to limit asserted claims to 5 claims per patent and 16 claims total; defendant to limit references to 6 per patent and a total of 20).

To narrow discovery issues in this case, VLSI further proposes that the parties identify representative Intel accused products.  VLSI proposes that this identification be provided to the Court no later than 30 days after Intel provides its discovery under Patent L.R. 3-4.

**Intel's Proposal:**  VLSI has asserted eight patents with a combined 150 claims against Intel, accusing essentially every processor Intel manufactures and sells or has manufactured and sold in the past six years, in addition to other products and technology solutions.  Given the massive number of claims in this action, VLSI's overbroad and nonspecific allegations in the Complaint (*i.e.*, accusing "Intel Core i3, i5, and i7 microprocessors; Xeon E3, E5, and E7 microprocessors; Atom microprocessors ***and other Intel microprocessors that incorporate the infringing features*** described below"), and Intel's obligations under Patent L.R. 3-3 (service of

---

[1] The term "combination" needs to be defined to avoid future disputes.  VLSI proposes that "combination" be used in the same way the Court used the term "theory" in its Case Schedule and Order in *Finjan v. Bluecoat*, Case No. 15-cv-03295-BLF, Dkt. 41, at 4 n.3 ("A single anticipation theory is a single reference being asserted for a specific patent.  A single obviousness theory is a specific combination of references for a specific patent.  A specific combination of references for a single obviousness theory shall not be changed or revised for subsequent election of asserted prior art. . . .")

1    invalidity contentions for each asserted claim) and Patent L.R. 3-4 (*i.e.*, production of "source

2    code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient

3    to show the operation of any aspects or elements of an Accused Instrumentality" and "documents

4    sufficient to show the sales, revenue, cost, and profits for accused instrumentalities"), the burden

5    of litigation will fall disproportionately on Intel unless the parties agree to limit the scope of the

6    case in a structured manner.

7           VLSI's main argument for why it should not be required to narrow its claims in its

8    infringement contentions appears to be that it wants the benefit of seeing Intel's prior art first.

9    However, 80 claims—which is (i) more than half the number of claims in the patents-in-suit, (ii)

10   approximately the same number of claims as the Court stated was too many pre-invalidity

11   contentions in *HP v. ServiceNow*, and (iii) approximately the number to which the plaintiff agreed

12   to narrow in *Delphix v. Actifio* pre-invalidity contentions—would still leave VLSI with a very

13   ample number from which to choose after reviewing Intel's invalidity contentions.  VLSI's

14   proposal forces Intel to address a large number of patent claims in its invalidity contentions only

15   to have them dropped a short time later by VLSI.

16           Contrary to VLSI's statements, its proposal is inconsistent with the limits set by the Court

17   in the *Finjan v. Cisco* case.  In *Cisco*, the Court limited the patent owner to 32 claims total at the

18   first stage—24 claims fewer than VLSI proposes—and 16 claims total at the second stage—16

19   claims fewer than VLSI proposes.  Yet, VLSI proposes that Intel should be limited to the same

20   number of prior art references as the Court imposed in *Cisco*.  As a result, VLSI is proposing that

21   Intel should be limited to ***16 fewer*** combinations than VLSI has asserted patents in its first phase

22   and ***12 fewer*** combinations than VLSI has asserted patents in its second phase.  VLSI's proposal

23   should be rejected not only as inconsistent with the Court's past rulings, which allow for more

24   combinations than asserted patent claims, but because it would unduly limit Intel's ability to

25   mount an invalidity defense for the still-large number of claims on which VLSI would be

26   proceeding.

27           Therefore, consistent with the Court's prior rulings to narrow large patent litigations, Intel

28   proposes three phases of narrowing:

- Phase 1
  - o VLSI's L.R. 3-1 Infringement Contentions is limited to 80 claims and no more than 10 claims per patent. *See, e.g.*, *HP v. Service Now*, Case No. 5:14-cv-750-BLF, Dkt. No. 58 at 6 (expressing concern that HP's amended infringement contentions will still contain 84 claims in 8 patent case); *id.* at Dkt. 54 (ordering the parties to propose limits on asserted claims and prior art references); *id.*, Dkt. No. 61 (parties stipulating to no more than 45 claims in amended infringement contentions and no more than 3 grounds for invalidity per asserted patent claim in invalidity contentions); *Delphix v. Actifio*, 5:13-cv-4613, Dkt. No. 67 at 7 (expressing concern about the number of asserted claims where plaintiff had asserted 174); *id.*, Dkt. No. 87 at 22-23 (parties reduced asserted claims by 50% prior to service of invalidity contentions, i.e. plaintiff reduced to no more than 87 claims).

