1
2
3
4                        UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    VLSI TECHNOLOGY LLC,
8                    Plaintiff,                    Case No. 17-cv-05671 BLF (NC)
9          v.                                      ORDER ON DISCOVERY BRIEFS AT
10   INTEL CORP.,                                  ECF 101, 103, AND 104
11                   Defendant.
12

13        On June 20 I held a hearing on two discovery issues in this patent infringement

14   case.  By way of brief background, there are eight patents asserted in this case, and six of

15   the eight are generically referred to as "circuit" patents.  As to the issues presented in ECF

16   103 and 104, the parties agreed to continue their meet and confer process.  By June 29,

17   they must file a joint discovery status update, reporting whether they have resolved the

18   disputed issues, and if not, what disputes and proposed solutions remain.  The Court will

19   schedule a further hearing if one is needed.

20        The central issue presented in ECF 101 is the sufficiency of plaintiff's infringement

21   contentions under Patent Local Rule 3-1.  Intel's production of documents under Patent

22   Local Rule 3-4 springs from the framing of the patent claims made by VLSI.  The purpose

23   behind Rule 3-1 is to require a plaintiff to crystallize its theories of the case early in the

24   litigation and to adhere to those theories once disclosed.

25        As a preliminary legal question, VLSI asserts that Intel is requiring it to "prove its

26   infringement case" before producing documents.  Intel disagrees.  The Patent Local Rules

27   do not require the patent holder to prove its claims at the outset.  Rather, the purpose of the

28   infringement contentions and the Rule 3-1(c) charts is to give reasonable notice.

Case No. 17-cv-05671 BLF (NC)

United States District Court
Northern District of California

1     The more pointed question is whether in VLSI's claim charts it has sufficiently

2  identified and charted "representative products."  As Intel argues, a plaintiff may chart a

3  representative product if it articulates "how the accused products share the same, or

4  substantially the same infringing" qualities.  *Tech. Props. Ltd. LLC v. Samsung Elecs. Co.*,

5  Case No. 12-cv-03877 VC (PSG), 114 F. Supp. 3d 842, 845 (N.D. Cal. 2015).   The Court

6  finds here that VLSI has not sufficiently explained how the products that it has charted are

7  representative of other Intel product families.  *See Bender v. Freescale Semiconductor,*

8  *Inc.*, Case No. 09-1156 PJH (MEJ), 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010).

9  This deficiency, however, is potentially curable.  VLSI is granted leave to August 6, 2018,

10  to serve amended infringement contentions and a Rule 3-1(c) chart, consistent with this

11  order.

12     **IT IS SO ORDERED.**

13

14  Dated:  June 21, 2018                                    _____

15                                                                          NATHANAEL M. COUSINS
                                                                           United States Magistrate Judge