```
1                                        PAGES 1 - 18
2                   UNITED STATES DISTRICT COURT
3                  NORTHERN DISTRICT OF CALIFORNIA
4            BEFORE THE HONORABLE NATHANAEL M. COUSINS
5    VLSI TECHNOLOGY, LLC,          )
                                    )
6              PLAINTIFF,           )
                                    )
7       VS.                         ) NO. 17-CV-5671 BLF
                                    )
8    INTEL CORPORATION,             )
                                    ) SAN JOSE, CALIFORNIA
9              DEFENDANT.           ) WEDNESDAY
                                    ) FEBRUARY 6, 2019
10   _____)
11
12     **TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**
13              **RECORDING  1:04 P.M. - 1:24 P.M.**
14   **APPEARANCES:**
15   **FOR PLAINTIFF**          IRELL & MANELLA LLP
                                1800 AVENUE OF THE STARS
16                              SUITE 900
                                LOS ANGELES, CA 90067
17                         BY: **AMY E. PROCTOR, ESQUIRE**
18
     **FOR DEFENDANT**          WILMER, CUTLER, PICKERING, HALE & DORR
19                              60 STATE STREET
                                BOSTON, MA 02109
20                         BY: **JOSEPH MUELLER, ESQUIRE**
21                              WILMER, CUTLER, PICKERING, HALE & DORR
                                950 PAGE MILL ROAD
22                              PALO ALTO, CALIFORNIA 94304
                           BY: **LIV L. HERRIOT, ESQUIRE**
23
24   *TRANSCRIBED BY: JOAN MARIE COLUMBINI, CSR #5435, RPR*
                  *RETIRED OFFICIAL COURT REPORTER, USDC*
25
```

```
 1  WEDNESDAY, FEBRUARY 6, 2019                           1:04 P.M.
 2                              PROCEEDINGS
 3
 4        THE CLERK:  CALLING CIVIL 17-5671, VLSI TECHNOLOGY
 5  LLC VERSUS INTEL CORPORATION.
 6        MS. PROCTOR:  AMY PROCTOR FOR THE PLAINTIFF VLSI
 7  TECHNOLOGY, FROM IRELL & MANELLA.
 8        THE COURT:  GOOD AFTERNOON.
 9        MR. MUELLER:  GOOD AFTERNOON, JOE MUELLER FROM WILMER
10  HALE ON BEHALF OF INTEL.  AND WITH ME IS LIV HERRIOT, MY
11  COLLEAGUE, AS WELL AS BRAD HUA FROM INTEL.
12        THE COURT:  GOOD AFTERNOON.  THANKS FOR BEING HERE.
13  YOU ALL MAY BE SEATED.  MR. MUELLER MAY STAY UP HERE AT THE
14  PODIUM.
15        CHECKING ON DISCOVERY, REALLY ON STATUS OF THINGS,
16  BACK IN DECEMBER WAY OF LAST YEAR, I INVITED AND GOT FROM YOU
17  PROPOSALS ABOUT A SPECIAL MASTER TO OVERSEE THE DISCOVERY
18  PROCESS, WHICH I'VE NOT RULED UPON YET, AND I'M NOT SURE IF I
19  SHOULD APPOINT A SPECIAL MASTER.  YOU HAVEN'T AGREED TO ONE,
20  WHICH DOESN'T MEAN WE CAN'T HAVE ONE, BUT IT MAKES ME A LITTLE
21  BIT LESS ENTHUSIASTIC APPOINTING ONE THAT AT LEAST ONE OF YOU
22  WILL BE OBJECTING TO, BECAUSE THE WHOLE GOAL OF THE PROCESS IS
23  TO AID THE EFFICIENCY OF YOUR LITIGATION, RATHER THAN TO CREATE
24  AN ADDITIONAL BURDEN FOR YOU TO OVERCOME.
25        SO THAT'S THE IMMEDIATE CONTEXTUAL BACK STORY TO MY
```

1  MUSINGS, BUT I WANTED TO CHECK IN WITH YOU JUST AS TO WHAT'S
2  GOING ON, IF ANYTHING, IN DISCOVERY, AND TO TOUCH BASE TO SEE
3  IF THERE'S THE SAME NEED, GREATER NEED, LESS NEED FOR SOMEONE
4  TO ASSIST YOU WITH THE DISCOVERY PROCESS, TO GET YOUR THOUGHTS
5  ON THAT.
6         SO, MS. PROCTOR, I'LL MAYBE START ON YOUR SIDE TO GET
7  AN UPDATE FROM YOUR POINT OF VIEW.
8         **MS. PROCTOR:**  SURE.  THANK YOU, YOUR HONOR.
9         SO THERE HAVE BEEN SOME EXCHANGES OF LETTER BRIEFS
10 OVER THE PAST FEW WEEKS, AND THE PARTIES HAVE BEEN WORKING
11 TOGETHER TRYING TO RESOLVE DISPUTES WITHOUT BURDENING YOUR
12 HONOR OR ANY SPECIAL MASTER WHO MIGHT BE APPOINTED, AND I THINK
13 SOME OF THOSE WE WILL BE ABLE TO RESOLVE, OTHERS MIGHT
14 EVENTUALLY NEED TO BE ADDRESSED BY SOMEONE, EITHER YOUR HONOR
15 OR A MASTER.
16        AND WE DID TALK FURTHER IN DECEMBER, LEADING UP TO
17 THE FILING, ABOUT APPOINTING A SPECIAL MASTER AND WHO WOULD BE
18 MOST QUALIFIED, AND VLSI HAD ACTUALLY PROPOSED EXCHANGING
19 ADDITIONAL CANDIDATES AND TRYING TO COME UP WITH SOME KIND OF
20 PROCESS OF ELIMINATION SO THAT THE PARTIES COULD ACTUALLY REACH
21 A MUTUALLY AGREEABLE SOLUTION HERE.  INTEL DID NOT AGREE TO ANY
22 FURTHER EXCHANGES AND DID NOT WANT TO GO DOWN THAT PATH.  SO
23 THAT'S WHAT LED US TO THE IMPASSE AND THE SUBMISSION OF THE
24 PROPOSED ORDERS.
25        SO VLSI'S POSITION IS THAT IT REMAINS -- THERE

