IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
Amy E. Proctor (SBN 283845)
Dominik Slusarczyk (SBN 287084)
Leah Johannesson (SBN 305206)
Charlotte J. Wen (SBN 313572)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: aproctor@irell.com
Email: dslusarczyk@irell.com
Email: ljohannesson@irell.com
Email: cwen@irell.com

A. Matthew Ashley (SBN 198235)
Olivia Weber (SBN 319918)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: mashley@irell.com
Email: oweber@irell.com

*Counsel for Plaintiff*
VLSI TECHNOLOGY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORP., <br><br> Defendant. | Case No. 5:17-CV-05671-BLF <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED** |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff VLSI Technology LLC ("VLSI") hereby moves for the Court to determine that the following action recently filed by Defendant Intel Corporation ("Intel") is related to the present matter: *Intel Corporation v. Fortress Investment Group LLC, Fortress Credit Co. LLC, VLSI Technology LLC, and DSS Technology Management, Inc.*, Case No. 3:19-cv-06856-JSC (filed October 21, 2019) (the "Antitrust Action"). Under Civil Local Rule 3-12, two or more actions are related where:

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Here, these requirements are met.

With respect to the first factor, Intel's Antitrust Action and the present matter "substantially" overlap. The Antitrust Action alleges that VLSI and other allegedly related entities have engaged in anticompetitive conduct by bringing "meritless litigation" over allegedly "weak" patents. Declaration of A. Matthew Ashley (Ashley Decl.), Ex. 1 ¶¶ 2, 8. According to Intel, the present matter—which is currently stayed pending Intel's *inter partes* review challenging the validity of the patents at issue (Dkt. 261)—constitutes one of these supposedly meritless litigations. Ashley Decl., Ex. 1 ¶¶ 81-88. Intel's Antitrust Action further alleges that this action is part of a larger "campaign" of litigation brought against Intel by VLSI (which Intel alleges is controlled by other entity(ies) sued in the Antitrust Action) without "regard to the merits of their patents or to vindicate their patent rights." *Id.* ¶¶ 81-82. This "campaign" also allegedly includes other suits brought by VLSI against Intel that assert infringement claims against "many of the same products" accused in this action. *Id.* ¶¶ 83-85.

Accordingly, Intel's claims in the Antitrust Action hinge upon the merits of this action, and at the very least, the merits of this action bear upon the Antitrust Action. *Id.* ¶ 87. By way of non-limiting example, Intel's allegation that the present suit is part of an anticompetitive scheme to amass patents and then indiscriminately assert "meritless" infringement claims depends on (1) the circumstances under which the patents at issue in this case were acquired, (2) whether the patents

10756712                                        - 1 -

ADMIN MOTION TO DETERMINE WHETHER CASES ARE RELATED
Case No. 5:17-CV-05671-BLF

1    are valid, (3) whether Intel is infringing these patents, and (4) whether VLSI can ultimately prevail

2    on its claims and obtain relief such as damages against Intel—all of which will be the subject of

3    this action.  Moreover, the Antitrust Action specifically relies on events that allegedly occurred

4    during the course of the present litigation.  For example, Intel alleges that VLSI "suffered

5    numerous setbacks" while litigating this case, "including losing various discovery- and damages-

6    related disputes" in this Court and that these supposed "setbacks" and "losses" support its claims

7    in the Antitrust Action.  *Id.* ¶ 82.  The Antitrust Action thus involves substantially the same parties

8    as the present matter—Intel and VLSI (and entities that allegedly control it)—and the same

9    transaction or events—from VLSI's acquisition of the patents in suit, to its infringement assertions

10   against Intel in this Court, to this Court's rulings throughout the course of the litigation.

11        It follows from the above that the second factor of the relatedness test is satisfied as well.

12   If the present matter is not related by the Court to the Antitrust Action, there is not only a risk but

13   a certainty of "unduly burdensome duplication of labor and expense or conflicting results."  As

14   just one example, if VLSI prevails on its claims for patent infringement in this action, then Intel's

15   allegation in the Antitrust Action that the present suit is "meritless" would necessarily fail.  In

16   addition, if the cases are not related, then the parties will have to re-litigate decisions made by this

17   Court in front of another judge, such as the alleged "setbacks" VLSI suffered during the course of

18   this litigation and the extent to which, if at all, these supposed "setbacks" had any bearing on the

19   merits of VLSI's patent claims.  This would obviously be inefficient and would risk inconsistent

20   results.

21        In light of the above, Plaintiff moves for this Court to determine that the Antitrust Action

22   and the present matter are related.

23   Dated:  November 5, 2019           Respectfully submitted,

24                                          IRELL & MANELLA LLP

25

26

                                         By:  */s/A. Matthew Ashley*

27                                            *Counsel for Plaintiff*
                                           VLSI TECHNOLOGY LLC

28