WILMER CUTLER PICKERING
  HALE AND DORR LLP
William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Dominic E. Massa (*pro hac vice*)
dominic.massa@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (650) 858-6100

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Amanda L. Major (*pro hac vice*)
amanda.major@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Defendant Intel Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>              Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>              Defendant. | Case No. 5:17-cv-05671-BLF<br><br>**DEFENDANT INTEL CORPORATION'S OPPOSITION TO MOTION TO CONSIDER WHETHER CASES ARE RELATED**<br><br>Judge: Hon. Beth Labson Freeman |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Intel Corporation ("Intel") opposes Plaintiff VLSI Technology LLC's ("VLSI") motion for the Court to relate the present matter to *Intel Corporation v. Fortress Investment Group LLC, Fortress Credit Co. LLC, VLSI Technology LLC, and DSS Technology Management, Inc.*, Case No. 5:19-cv-06856-EJD (filed Oct. 21, 2019) (the "Antitrust Action").

Under Civil Local Rule 3-12, two or more actions are related where:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Intel agrees the Court is familiar with Intel and VLSI, and has no objection to the Court adjudicating the Antitrust Action.  However, familiarity with a subset of the parties to both litigations and one of *five* patent infringement actions VLSI has filed against Intel in the United States is insufficient to meet the requirements to relate under Civil Local Rule 3-12—especially where the at-issue conduct and the claims in the action that VLSI seeks to relate are fundamentally different from those in the present action.  Under such circumstances, it is *not* likely that there will be an unduly burdensome duplication of labor and expense or conflicting results.

The present action is focused on VLSI's allegations that Intel has committed patent infringement.  VLSI asserts that Intel infringes eight patents in connection with its manufacture and sales of semiconductor products.  During approximately 14 months of fact discovery, Magistrate Judge Cousins presided over five discovery motions relating to Intel's technical document production, the scope of accused products, VLSI's failure to comply with Patent Local Rule 3-8 requirements for damages contentions, and a request for relief from the Protective Order for purposes of enforcing a third-party subpoena.  In addition, the Court held a *Markman* hearing in December 2018 and issued its claim construction order on February 15, 2019.  On March 2, 2019, the parties jointly moved to stay the case pending *inter partes* review ("IPR") of claims in six of the eight patents VLSI asserts.  The Court granted the parties' request and stayed the case "pending the

1  last final written decision of the *inter partes* reviews instituted by the United States Patent and
2  Trademark Office regarding the patents-in-suit."  No Final Written Decision has yet issued in any of
3  those IPRs.

4  　　　　The Antitrust Action raises fundamentally different and significantly broader issues from
5  those raised in the present action.  In that action, Intel alleges that VLSI, its hedge-fund parent
6  (Fortress Investment Group LLC), another subsidiary of that parent (Fortress Credit Co. LLC
7  (together with Fortress Investment Group LLC, "Fortress")), and a Fortress-backed patent assertion
8  entity, DSS Technology Management, Inc. ("DSS"), have engaged in anticompetitive conduct
9  involving the aggregation and serial assertion of patents.  Antitrust Action, Case No. 5:19-cv-06856-
10 EJD, No. 1 at ¶¶ 1-11.  The Antitrust Action thus involves additional parties.  Further, the conduct at
11 issue in the Antitrust Action is that of VLSI, Fortress, and DSS—not Intel (as in the present action).
12 The discovery sought will therefore be different.  The legal issues are entirely distinct from the
13 patent infringement claims and defenses in the case at hand, as well:  in the Antitrust Action, Intel
14 seeks relief under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; Section 7 of the Clayton
15 Act, 15 U.S.C. § 18; and Cal. Bus. Prov. Code § 17200, *et seq*.  Resolution of the Antitrust Action
16 therefore involves different factual determinations and different legal determinations from those at
17 issue in the present matter.  *See, e.g.*, *ASUS Computer Int'l v. Interdigital, Inc.*, 2015 WL13783764,
18 at *1 (N.D. Cal. June 15, 2015) (finding cases unrelated despite some overlap in parties because
19 "cases ultimately involve different parties, different licensing agreements, and different claims" and
20 finding "the cases can proceed before different judges without being unduly burdensome because
21 there are myriad case-specific facts and issues that do not overlap, even if the cases both involve
22 similar licensing agreements, and that it is unlikely that there would be conflicting results were the
23 cases to be tried before different judges").

24 　　　　Given the divergence of issues between the present action and the Antitrust Action, the
25 second requirement for relating cases under Civil Local Rule 3-12 is not met.  VLSI's only examples
26 in support of its contention otherwise are misplaced.  ***First***, contrary to VLSI's contention, Intel's
27 antitrust claims do not hinge upon the merits outcome of the present action.  Among other things,

28

1  this case is but one of *five* patent infringement actions that VLSI has filed against Intel in the United
2  States, pursuing the Fortress-led strategy to engage in aggressive serial assertions with the objective
3  of eventually obtaining a windfall.  And even if the outcome of this action were as critical to Intel's
4  antitrust claims as VLSI asserts it is, a court adjudicating the antitrust claims would not separately
5  need to adjudicate the patent infringement claims that this Court will.  *Second*, it is not the case that
6  the parties will have to re-litigate decisions made by this Court in front of another judge because
7  Intel's complaint alleges that VLSI suffered setbacks in the present action.  As an initial matter,
8  Intel's antitrust claims also do not turn on this issue—it merely provides context for VLSI's serial
9  patent assertions.  And, in any event, this Court has never decided whether any ruling in the present
10 action was or was not a setback to VLSI's case.
11       For these reasons, Intel respectfully requests that VLSI's motion to relate the present action
12 and Intel's Antitrust Action be denied.

DATED:  November 12, 2019         WILMER CUTLER PICKERING
                                   HALE AND DORR LLP

                                   By:   */s/ Mark D. Selwyn*
                                         Mark D. Selwyn

                                   *Attorneys for Defendant Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on November 12, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

DATED: November 12, 2019          By:   */s/ Mark D. Selwyn*
                                        Mark D. Selwyn