WILMER CUTLER PICKERING
 HALE AND DORR LLP
William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Dominic E. Massa (*pro hac vice*)
dominic.massa@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Amanda L. Major (*pro hac vice*)
amanda.major@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Fax: (650) 858-6100

*Attorneys for Defendant Intel Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| VLSI TECHNOLOGY, LLC,<br><br>                   Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>                   Defendant. | Case No. 5:17-cv-05671-BLF<br><br>**INTEL CORPORATION'S ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |

In accordance with Civil Local Rule 7-11, Intel Corporation ("Intel") submits this motion for an order granting relief under Paragraphs 16, 18, and 43 of the Protective Order in this litigation.

Intel and Apple Inc. ("Apple") filed suit against various defendants, including VLSI Technology, LLC ("VLSI"), on November 20, 2019 in *Intel Corp. v. Fortress Investment Group et al.*, 3:19-cv-07651-EMC (N.D. Cal.) ("Antitrust Litigation"). On August 4, 2020, Apple and Intel filed an amended complaint. In their complaint and amended complaint, Apple and Intel are challenging the defendants', including VLSI's, anticompetitive scheme of acquiring substitute and complementary patents in particular markets relating to electronic devices and components or software therein and processes used to manufacture them, and then using their aggregated portfolio to obtain patent royalties greatly exceeding the value of the alleged inventive contributions of and competitive prices for the patents. Apple and Intel have alleged in the Antitrust Litigation that the '303 and '014 patents asserted in this litigation are those that have been aggregated anticompetitively.

On January 6, 2021, the district court dismissed Apple and Intel's amended complaint and noted that Apple and Intel "could have . . . asked the courts presiding over the VLSI infringement suits against Intel for relief from the protective order so that they could make a filing under seal in this case" in order to provide evidence to support these allegations, including about how much VLSI "paid to acquire" patents at issue in the markets. 3:19-cv-07651-EMC, ECF No. 230 at 26 n.9. The district court further noted "shortcomings" it perceived in Apple and Intel's allegations about how the defendants are alleged to have "extracted supracompetitive royalties," including that (1) the amended complaint "provided no information about, *e.g.*, what these companies [which licensed specified patents from Uniloc] paid as part of their settlements with Uniloc," (2) there are no allegations regarding whether the patents identified in the amended complaint "represent the 'crown jewels' of the field or just a small portion of a large field of substitutes," and (3) Apple and Intel "failed to make allegations tying the pricing differential to aggregation of the patents at issue" in the amended complaint. *Id.* at 23-27. The district court granted Apple and Intel leave to file a second amended complaint within 30 days, i.e., by February 5, 2021.

Apple and Intel intend to overcome these perceived shortcomings in a second amended complaint. To support the allegations in that complaint, Intel seeks Court authorization under Paragraphs 16, 17 and 43 of the protective order (Dkt. No. 107) in the instant action to file under seal in the Antitrust Litigation (1) information describing the historical prices VLSI paid for the '303 and '014 patents, such as the purchase price of any patent portfolio encompassing the '303 and/or the '014 patents, and (2) information describing the damages demands and royalty estimates regarding the value or significance of the '303 and '014 patents that VLSI has put forth in this litigation. In particular, Intel requests permission to (1) share on an Outside Counsel Eyes Only basis the following information and documents with counsel for Apple and Intel in the Antitrust Litigation and (2) for counsel for Apple and Intel in the Antitrust Litigation to file under seal in the Antitrust Litigation portions of the following documents and the information contained in them:

- The cost to acquire each of the '303 and '014 patents (derived from a patent-sale agreement between NXP and VLSI, and an amendment to that agreement, which VLSI has designated OUTSIDE COUNSEL EYES ONLY);

- VLSI's approximate royalty estimates for the '303 and '014 patents (included in VLSI's January 14, 2019 Second Supplemental Damages Contentions, which VLSI has designated as Confidential to VLSI).

*Intel's Request for Relief from the Protective Order Should Be Granted*

The Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). When evaluating whether to grant relief from a protective order, the court considers "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). Next, the court considers the reliance interest of the party opposed to the relief; however, where a blanket protective order is at issue, "any legitimate interest … can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order.'" *Id*. at 1133. Applying this framework, Intel's limited request should be granted.