- Phase 2
  - o One week after Patent L.R. 4-1 Exchange of Claim Terms, VLSI narrows its asserted claims to no more than 10 per patent and no more than 32 total. *See, e.g.*, *Finjan v. Blue Coat*, Case No. 5:15-cv-03295, Dkt. No. 41 at 5 (in a seven patent case, plaintiff was ordered to make an initial election of 10 claims per patent and no more than 32 total after Patent L.R. 4-1 exchange); *Finjan v. Cisco*, 5:17-cv-00072-BLF, Dkt. 70 at 4 (in a five patent case, plaintiff was ordered to make an initial election of 10 claims per patent and no more than 32 total after Patent L.R. 4-1 exchange); *Finjan v. Proofpoint*, Case No. 4:13-cv-05808, Dkt. No. 98 at 2 (in an eight patent case, plaintiff was ordered to make an initial election of an average of five claims per patent and no more than 40 claims total after Patent L.R. 4-1 exchange).
  - o One month after VLSI narrows its asserted claims, Intel narrows its prior art combinations to no more than 14 combinations per patent and no more

than 50 total.[2]  *See, e.g., Blue Coat*, Case No. 5:15-cv-03295, Dkt. No. 41 at 5 (in a seven patent case, defendant ordered initially to narrow invalidity defense to no more than 14 obviousness combinations per patent and no more than 46 total); *Cisco*, 5:17-cv-00072-BLF, Dkt. 70 at 4 (in a five patent case, defendant ordered initially to narrow invalidity defense to no more than 12 obviousness combinations per patent and no more than 40 total); *Proofpoint*, Case No. 4:13-cv-05808, Dkt. No. 98 at 2 (in eight patent case, defendant was ordered to initially narrow prior art to six anticipatory references and four obviousness combination per patent).

- Phase 3
  - One month after *Markman* decision, VLSI makes its final narrowing of asserted claims to no more than five per patent and no more than 16 total. *See, e.g., Blue Coat*, Case No. 5:15-cv-03295, Dkt. No. 41 at 5 (plaintiff ordered to make final narrowing of asserted claims to no more than five per patent and no more than 16 total after claim construction order); *Cisco*, 5:17-cv-00072-BLF, Dkt. 70 at 4 (plaintiff ordered to make final narrowing of asserted claims to no more than five per patent and no more than 16 total after claim construction order); *Proofpoint*, Case No. 4:13-cv-05808, Dkt. No. 98 at 2 (plaintiff ordered to make final narrowing of asserted claims to no more than an average of three per patent and 24 total before opening expert reports).
  - One month after VLSI's final narrowing, Intel makes final narrowing of its prior art combinations to no more than 6 per patent and no more than 25 total. *See, e.g., Blue Coat*, Case No. 5:15-cv-03295, Dkt. No. 41 at 5 (defendant ordered to make final selection of invalidity theories to no more than six per patent and 20 total); *Cisco*, 5:17-cv-00072-BLF, Dkt. 70 at 4 (defendant ordered to make final selection of invalidity theories to no more

---

[2] Invalidity defenses not based on prior art under 35 U.S.C. §§ 102 and 103 (e.g., 35 U.S.C. §§ 101 and 112) will not count as a combination. Each unique combination of one or more references counts as one combination.

1    than six per patent and 20 total); *Proofpoint*, Case No. 4:13-cv-05808, Dkt.

2    No. 98 at 2 (defendant ordered to make final narrowing of prior art to no

3    more than four anticipatory references and obviousness combinations per

4    patent).

5        Intel believes it is premature to discuss representative products at this time given that it

6    does not yet even know which products will be accused.  Moreover, it is VLSI's burden to identify

7    which products it claims to be representative and why they are in fact representative.  Intel

8    therefore does not think it is appropriate to set a deadline by which the parties must agree to

9    representative products.