1  REMAINS A NEED FOR A SPECIAL MASTER IN THIS CASE.  AND,
2  OBVIOUSLY, WE THINK THAT HAVING INTEL CHOOSE ANY ONE OF THE
3  THREE WE PROPOSED IS A WAY TO KIND OF BALANCE YOUR HONOR'S
4  CONCERNS ABOUT HAVING A SPECIAL MASTER THAT'S BEEN SELECTED BY
5  ONE SIDE, BECAUSE THEN IT'S BEEN EFFECTIVELY SELECTED BY BOTH
6  SIDES; AGAIN, NOT AN IDEAL CIRCUMSTANCE, BUT A GOOD COMPROMISE.
7          **THE COURT:**  AND WHAT DO YOU -- LET'S SAY FOR THE NEXT
8  SIX-MONTH TIME PERIOD, WHAT'S THE DISCOVERY THAT'S GOING TO
9  HAPPEN IN THAT TIME PERIOD?  I KNOW YOU CAN'T ANTICIPATE WHAT
10  DISCOVERY DISPUTES THERE MIGHT BE, BUT JUST STARTING WITH
11  THE -- YOU KNOW, WHAT'S GOING TO HAPPEN, AND THEN FROM THERE WE
12  CAN EXTRAPOLATE WHAT THERE MIGHT BE HELP NEEDED FOR.
13          **MS. PROCTOR:**  SO ONE, KIND OF FOUNDATIONAL, I'LL
14  POINT OUT, IS THAT AT OUR CLAIM CONSTRUCTION HEARING IN
15  DECEMBER, INTEL ACTUALLY INDICATED THAT IT INTENDS TO STAY THIS
16  CASE.
17          **THE COURT:**  TO SEEK A STAY OF THE CASE.
18          **MS. PROCTOR:**  YES, TO MOVE TO STAY.  ABSOLUTELY.  IT
19  WILL BE UP TO JUDGE FREEMAN AND YOUR HONOR TO MAKE THAT
20  DECISION.
21          **THE COURT:**  NOT UP TO ME.  IT WILL BE UP TO HER.
22          **MS. PROCTOR:**  SO IT'S OUR UNDERSTANDING THAT INTEL
23  WILL BE SEEKING THAT STAY RELATIVELY SOON.  THEY SAID THEY
24  WANTED TO WAIT FOR CERTAIN IPR PETITIONS TO BE DECIDED.  I KNOW
25  WE GOT ONE DECISION RECENTLY, AND I THINK THERE ARE MORE THAT

1  ARE COMING UP ON THEIR DEADLINE.  SO IT'S POSSIBLE THAT IF
2  INTEL DOES SEEK TO STAY THE CASE, THAT THAT WILL AT LEAST PUSH
3  THIS ISSUE DOWN THE ROAD.
4  　　　　　IN TERMS OF THE DISCOVERY WE EXPECT, THERE WILL
5  CERTAINLY BE A NUMBER OF DEPOSITIONS COMING UP.  THE PARTIES
6  HAVE BEEN WORKING TOGETHER TO SCHEDULE DEPOSITIONS THAT ARE
7  BEING NOTICED BY BOTH SIDES.  THERE'S A LOT OF DOCUMENT
8  DISCOVERY THAT'S STILL NEEDS TO GO FORWARD, AND SO A LOT OF
9  THAT, I THINK, HAS BEEN ACCOMPLISHED, BUT THERE ARE STILL SOME
10 REMAINING THINGS THAT BOTH SIDES NEED, I THINK, THAT WE'RE
11 HAVING DISCUSSIONS ABOUT.
12 　　　　　VLSI HAS SUPPLEMENTED ITS DAMAGES CONTENTIONS, AGAIN
13 IN DECEMBER PER YOUR HONOR'S ORDER, AND THEN AGAIN IN JANUARY.
14 AND WE'VE BEEN TRYING TO WORK WITH INTEL TO GET TO A POINT
15 WHERE INTEL IS SATISFIED WITH THE DISCLOSURE, BUT THOSE
16 DISCUSSIONS REMAIN ONGOING, AND I THINK INTEL AT LEAST BELIEVES
17 WE'RE AT AN IMPASSE.  SO THAT'S SOMETHING THAT MIGHT BE A
18 DISPUTE SOON.
19 　　　　　THERE HAVE BEEN SOME DISCUSSIONS ABOUT SUPPLEMENTING
20 INTERROGATORY RESPONSES.  SO I'D SAY KIND OF -- WE'RE STILL AT
21 THE POINT WHERE I THINK THERE ARE NINE OR TEN MONTHS REMAINING
22 IN FACT DISCOVERY.  SO I THINK THERE'S STILL A LOT OF DISCOVERY
23 THAT REMAINS TO BE DONE.  I'D SAY THE BIGGEST COUNTERVAILING
24 CONSIDERATION IS THE POTENTIAL FOR A STAY.
25 　　　　　**THE COURT:**  AND AS FAR AS THE DEPOSITIONS GO, ARE ANY