***First***, the limited information sought is relevant to Intel's allegations that aggregation of patents by VLSI and other of the Antitrust Litigation defendants in patent markets has reduced competition and resulted in supracompetitive royalties. In particular, this information is relevant to showing that following VLSI's acquisition of the '303 and '014 patents, it has sought supracompetitive royalties, which Intel alleges are a result of the anticompetitive conduct at issue in the Antitrust Litigation. Indeed, the court's order in the Antitrust Litigation makes clear that Apple and Intel should seek leave to include such information in an amended complaint. *See* 3:19-cv-07651-EMC, ECF No. 230 at 26 n.9. Accordingly, disclosure of these documents would be consistent with Ninth Circuit precedent favoring disclosure to meet the needs of parties in pending litigation. *See Beckman*, 966 F.2d at 476; *Foltz*, 331 F.3d at 1131; *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 204-206 (N.D. Cal. 2009) (allowing the plaintiff to use confidential material produced by the defendant to pursue claims against the defendant in state court).

***Second***, VLSI's confidentiality interests in the documents will be maintained by restricting access to outside counsel in the Antitrust Litigation subject to the terms of the Protective Order in this litigation and filing the confidential portions of Apple and Intel's second amended complaint under seal. Purchase price and settlement amounts are considered trade secret information. *See, e.g., Elec. Arts, Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of licensing agreement constituted trade secret); *Powertech Tec., Inc., v. Tessera, Inc.*, No. C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license agreement). In the Antitrust Litigation, the court has previously granted sealing requests relating to information about Intel's license and/or patent purchase agreements with third parties and information about negotiations between either Intel or Apple and one or more defendants or non-parties contained in the original and amended complaints. *See, e.g.*, 3:19-cv-07651-EMC, ECF No. 54 at 1; *id.*, ECF No. 193 at 1; *id.*, ECF No. 215 at 1. That court has also previously sealed information about damages demands that a defendant in the Antitrust Litigation regards as confidential. *See* 3:19-cv-07651-EMC, ECF No. 193 at 1. Moreover, the January 6, 2021 ruling in the Antitrust Litigation specifically notes that Apple and Intel could seek relief from the protective order in other litigations

1  "so that they [Apple and Intel] could make a filing under seal in this case," i.e., the Antitrust
2  Litigation.  3:19-cv-07651-EMC, ECF No. 230 at 26 n.9.
3        The Court should grant relief from the Protective Order to allow Intel to include (under seal)
4  the information described above in their second amended complaint in the Antitrust Litigation.  Intel
5  respectfully requests that the Court do so by January 29, 2021, in advance of the February 5, 2021
6  deadline for filing a second amended complaint in the Antitrust Litigation.
7        Intel first contacted VLSI to request its agreement to this request on January 14 but was
8  unable to obtain the agreement of VLSI.  Declaration of Mark D. Selwyn, ¶ 2.  Intel and VLSI met
9  and conferred on January 22, 2021 and were unable to reach agreement.  *Id.*, ¶ 3.

DATED: January 22, 2021        Respectfully submitted,

                 WILMER CUTLER PICKERING
                  HALE AND DORR LLP

                 */s/ Mark D. Selwyn*
                 Mark D. Selwyn (SBN 244180)
                  mark.selwyn@wilmerhale.com
                 2600 El Camino Real, Suite 400
                 Palo Alto, CA 94306
                 Telephone: (650) 858-6000
                 Fax: (650) 858-6100

                 *Attorneys for Defendant Intel Corporation*

4

Case No. 5:17-cv-05671-BLF               Intel Corporation's Administrative Motion

# CERTIFICATE OF SERVICE

On this 22nd day of January 2021, I hereby certify that I caused the foregoing document entitled Intel Corporation's Administrative Motion for Relief from Protective Order to be filed via the court's CM/ECF system, which shall send notice to the counsel of record for the parties.

DATED: January 22, 2021

WILMER CUTLER PICKERING
 HALE AND DORR LLP

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
 mark.selwyn@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Fax: (650) 858-6100

*Attorneys for Defendant Intel Corporation*