10   **P.    EXPEDITED TRIAL PROCEDURE**

11       The parties do not believe that this case is suitable for the Expedited Trial Procedure of

12   General Order No. 64 Attachment A.

13   **Q.    SCHEDULING**

14       The parties specifically reserve their right to request that the schedule be amended due to

15   changes occurring in the course of the case, such as amendments to the pleadings, additions of parties,

16   professional or case conflicts, or other good cause, in accordance with Fed. R. Civ. P. 16(b).  Attached

17   as Exhibit A is a table that provides the parties' respective proposed positions on scheduling.

18       **VLSI's Statement:**  VLSI's schedule up to the *Markman* hearing simply follows the local

19   patent rules.  After the *Markman* hearing, VLSI's schedule provides more than adequate time for fact

20   and expert discovery, dispositive motions, and pre-trial disclosures.  This leads to a trial in late July

21   and early August 2019, a little less than two years after the October 2, 2017, filing of this action.

22       **Intel's Statement:** Consistent with the Court's schedule in its other large patent cases, Intel

23   has proposed a trial date of March 1, 2021, with interim deadlines set accordingly.  *See, e.g.*, *Finjan,*

24   *Inc. v. Cisco Sys., Inc.* (Case No. 5:17-cv-00072) (in a five-patent case filed on January 16, 2017, the

25   Court set trial three years and five months out on June 1, 2020); *Power Integrations, Inc. v. ON*

26   *Semiconductor Corp., et al*. (Case No. 5:16-cv-06371) (in a fifteen-patent case filed on November 1,

27   2016, the Court set trial three years and one month out on December 2, 2019); *Space Data Corp. v.*

28   *Alphabet Inc. and Google LLC* (Case No. 5:16-cv-03260) (in a five-patent case filed on June 13, 2016,

1   the Court set trial three years out on June 3, 2019).  Intel's proposed schedule accounts for the large

2   number of asserted patents and claims, breadth of the accused products, and the complexity of the

3   accused technologies.  Intel also anticipates that a large number of third-party prior art related

4   depositions will be required.

5   **R.      TRIAL**

6          The parties request that the case be tried to a jury.  The parties estimate that the case can be

7   completed in approximately ten court days.

8   **S.      DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

9          The parties have filed Certifications of Interested Entities or Persons pursuant to Civil

10  Local Rule 3-16. (Dkt. No. 4 (VLSI's certification); Dkt. No. 40 (Intel's certification).)

11         VLSI Technology LLC is a subsidiary of CF VLSI Holding LLC, a privately held

12  company. No publicly held corporation owns 10% or more of the plaintiffs' stock.

13         Pursuant to Civil Local Rule 3-15, VLSI certifies that the following listed persons,

14  associations of persons, firms, partnerships, corporations (including parent corporations), or other

15  entities other than the parties themselves (i) have a financial interest of any kind in the subject

16  matter in controversy or in a party to the proceeding; or (ii) have other kind of interest that could

17  be substantially affected by the outcome of this proceeding:

18         • CF VLSI Holdings LLC

19         • Michael Stolarski

20         • NXP B.V.

21         Intel certifies that it does not have a parent corporation and no publicly-held corporation

22  owns 10% or more of its stock.

23  **T.      PROFESSIONAL CONDUCT**

24         The attorneys of record confirm that they have reviewed the Guidelines for Professional

25  Conduct for the Northern District of California.

26  **U.      OTHER MATTERS**

27         Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the

28  following additional matters:

1.     **Modification of Obligations/Deadlines in Patent Local Rules**

To the extent the parties have proposed any modifications of the obligations or deadlines in the Patent Local Rules, these issues have been raised above.

2.     **Claim Construction Discovery and Damages Discovery**

The parties believe it is premature at this time to discuss the scope and timing of claim construction discovery.  Each party reserves the right to take the deposition of the other party's expert if the other party relies upon a declaration from its expert during claim construction briefing or to support its damages position.

3.     **Format of Claim Construction Hearing**

VLSI believes the *Markman* hearing should be done term-by-term, with plaintiff going first, rebuttal by defendant, and then reply by plaintiff.  VLSI does not see a need for live testimony.  VLSI asks for a one-day hearing.

Intel believes that the parties should alternate which goes first for each term, and that the parties should proceed with argument in a "ping-pong" fashion thereafter.