1  OF THOSE SCHEDULED OR JUST IN THE CONVERSATION?

2  **MS. PROCTOR:** A NUMBER ARE SCHEDULED.  I THINK

3  THERE'S ONE ACTUALLY TODAY THAT'S TAKING PLACE ON THE EAST

4  COAST AND SOME OTHER ONES THAT ARE COMING UP, AND THEN SOME

5  WHERE WE'RE STILL TRYING TO FIGURE OUT DATES AND WORK TOGETHER

6  TO REACH MUTUALLY AGREEABLE DATES.

7  **THE COURT:** AND ARE THERE ANY EXPERT DISCOVERY ISSUES

8  CONTEMPLATED IN THE NEXT SIX MONTHS?  MAYBE THAT'S A LITTLE BIT

9  OF A LATER PHASE.

10  **MS. PROCTOR:** YEAH, ONLY TO THE EXTENT THAT EXPERT

11  DISCOVERY IS RELEVANT TO THINGS LIKE DAMAGES CONTENTIONS.

12  ACTUAL EXPERT DISCOVERY IS STILL A YEAR AWAY.  SO WE'RE A LONG

13  WAYS OFF FROM ANY ACTUAL EXPERT REPORTS OR DEPOSITIONS, BUT WE

14  ARE -- VLSI IS, FOR EXAMPLE, WORKING WITH EXPERTS NOW TO TRY TO

15  PROVIDE MORE ROBUST DISCLOSURES TO INTEL IN CONNECTION WITH ITS

16  DAMAGES CONTENTIONS.

17  **THE COURT:** SO IF THIS AFTERNOON I WERE SPEAKING TO

18  ONE OF THE SPECIAL MASTER CANDIDATES, OR SOME CANDIDATE WHO WE

19  DON'T KNOW, YOU KNOW, ABSTRACT SPECIAL MASTER CANDIDATE, WHAT

20  WOULD I TELL THAT PERSON THAT HE OR SHE WOULD BE ANTICIPATING

21  DOING IN THE NEXT SIX MONTHS, BOTH AS FAR AS THE NUMBER OF

22  HOURS THAT THEY MIGHT BE ASSISTING THIS CASE, THE COMPLEXITY OF

23  WHAT THEY WILL BE DOING, KIND OF THE TASKS?  I WOULD WANT TO

24  GUIDE THEM TOWARDS KIND OF A REALITY OF WHAT THEY WERE SIGNING

25  ON TO.  WHAT'S YOUR SUGGESTION?

1        **MS. PROCTOR:** SURE.  SO I THINK, PUTTING ASIDE THE
2   ISSUE OF THE STAY --
3        **THE COURT:** YEAH.
4        **MS. PROCTOR:** -- BECAUSE OBVIOUSLY THAT WOULD CHANGE
5   EVERYTHING.
6        **THE COURT:** RIGHT.
7        **MS. PROCTOR:** BUT PUTTING THAT ASIDE, I WOULD SAY WE
8   HAVE THE ONE PENDING DISPUTE ON INTEL'S DOCUMENT PRODUCTION FOR
9   SOME OF THE PRODUCTS AT ISSUE, AND THAT RELATES TO A
10  SUFFICIENCY OF VLSI'S INFRINGEMENT CONTENTION DISPUTE.  THERE'S
11  THIS POTENTIAL DAMAGES CONTENTION DISPUTE.  SO I WOULD SAY
12  THOSE ARE TWO THAT MAY BE KIND OF IN THE SHORTER TERM THAT WILL
13  COME UP.
14       IT'S HARD TO PREDICT THE NUMBER OF HOURS.  IT DEPENDS
15  KIND OF HOW THE SPECIAL MASTER APPROACHES THINGS, BUT I WOULD
16  SAY THERE WILL NEED TO BE SOME HEARINGS ON THOSE TYPES OF
17  ISSUES, IF THAT'S HOW THE SPECIAL MASTER WANTS TO ADDRESS THEM,
18  AND THAT THERE MAY BE OTHER DISPUTES THAT COME UP, AND THERE
19  MAY BE A COUPLE OF OTHERS THAT, KIND OF LIKE I SAID, WHERE THE
20  PARTIES CAN'T REACH AGREEMENT.
21       BUT I WOULD SAY I DON'T THINK THIS IS GOING TO BE AN
22  EXTRAORDINARY -- I HOPE NOT.  LIKE I SAID, WE'RE TRYING TO WORK
23  VERY CLOSELY WITH INTEL TO REACH AGREEMENT AS MUCH AS POSSIBLE,
24  SO I DON'T THINK THIS IS GOING TO BE A SCENARIO WHERE THERE ARE
25  NONSTOP DISCOVERY DISPUTES.  BUT THERE ARE A COUPLE PENDING

```