4.     **How the Parties Intend To Educate the Court on the Technology**

**VLSI's Proposal:**  The parties will prepare separate, non-argumentative audiovisual tutorial presentations regarding the relevant technology to be given to the Court on the date proposed in section Q (Scheduling) before the *Markman* hearing.  If it would be helpful to the Court, the parties can provide additional tutorial information or answer the Court's questions on the parties' tutorial presentations at the beginning of the *Markman* hearing.

**Intel's Proposal:**  The parties will prepare separate, non-argumentative audiovisual tutorial presentations regarding the relevant technology to be given to the Court on the date proposed in section Q (Schedule) before the *Markman* hearing.  The parties will have a separate Technology Tutorial where each side will have two hours to educate the Court on the underlying technology, ahead of the *Markman* hearing.

5.     **Non-binding, good-faith estimate of damages**

**VLSI's Position:**  In accordance with Patent Local Rule 2-1(b)(5), VLSI provides the following non-binding, good-faith estimate of the damages.  Based on publicly available information,

1  VLSI estimates that exposed US sales of accused Intel products ranges from approximately $200

2  billion to approximately $300 billion.  Applying a reasonable royalty analysis, VLSI estimates that the

3  damages will range between $2.6 billion to $5.4 billion.   This non-binding good faith estimate of

4  damages is preliminary only.  The determination of the appropriate measure of and methodology for

5  computing damages in this case will depend on and be subject to change based on fact and expert

6  discovery in this case.

7           **Intel's Position:**  Intel does not believe that VLSI is entitled to any damages because Intel

8  has not infringed any valid patent.

9

10  Dated: December 14, 2017                    Respectfully Submitted,

11  By: */s/ Henry C. Bunsow*_____          By: */s/ Mark D. Selwyn*_____
          Henry C. Bunsow                          Mark D. Selwyn

12  Henry C. Bunsow (SBN 60707)              WILMER CUTLER PICKERING
    Denise De Mory (SBN 168076)                HALE AND DORR LLP
13  Craig Y. Allison (SBN 161175)            William F. Lee (*pro hac vice*)
    John Beynon (SBN 233581)                   william.lee@wilmerhale.com
14  Dino Hadzibegovic (SBN 267489)           Louis W. Tompros (*pro hac vice*)
    **BUNSOW DE MORY LLP**                      louis.tompros@wilmerhale.com
15  701 El Camino Real                       Dominic E. Massa (*pro hac vice*)
    Redwood City, CA  94063                     dominic.massa@wilmerhale.com
16  Telephone:  (650) 351-7248               60 State Street
    Facsimile:  (415) 426-4744               Boston, MA 02109
17  Email:  hbunsow@bdiplaw.com              Telephone: (617) 526-6000
    Email:  ddemory@bdiplaw.com              Fax: (617) 526-5000
18  Email:  callison@bdiplaw.com
    Email:  jbeynon@bdiplaw.com              WILMER CUTLER PICKERING
19  Email:                                     HALE AND DORR LLP
    dhadzibegovic@bdiplaw.com                Mark D. Selwyn (SBN 244180)
20                                             mark.selwyn@wilmerhale.com
    *Counsel for Plaintiff*                  950 Page Mill Road
21  VLSI TECHNOLOGY LLC                      Palo Alto, CA 94304
                                             Telephone: (650) 858-6000
22                                           Fax: (650) 858-6100

23                                           WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
24                                           Amanda L. Major (*pro hac vice*)
                                               amanda.major@wilmerhale.com
25                                           1801 Pennsylvania Avenue NW
                                             Washington, DC 20006
26                                           Telephone: (202) 663-6000
                                             Fax: (202) 663-6363
27
                                             *Attorneys for Defendant Intel*
28                                           *Corporation*