 1   ALREADY, AND THERE MAY BE MORE IN THE NEXT SIX MONTHS.
 2              THE COURT:  ALL RIGHT.  THANK YOU.  LET ME GET
 3   INTEL'S VIEWS.
 4              MR. MUELLER:  THANK YOU, YOUR HONOR.  I'D MAYBE START
 5   WITH WHERE MS. PROCTOR LEFT OFF ON SOME OF THE POSSIBLE TYPES
 6   OF DISPUTES THAT MIGHT BE FIT FOR RESOLUTION BY A DISCOVERY
 7   MASTER.
 8              I AGREE WITH THE LIST WITH RESPECT TO DOCUMENT
 9   DISPUTES.  I HAD A COUPLE OF OTHER ONES.
10              CONTENTION INTERROGATORY RESPONSES.  YOUR HONOR HAS
11   ALREADY DEALT WITH DAMAGES CONTENTION INTERROGATORY RESPONSES,
12   AND I'LL COME BACK TO THOSE.  BUT AS MS PROCTOR MENTIONED,
13   THERE ARE ALSO SOME DISPUTES WITH RESPECT TO CONTENTION
14   INFRINGEMENT INTERROGATORY RESPONSES, AND SOME OF THOSE MAY BE
15   THE TYPES OF DISPUTES THAT WOULD BE FIT FOR A DISCOVERY MASTER.
16              AND PRIVILEGE ISSUES.  AGAIN, YOUR HONOR HAS ALREADY
17   DEALT WITH SOME PRIVILEGE ISSUES IN THE CONTEXT OF THE NXP
18   SUBPOENA, BUT THERE COULD WELL BE OTHER PRIVILEGE ISSUES THAT
19   WOULD BE SUITABLE FOR A DISCOVERY MASTER TO HANDLE.
20              I ALSO DON'T HAVE AN ESTIMATE FOR AN EXACT TIME
21   AMOUNT AT THIS POINT, BUT THAT'S A BIT OF THE FLAVOR OF TYPES
22   OF DISPUTES.
23              WITH RESPECT TO THE DISCOVERY MASTER CANDIDATES AND
24   THE CHOICE AMONG THEM, INTEL'S BASIC POSITION IS THAT A
25   DISCOVERY MASTER SHOULD HAVE EXPERIENCE WITH NORTHERN DISTRICT
```

1  OF CALIFORNIA DISCOVERY RULES, PATENT LOCAL RULES.
2           AS I MENTIONED, SOME OF THE DISPUTE WE WOULD ENVISION
3  BRINGING TO A DISCOVERY MASTER, OR AT LEAST POSSIBLY BRINGING
4  TO DISCOVERY MASTER, INVOLVE CONTENTIONS UNDER THE LOCAL RULES,
5  AND WE THINK IT'S VERY IMPORTANT THAT ANY DISCOVERY MASTER HAVE
6  AS MUCH EXPERIENCE AS POSSIBLE IN APPLYING THOSE RULES IN
7  ACTUAL CASES.
8           OUR TWO CANDIDATES BOTH HAVE THAT EXPERIENCE.  JUDGE
9  WALKER AND THOMAS DENVER BOTH HAVE SERVED AS DISCOVERY MASTERS
10 IN THIS DISTRICT.  ACTUALLY JUDGE -- MR. DENVER SERVED AS A
11 DISCOVERY MASTER FOR JUDGE FREEMAN IN A PATENT CASE.  SO THEY
12 HAVE EXPERIENCE WITH DISCOVERY PROCEDURES, INCLUDING PATENT
13 CASES IN THIS DISTRICT.
14          THE PARTIES HAD A DISPUTE ABOUT THERE ARE OTHER
15 REASONS FOR NOT APPOINTING EITHER OF THOSE TWO CANDIDATES.  I'M
16 HAPPY TO GET INTO THOSE IF YOU LIKE, BUT I THINK SUFFICE IT TO
17 SAY, WE DISAGREE THERE ARE ANY CONFLICTS OR OTHER REASONS NOT
18 TO APPOINT THEM.
19          OUR BASIC POSITION IS THAT A -- THE BEST DISCOVERY
20 MASTER WOULD BE SOMEONE, WHETHER IT'S THOSE TWO PEOPLE OR
21 SOMEONE ELSE, WITH NORTHERN DISTRICT OF CALIFORNIA EXPERIENCE.
22 AND THAT'S OUR BASIC OBJECTION TO VLSI'S CANDIDATES, IS THAT
23 THEY'RE NOT FROM THE DISTRICT.  THEY DON'T HAVE THAT
24 EXPERIENCE.
25          SO I THINK IT'S FAIR TO SAY IF WE COULD REACH COMMON