**Exhibit A – Proposed Case Schedule**

| DEADLINE | VLSI'S PROPOSED DATES | INTEL'S PROPOSED DATES |
|---|---|---|
| Last date to:<br>• Meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan<br>• File ADR Certification signed by parties and counsel<br>• File either Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Thursday, November 30, 2017 | Thursday, November 30, 2017 |
| Service of Initial Disclosures | Thursday, December 14, 2017 | Thursday, December 14, 2017 |
| Initial Case Management Conference | Thursday, December 21, 2017 | Thursday, December 21, 2017 |
| Disclosure of asserted claims and infringement contentions & accompanying document production under Patent L.R. 3-1, 3-2<br>(14 days after Initial Case Management Conference) | Thursday, January 4, 2018 | Thursday, January 18, 2018 |
| Proposed ESI Order and Proposed Protective Order | Friday, January 19, 2018 | Friday, December 22, 2018 |
| Deadline to serve invalidity contentions and accompanying document production under Patent L.R. 3-3, 3-4<br>(45 days after Patent L.R. 3-1, 3-2) | Monday, February 19, 2018 | Monday, March 19, 2018 |
| Parties to exchange proposed claim terms for construction under Patent L.R. 4-1<br>(14 days after Patent L.R. 3-3, 3-4) | Monday, March 5, 2018 | Monday, April 16, 2018 |
| VLSI's Initial Narrowing of Asserted Claims | Monday, March 12, 2018 | Monday, April 23, 2018 |
| Parties to agree to representative products | Wednesday, March 21, 2017 | VLSI has the burden of proposing representative products and proving that they are representative. A deadline for agreement is therefore inappropriate. |

| DEADLINE | VLSI's PROPOSED DATES | INTEL'S PROPOSED DATES |
|---|---|---|
| Parties to exchange preliminary claim constructions and extrinsic evidence under Patent L.R. 4-2 (21 days after Patent L.R. 4-1) | Monday, March 26, 2018 | Monday, May 21, 2018 |
| Plaintiff to serve damages contentions under Patent L.R. 3-8 (50 days after Patent L.R. 3-3) | Tuesday, April 10, 2018 | Tuesday, May 22, 2018 |
| Intel's Initial Election of Prior Art Combinations | Wednesday, April 11, 2018 | Wednesday, May 23, 2018 |
| Parties to file joint Claim Construction Chart and Prehearing Statement including citations to evidence (intrinsic and/or extrinsic) under Patent L.R. 4-3 (Per Pat. L.R. 4-3, not later than 60 days after service of invalidity contentions) | Friday, April 20, 2018 | Friday, June 1, 2018 |
| Defendant to serve responsive damages contentions under Patent L.R. 3-9 (30 days after Patent L.R. 3-8) | Thursday, May 10, 2018 | Thursday, July 5, 2018 |
| Deadline to complete discovery related to claim construction under Patent L.R. 4-4 (30 days after Patent L.R. 4-3) | Monday, May 21, 2018 | Monday, July 15, 2018 |
| VLSI to file opening claim construction briefs under Patent L.R. 4-5(a) (45 days after Patent L.R. 4-3) | Monday, June 4, 2018 | Monday, July 30, 2018 |
| Intel to file responsive brief and supporting evidence under Patent L.R. 4-5(b) (14 days after Patent L.R. 4-5(a)) | Monday, June 18, 2018 | Monday, August 27, 2018 |
| VLSI to file reply brief and any evidence directly rebutting the supporting evidence contained in Intel's response under Patent L.R. 4-5(c) (7 days after Patent L.R. 4-5(b)) | Monday, June 25, 2018 | Monday, September 27, 2018 |
| Submission of *Markman* tutorial | Tuesday, July 3, 2018 | Thursday, December 13, 2018 |
| Technology Tutorial | | Thursday, January 17, 2019 (subject to the Court's availability) |
| *Markman* Hearing At the Court's convenience (at least 14 days after completion of claim construction briefing) | Thursday, July 12, 2018 (subject to the convenience of the Court's calendar) | Thursday, January 31, 2019 (subject to the Court's availability) |
| Deadline to Complete Private Mediation ADR | 30 days after Markman Order | 30 days after Markman Order |