1  GROUND ON ONE OF THE TWO CANDIDATES THAT WE'VE OFFERED, OR
2  SOMEONE ELSE FROM THE NORTHERN DISTRICT, A DISCOVERY MASTER MAY
3  WELL BE A GREAT THING FOR THE CASE.  IF NOT, I THINK WE WOULD
4  PREFER THAT YOUR HONOR, GIVEN YOUR OWN EXPERIENCE WITH NORTHERN
5  DISTRICT OF CALIFORNIA RULES AND PROCEDURES, CONTINUE TO
6  SUPERVISE THE DISPUTES IF WE COULDN'T REACH AGREEMENT ON
7  SOMEONE WITH THAT TYPE OF EXPERIENCE.
8          **THE COURT:**  AND AS TO THE POSSIBILITY OF A STAY, HOW
9  DOES THAT INFLUENCE YOUR SUGGESTION AS TO WHICH PATH TO FOLLOW?
10         **MR. MUELLER:**  YOU KNOW, YOUR HONOR, I DON'T THINK IT
11 INFLUENCES THE TYPE OF CANDIDATE WE'D BE LOOKING FOR.  I
12 CERTAINLY AGREE IF THERE'S A DAY, IT WOULD CHANGE THE TIME AND
13 WHETHER WE NEED TO --
14         **THE COURT:**  SORRY TO INTERRUPT.  WHEN DO YOU THINK
15 THAT -- IF THERE'S GOING TO BE A MOTION TO STAY, WHAT'S THE
16 TIME WINDOW?  I DON'T WANT TO DO -- YOU KNOW, DO THIS TODAY AND
17 THEN FIND OUT TOMORROW THERE'S A STAY GRANTED BECAUSE THAT'S
18 NOT VERY EFFICIENT.
19         **MR. MUELLER:**  UNDERSTOOD.  YOUR HONOR, IF I COULD
20 CONFER AFTER THE --
21         **THE COURT:**  YES, PLEASE.  CONFER NOW.
22         **MS. PROCTOR:**  I CAN JUST PROVIDE A QUICK UPDATE ON
23 THE PRIVILEGE ISSUES.  JUST SO YOU KNOW, THERE WAS A HEARING IN
24 SOUTHERN DISTRICT OF NEW YORK YESTERDAY ON ONE OF THE PRIVILEGE
25 DISPUTES, AND IT LOOKS LIKE IT WILL BE RESOLVED THERE,

1  HOPEFULLY WITHOUT ANYTHING BEING TRANSFERRED BACK TO YOUR
2  HONOR.
3           **THE COURT:**  THANK YOU.
4           **MR. MUELLER:**  SO, YOUR HONOR, ONE THING WE'VE BEEN
5  WAITING FOR, AS MS. PROCTOR ALLUDED TO, IS SOME ADDITIONAL
6  DECISIONS BY THE PTAB, AND I'M TOLD THAT SOME OF THOSE WILL BE
7  IN THE NEXT COUPLE OF WEEKS.  SO IT MAY WELL BE BY THE END OF
8  THE MONTH WE'RE ABLE TO GIVE YOU FIRM GUIDANCE AS TO WHETHER WE
9  INTEND TO SEEK A STAY BASED ON IPR DECISIONS.
10          **THE COURT:**  THANK YOU.
11          AND PUTTING ASIDE WHO THE SPECIAL MASTER IS, YOUR
12 CONCLUSION IS YOUR PREFERENCE WOULD BE TO APPOINT A SPECIAL
13 MASTER.  IS THAT ACCURATE, OR IT COULD GO EITHER WAY, 50-50?
14          **MR. MUELLER:**  I SAY YES, YOUR HONOR, BUT WITH THE
15 QUALIFICATION THAT WE DO THINK IT'S IMPORTANT THAT THAT
16 PERSON -- WHOEVER IT IS, WHETHER IT'S OUR TWO CANDIDATES OR
17 SOMEONE ELSE, BE A NORTHERN DISTRICT OF CALIFORNIA EXPERIENCED
18 PRACTITIONER OR FORMER JUDGE.  WE THINK THAT'S AN IMPORTANT
19 CREDENTIAL FOR THE TYPES OF DISPUTES THAT WOULD COME BEFORE
20 THIS PERSON.
21          **THE COURT:**  IT SOUNDS LIKE YOU ARE, IN THE WAY OF
22 COMMUNICATING THAT, OPEN TO IT BEING SOMEBODY ELSE BESIDES YOUR
23 TWO PROPOSALS IF IT MET THOSE QUALIFICATIONS OF HAVING DISTRICT
24 EXPERIENCE.
25          **MR. MUELLER:**  YES, YOUR HONOR.  YES, YOUR HONOR.