| DEADLINE | VLSI'S PROPOSED DATES | INTEL'S PROPOSED DATES |
|---|---|---|
| Deadline for substantial completion of production of non-email documents and things | | Friday, May 17, 2019 |
| Last day to exchange privilege logs | Friday, July 27, 2018 | Thursday, August 22, 2019 |
| Amendments to pleadings | Friday, August 16, 2018 | Friday, July 20, 2018 |
| VLSI's Final Narrowing of Asserted Claims | 30 days after service of Court's Claim Construction Ruling | One month after service of Court's Claim Construction Ruling |
| Deadline to Disclose any Reliance on Advice of Counsel and Production of Opinion under Patent L.R. 3-7 (30 days after Claim Construction Ruling) | 30 days after service of Court's Claim Construction Ruling | 30 days after service of Court's Claim Construction Ruling |
| Intel's Final Election of Prior Art Combinations | 30 days after VLSI's Final Narrowing of Asserted Claims | One month after VLSI's Final Narrowing of Asserted Claims |
| Deadline to Complete Fact Discovery ("close of fact discovery") | Friday, October 19, 2018 | Thursday, November 21, 2019 |
| Deadline for Opening Expert Reports by the Party with the Burden of Proof | Tuesday, November 20, 2018 | Thursday, February 7, 2020 |
| Deadline for Rebuttal Expert Reports | Friday, December 21, 2018 | Thursday, March 19, 2020 |
| Deadline for Reply Expert Reports | Friday, January 18, 2019 | Thursday, March 26, 2020 |
| Deadline to Complete Expert Discovery | Friday, February 15, 2019 | Thursday, May 7, 2020 |
| Deadline to File Dispositive Motions (Civ. L.R. 7-2(a), at least 35 days before hearing) | Thursday, March 14, 2019 (including Motions for Summary Judgment, Motions to Strike Expert Testimony, or Daubert Motions) | Thursday, June 18, 2020 (only Motions for Summary Judgment) |
| Deadline to File Responsive Dispositive Motion Briefs | | Thursday, July 9, 2020 |
| Deadline to File Reply Dispositive Motion Briefs | | Thursday, July 23, 2020 |
| Hearings on summary judgment motions (Judge Freeman's Standing Order for Civil Cases Section F, ". . . at least 90 days before trial") | Thursday, April 18, 2019 (including Motions for Summary Judgment, Motions to | Thursday, August 6, 2020 (only Motions for Summary Judgment) |

| DEADLINE | VLSI'S PROPOSED DATES | INTEL'S PROPOSED DATES |
|---|---|---|
| Strike Expert Testimony, or Daubert Motions) | | |
| Deadline to File Opening Briefs for Daubert Motions and Motions to Strike | | Thursday, October 15, 2020 |
| Deadline to File Responsive Briefs for Daubert Motions and Motions to Strike | | Thursday, October 29, 2020 |
| Deadline to File Reply Briefs for Daubert Motions and Motions to Strike | | Thursday, November 5, 2020 |
| Hearings on Daubert Motions and Motions to Strike | | Thursday, November 19, 2020 (or availability of the Court) |
| Deadline to Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) | Friday, May 31, 2019 | Wednesday, December 9, 2020 |
| Deadline to Serve Objections to Pretrial Disclosures | Friday, June 14, 2019 | Wednesday, December 23, 2020 |
| Lead counsel meet & confer re settlement, preparation of the Joint Pretrial Statement and Order, preparation and exchange of pretrial materials, and clarification and narrowing of contested issues (Standing Order Re Final Pretrial Conference—Judge Freeman) | Thursday, June 20, 2019 | Thursday, January 7, 2021 |
| Deadline to Serve Motions *in Limine* | Tuesday, June 25, 2019 | Thursday, January 14, 2021 |
| Deadline to file "Pretrial Filings" (Joint Pretrial Statement, Trial Briefs, Compiled Briefing on Motions *in Limine*, Proposed Jury Instructions, Proposed Verdict Form, Proposed *Voir Dire* Questions, Witness List and Exhibit List) (Standing Order Re Final Pretrial Conference—Judge Freeman) | Thursday, June 27, 2019 | Thursday, January 21, 2021 |
| Deadline to Serve Responses to Motions *in Limine* | Wednesday, July 3, 2019 | Thursday, January 28, 2021 |
| Final Pretrial Conference (Pretrial Standing Order Re Final Pretrial Conference—Judge Freeman, ". . . approximately 2 weeks before trial") | Thursday, July 11, 2019 (subject to the convenience of the Court's calendar) | Thursday, February 4, 2021 (or availability of the Court) |
| Trial Date | Monday, July 29, 2019 (subject to the convenience of the Court's calendar) | Monday, March 1, 2021 (or availability of the Court) |

## ATTESTATION

I hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Defendants.

Dated:  December 14, 2017

BUNSOW DE MORY LLP


By:  */s/ Henry C. Bunsow*
Henry C. Bunsow

Counsel for Plaintiff
VLSI TECHNOLOGY LLC

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

approved as the Case Management Order for this case and all parties shall comply with its

provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____        _____

The Hon. Beth Labson Freeman
UNITED STATES DISTRICT JUDGE