1        AND THE LAST THINGS I WOULD SAY ON THE DISCOVERY
2   MASTERS ISSUES IS THERE ARE TWO ISSUES THAT HAVE ALREADY COME
3   BEFORE YOUR HONOR THAT WE DO RESPECTFULLY SUBMIT WOULD BE BEST
4   KEPT WITH YOU FOR EFFICIENCY PURPOSES GIVEN YOU'VE ALREADY
5   WORKED ON THEM.
6        ONE IS THE DAMAGES CONTENTION BRIEFING, WHICH WE
7   EXPECT WILL BE COMING BACK TO YOUR HONOR IN AN ADDITIONAL
8   LETTER BRIEF WITHIN THE NEXT WEEK OR SO, IF NOT SOONER.  AS YOU
9   RECALL, YOU HAD ORDERED VLSI TO SUPPLEMENT THEIR DAMAGES
10  CONTENTIONS.  WE'VE RECEIVED THOSE.  WE'VE BEEN MEETING AND
11  CONFERRING WITH RESPECT TO WHAT WE BELIEVE ARE DEFICIENCIES IN
12  THE NEW VERSION, AND WE EXPECT THAT WE ARE GOING TO BE
13  SUBMITTING LETTER BRIEFING TO YOUR HONOR ON THOSE.
14       THE SECOND IS THE NXP SUBPOENA, AND YOUR HONOR HAS
15  ORDERED SUPPLEMENTAL BRIEFING WITHIN A COUPLE OF WEEKS ON THE
16  NEW PRIVILEGE LOG THAT WE'LL RECEIVE, AND SO WE'LL BE CERTAINLY
17  FOLLOWING YOUR HONOR'S ORDER.  THOSE TWO AREAS, GIVEN THAT
18  YOU'VE ALREADY ANALYZED THE ISSUES, WE THINK WOULD BE MOST
19  EFFICIENTLY ADDRESSED BY YOUR HONOR, AT LEAST WE WOULD SUBMIT
20  THAT WOULD BE THE BEST APPROACH.
21       **THE COURT:**  ALL RIGHT.  THANK YOU.
22       MS. PROCTOR, ANYTHING MORE YOU NEED?
23       **MS. PROCTOR:**  YES.  JUST IF I COULD RESPOND TO --
24  BRIEFLY TO SOME OF THE MERITS ARGUMENTS THAT WERE MADE?
25       WE, OF COURSE, DISAGREE THAT THE JUDGES -- ALL FORMER

1     JUDGES WE PROPOSED LACK THE RELEVANT EXPERIENCE TO WORK ON THIS
2     MATTER.  WE PROPOSED THREE FORMER FEDERAL JUDGES, ALL OF WHOM
3     SPECIALIZE IN PATENT, A NUMBER OF WHOM HAVE EXPERIENCE IN THIS
4     DISTRICT.
5             SO, FOR EXAMPLE, JUDGE SOFAER HAS WORKED ON A NUMBER
6     OF ARBITRATIONS IN THIS DISTRICT.  HE'S HEADQUARTERED IN PALO
7     ALTO.  AND WE UNDERSTAND FROM HIS CASE MANAGER THAT WHEN HE'S
8     WORKED ON THOSE ARBITRATIONS, IT'S VERY ROUTINE FOR HIM AND THE
9     OTHER ARBITRATORS TO ALSO DECIDE ANY DISCOVERY DISPUTES THAT
10    COME UP IN THAT CONTEXT.
11            SO -- AND I MEAN, THE OTHER JUDGES, YOU KNOW, WE'RE
12    TALKING ABOUT JUDGE FEESS WHO PRESIDED OVER HUNDREDS OF
13    INTELLECTUAL PROPERTY DISPUTES IN THE CENTRAL DISTRICT OF
14    CALIFORNIA, AND MAGISTRATE JUDGE FAULKNER, WHO HAS CONDUCTED
15    OVER 500 TRIALS, SETTLEMENT CONFERENCES, AND HEARINGS, AND
16    SPECIALIZES IN INTELLECTUAL PROPERTY LAW AND WAS WORKING IN THE
17    EASTERN DISTRICT OF TEXAS, A DISTRICT THAT ACTUALLY ADOPTED
18    LOCAL PATENT RULES MODELED AFTER THIS DISTRICT'S.
19            AND I'LL NOTE ALSO THAT THE DAMAGES CONTENTIONS ARE
20    MAYBE A GOOD EXAMPLE THAT THE LOCAL RULES IN THIS DISTRICT FOR
21    PATENT CASES WERE MODIFIED AS RECENTLY JANUARY 2017, AND SO
22    IT'S NOT CLEAR THAT EITHER OF THE CANDIDATES INTEL'S PROPOSED
23    ACTUALLY WORKED ON ANY DISCOVERY DISPUTES RELATING TO THE
24    NEWEST VERSION OF THOSE RULES.
25            AND SO WE THINK THE KEY EXPERIENCE HERE IS EXPERIENCE

1   AS A JUDICIAL OFFICER WITH FEDERAL PATENT LAW.  AND, IN FACT,
2   THE TWO PRIVILEGE ISSUES THAT HAVE COME UP HAVE BEEN BASED ON,
3   I THINK, FIFTH CIRCUIT, WHICH IS WHERE JUDGE FAULKNER SERVED,
4   AND SECOND CIRCUIT LAW, WHICH IS WHERE JUDGE SOFAER SERVED WHEN
5   HE WAS ON THE BENCH.
6            SO JUST AS YOUR HONOR HAS APPLIED, I BELIEVE, FIFTH
7   CIRCUIT LAW IN ADDRESSING THE NXP ISSUES, WE THINK THAT THESE
8   FORMER FEDERAL JUDGES ARE ALL CLEARLY QUALIFIED TO APPLY THE
9   LAW OF ANY DISTRICT THAT'S RELEVANT OR ANY CIRCUIT THAT'S
10  RELEVANT.
11           AND IN TERMS OF INTEL'S CANDIDATES, WE DO HAVE
12  SERIOUS CONCERNS ABOUT THE APPEARANCE OF BIAS.  I THINK WITH
13  JUDGE WALKER, THE FACT THAT FOR EVERY SINGLE YEAR THAT WE HAVE
14  HIS FINANCIAL DISCLOSURES, HE OWNED UP TO HALF A MILLION
15  DOLLARS IN INTEL STOCK AND THAT THAT WAS ONE OF HIS LARGEST
16  SINGLE INVESTMENTS IN ANY INDIVIDUAL COMPANY'S STOCK FOR THAT
17  ENTIRE PERIOD.  AND WE'VE ASKED INTEL FOR MORE INFORMATION
18  ABOUT THAT, AND THEY'VE RESPONDED ONLY TO SAY THAT HE HAS NO
19  FORMAL CONFLICTS.  SO WE ACTUALLY STILL DON'T KNOW WHETHER HE
20  STILL OWNS THAT STOCK.  THAT HAS NOT BEEN DETERMINED.  AND IF
21  HE DOES, THERE'S A REAL SERIOUS FINANCIAL INCENTIVE,
22  POTENTIALLY, FOR HIM.  AND EVEN IF HE DOESN'T, WHAT IT
23  EVIDENCES TO US IS HE HAS A LONG-STANDING RELATIONSHIP WITH ONE
24  OF THE PARTIES IN THIS CASE AND VIEW ON THAT PARTY.  AND IT'S A
25  SERIOUS CONCERN FOR US.

1       BUT REGARDLESS OF WHETHER IT WILL HAVE A CURRENT
2  FINANCIAL IMPACT ON HIM, WHICH WE DON'T KNOW, THERE'S AN
3  AFFINITY THAT HE HAS FOR ONE OF THE PARTIES, AND THAT EVEN THE
4  APPEARANCE OF BIAS HERE IS UNNECESSARY, BECAUSE, AS YOUR HONOR
5  HAS NOTED AT PRIOR HEARINGS, THERE ARE A NUMBER OF CANDIDATES
6  OUT THERE WHO ARE INCREDIBLY EXPERIENCED.  AND SO THERE'S JUST
7  NO REASON TO GO TO SOMEONE WHO HAS EVEN THE APPEARANCE OF BIAS
8  IN FAVOR OF ONE PARTY OR THE OTHER.
9       AND THERE ARE A COUPLE OF OTHER CONNECTIONS WE
10 MENTIONED FOR JUDGE WALKER, INCLUDING THAT MULTIPLE FORMER
11 CLERKS HAVE GONE ON TO WILMER HALE.  ONE IS CURRENTLY AT INTEL.
12 AND INTEL ACTUALLY OFFERED A FEW MONTHS AGO TO PAY FOR MORE
13 THAN HALF OF JUDGE WALKER'S FEES IF VLDI WOULD AGREE.
14      SO ALL OF THESE THINGS PUT TOGETHER ARE JUST MAKING
15 VLSI UNCOMFORTABLE WITH THE IDEA THAT JUDGE WALKER COULD REALLY
16 BE BIASED HERE, OR AT LEAST THAT HE COULD -- OR AT LEAST THAT
17 WOULD LACK THE APPEARANCE OF BIAS HERE.
18      AND IN TERMS OF THEIR OTHER PROPOSAL, MR. DENVER, HE
19 WAS IN PRIVATE PRACTICE GENERALLY, AND SO WE DON'T HAVE THE
20 SAME KIND OF KNOWLEDGE OF HIM AS JUDGE AND THE SAME KIND OF
21 ACCESS TO PUBLIC INFORMATION.  BUT WE DO KNOW THAT HE HAS
22 WORKED ON A CASE THAT INVOLVED INTEL BEFORE, AND GIVEN THAT
23 INTEL WOULD ONLY ESSENTIALLY PROPOSE THOSE TWO CANDIDATES --
24 THEY PROPOSED A THIRD, WHO YOU MAY RECALL, HAS SINCE RETIRED.
25 BUT -- SO INTEL HAS REFUSED TO PROPOSE ANYONE ELSE.

1    WE HAVE SERIOUS CONCERNS THAT WHAT INTEL IS TRYING TO
2   ACHIEVE HERE IS SOME KIND OF IMPROPER TACTICAL ADVANTAGE
3   THROUGH THE APPOINTMENT OF ONE OF THEIR PEOPLE; WHEREAS, WE
4   HAVE PROPOSED THREE FORMER FEDERAL JUDGES WHO ARE IMMINENTLY
5   QUALIFIED, AND WE SAID THAT INTEL CAN PICK FROM AMONG THEM, OR,
6   OF COURSE, YOUR HONOR CAN IF YOU HAVE A PREFERENCE.
7        **THE COURT:**  ALL RIGHT.  YOU MADE (INDISCERNIBLE)
8   ARGUMENTS.  I'M GOING TO DEFER THOSE UNTIL LATER.  BUT YOU'VE
9   REMINDED ME OF THE ARGUMENT.
10       I'M NOT GOING TO APPOINT ANYONE YET BECAUSE I'M
11  NOT -- I THINK IT'S A PRETTY CLOSE CALL, ESPECIALLY GIVEN THE
12  POTENTIAL MOTION TO STAY COMING SOON AND THE CONTINUING WORK
13  I'M DOING ON NXP AND INTEL.  I THINK IT MAKES SENSE FOR
14  CONTINUITY TO CONTINUE WORKING ON THAT NO MATTER WHAT.
15       AND ON THE OTHER DISCOVERY ISSUES, IF YOU CAN'T
16  AGREE, TO ME IT MAKES THE UTILITY OF APPOINTING SOMEONE A LOT
17  LESS.  AND YOU MIGHT WALK OUT OF HERE AND AGREE, BECAUSE YOU
18  BOTH HAVE THE -- BOTH SIDES AND COUNSEL HAVE THE ABILITY TO
19  IDENTIFY ADDITIONAL FOLKS AND AGREE.  BUT IF YOU CAN'T, THAT'S
20  AN INDICATION THAT I THINK THAT THE USEFULNESS OF THE EXERCISE
21  IS A LOT LESS AND COULD LEAD TO MORE DISPUTES.
22       YOU COULD BE FIGHTING ABOUT, YOU KNOW, EXAMPLE, IF
23  THERE'S BIAS BY YOUR SPECIAL MASTER, WELL, THEN YOU CAN HAVE A
24  WHOLE -- YOU'LL HAVE ADDITIONAL LITIGATION.  AND THE IDEA OF A
25  SPECIAL MASTER IS TO REDUCE THE BURDEN ON YOU AND ON THE COURT,

1   NOT TO INCREASE THE NUMBER OF DISPUTES.
2           SO UNDER THE PRINCIPLE FIRST DO NO HARM, I'M NOT
3   PERSUADED YET THAT IT'S A GOOD IDEA.  BUT FURTHER CONFERRING,
4   FURTHER DEMONSTRATED DISCOVERY NEEDS COULD PUT IT OVER THE LINE
5   INTO BEING EFFICIENT AND FAIR, BUT I'M NOT SENSING THAT YET, IN
6   PART BECAUSE THERE'S A POTENTIAL STAY, THE LIKELIHOOD OF
7   SIGNIFICANT DISCOVERY DISPUTES IN THE PIPELINE IS -- YOU KNOW,
8   IT COULD HAPPEN, BUT IT DOESN'T SOUND OVERWHELMING.
9           THE QUALCOMM/FTC MATTER HAS BEEN TRIED.  SOME OF THE
10  OTHER MDL DISCOVERY WHICH I WAS WORKING ON LAST YEAR IS BEHIND
11  ME NOW.  SO I MAY HAVE MORE BANDWIDTH TO ASSIST YOU GIVEN THAT
12  MATTER HAS CONCLUDED, OR AT LEAST THIS PHASE HAS CONCLUDED IN
13  THAT CASE.
14          SO, IN CONCLUSION, I'M GOING TO KEEP THE MATTER UNDER
15  SUBMISSION.  BUT IF YOU HAVE ADDITIONAL IDEAS IN YOUR
16  CONFERRING, I WELCOME YOUR FURTHER CONFERRING AND A STIPULATION
17  OR ADDITIONAL PROPOSALS FOR DIFFERENT CANDIDATES.  BUT AS OF
18  THE MOMENT, I'M NOT GRANTING A SPECIAL MASTER, EVEN THOUGH THE
19  IDEA CAME FROM ME INITIALLY, AND I'M STILL THINKING ABOUT IT.
20  THE PRINCIPLE ISSUE IS THE IDEA OF A STAY AND THE TIMING OF
21  THAT IS I'M GOING TO WAIT AND SEE A LITTLE BIT BEFORE
22  REVISITING IT.
23          SO I'M NOT GOING TO SET A FURTHER FOLLOW-UP.  YOU
24  CONTACT ME IF THERE'S SOMETHING YOU WANT TO COME IN TO DISCUSS
25  ABOUT IT OR HAVE NEW IDEAS.  I'LL BE MONITORING THE CASE, OF

1  COURSE, WATCHING FOR THE STAY ISSUES, LOOKING AT CLAIM
2  CONSTRUCTION.  AND WHEN YOU DO HAVE A CRYSTALLIZED DISCOVERY
3  DISPUTE, CONTINUE TO PRESENT IT TO ME, AND IF I LOOK AT THAT,
4  SAY I'LL BE UNABLE TO GET THIS DONE, THEN WE'LL COME BACK TO
5  THE SPECIAL MASTER ISSUE.
6          THANKS VERY MUCH FOR YOUR TIME TODAY.  GOOD TO SEE
7  YOU ALL.
8          **MR. MUELLER:**  THANK YOU VERY MUCH, YOUR HONOR.
9          **MS. PROCTOR:**  THANK YOU, YOUR HONOR.
10         **THE COURT:**  WE'RE IN RECESS.
11         (PROCEEDINGS ADJOURNED AT 1:24 P.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ jncolumbini*

JOAN MARIE COLUMBINI

FEBRUARY 14, 2019