**IRELL & MANELLA LLP**
Morgan Chu (SBN 70446)
Benjamin Hattenbach (SBN 186455)
Christopher T. Abernethy (SBN 275986)
Amy E. Proctor (SBN 283845)
Dominik Slusarczyk (SBN 287084)
Charlotte J. Wen (SBN 313572)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: cabernethy@irell.com
Email: aproctor@irell.com
Email: dslusarczyk@irell.com
Email: cwen@irell.com

A. Matthew Ashley (SBN 198235)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: mashley@irell.com

Counsel for Plaintiff
VLSI TECHNOLOGY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTEL CORP.,<br><br>　　　　Defendant. | Case No. 5:17-CV-05671-BLF<br><br>**VLSI TECHNOLOGY LLC'S OPPOSITION TO ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |

VLSI Technology LLC ("VLSI") opposes Intel Corp.'s ("Intel") Administrative Motion For Relief From Protective Order. Intel stipulated that confidential VLSI material produced in this litigation under the Protective Order would not be used for any purpose other than this action. Dkt. No. 107 ¶ 43. Now Intel seeks to rescind its own stipulation so that it can use VLSI's protected information to shore up a hopelessly deficient antitrust complaint that already has failed twice and simultaneously circumvent a discovery stay in that matter. Intel's motion is both substantively and procedurally improper and fails to demonstrate good cause. Moreover, its motion makes clear that Intel is already violating the Protective Order by using VLSI's protected information for the benefit of a third party to this action (Apple). Intel's motion should be denied.

## I.  FACTUAL BACKGROUND

Intel filed its first antitrust complaint against VLSI and others more than fifteen months ago. *Intel Corp. v. Fortress Investment Group, et al.*, Case No. 519-cv-06856-EJD (N.D. Cal., Oct. 21, 2019). Shortly thereafter, VLSI filed a related-case motion with the Court noting that Intel's antitrust claims were predicated on the assertion that the present lawsuit was a sham, a theory that Intel has since disavowed. Intel opposed this motion, asserting that (1) "[r]esolution of the Antitrust Action . . . involves different factual determinations and different legal determinations from those at issue in the present matter," (2) includes "additional parties," and (3) "[t]he discovery sought" in both actions would "be different." Dkt. No. 269 at 2:10-23. The Court held that the cases were not related. Dkt. No. 270.

Intel then voluntarily dismissed its first antitrust complaint and refiled a new antitrust action—this time adding Apple, Inc. ("Apple") as a co-plaintiff (also represented by WilmerHale). *Intel Corp.et al. v. Fortress Investment Group, et al.,* Case No. 5:19-cv-07651-EMC, Dkt. No. 1 (N.D. Cal., Nov. 20, 2019) (herein the "Antitrust Action"). The defendants in the Antitrust Action moved to dismiss, *id.,* Dkt. No. 111, and stay discovery, *id.,* Dkt. No. 113. The Court entered a stay on March 25, 2020, which remains in effect, *id.,* Dkt. No. 158. On July 7, 2020, Judge Chen dismissed Intel and Apple's antitrust complaint for failure to state a claim. *Id.,* Dkt. No. 187.

Despite having previously claimed that this case was unrelated to the First Antitrust Action, on July 28, 2020, Intel requested permission from VLSI to include information that VLSI

had produced under Protective Order in this case (and others) in Intel and Apple's upcoming amended antitrust complaint.  Decl. of Michael Harbour (Harbour Decl.) ¶ 3.  This information related to VLSI's damages analysis and the financial terms by which VLSI had acquired the patents it asserted against Intel.  *Id.*  Because Intel had agreed that the materials produced in the patent litigations could not be used for any other purpose, VLSI declined Intel's request on August 1, 2020 (six months ago).  *Id.*; *see also* Dkt. No. 107 ¶ 43 ("[A]ll Designated Material and all information derived therefrom ***must be used by the Receiving Party only for purposes of this litigation and must not be used in any other way whatsoever***.") (emphasis added).

       Rather than pursue the relief it now seeks, Intel chose to use VLSI's response as an attempt to excuse Intel's failure to plead a cognizable antitrust claim.  Antitrust Action, Dkt. No. 208 at 22:9-22 (arguing that pleading rules should be "relaxed" because defendants "have taken action to keep Plaintiffs from being able to allege more specific details").  Judge Chen rejected this tactic: "The Court does not condone Plaintiffs' failure to provide this information to the Court.  Plaintiffs could have, but did not, ask[] the courts presiding over the VLSI infringement suits against Intel for relief from the protective order so that they could make a filing under seal in this case." Dkt. No. 229 at 22, n.9.  He also concluded that VLSI's damage demands in litigations have "limited probative value" in any event, *id.*, Dkt. No. 229 at 25:4, and rejected Intel and Apple's assertion that "supracompetitive pricing can be inferred if one were to compare the relatively low price that VLSI paid to acquire the patent compared to the exorbitant damages[1] VLSI has claimed for Intel's alleged infringement of [that] patent." *Id*. at 26:22-27:2 ("[E]ven assuming this is true, the differential must plausibly be attributable to the aggregation of patent substitutes acquired by Defendants," which "Plaintiffs have failed" to allege).  Judge Chen dismissed Intel and Apple's amended complaint a second time for failure to state a claim.  *Id.*

       After waiting more than a week following the dismissal order (which was in part without prejudice), Intel asked VLSI whether it would agree to a modification of the stipulated protective orders in multiple cases (including this one) so that Intel could use protected information produced

---

[1] Judge Chen's use of "exorbitant" was taken from Apple and Intel's complaint.  Antitrust Action, Dkt. No. 192 ¶ 149.

1  in those cases in the antitrust case.  Harbour Decl. ¶ 4.  VLSI asked Intel to specifically identify
2  (1) the provisions of the Protective Order that Intel sought exemption from, (2) the specific
3  information it sought to disclose by page and line number, and (3) how Intel intended to use this
4  information.  *Id*.  Intel refused to provide that information.  *Id*.

## II.   THE RELIEF INTEL SEEKS IS NOT "ADMINISTRATIVE"

Intel's motion should be denied because it is procedurally improper.  Local Rule 7-11 administrative motions are for minor "miscellaneous administrative matters, not otherwise governed by a . . . Federal or local rule."  An administrative motion is "not the appropriate vehicle" to obtain "substantive" relief.  *Hess v. Astrazeneca Pharm., L.P.*, No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006).  Modification of a protective order is substantive and "Rule 26(c) of the Federal Rules of Civil Procedure governs protective orders." *Phoenix Sols. Inc. v. Wells Fargo Bank*, 254 F.R.D. 568, 579 (N.D. Cal. 2008); *see also Bedwell v. Fish & Richardson*, 2009 WL 10671333, at *6 (S.D. Cal. June 22, 2009) ("If Plaintiff wishes to modify the current Protective Order . . . she may do so by following the procedures outlined in Federal Rule of Civil Procedure 26(c) . . . .").  Thus, if Intel wanted to seek modification of the Protective Order, it was required to proceed by a regularly noticed motion under Local Rule 7-2. Its administrative motion should be denied on this basis alone.  *See Raymat Materials, Inc. v. A & C Catalysts, Inc.*, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014) (administrative motion was improper because it sought "relief governed by the federal rules").

## III.   INTEL HAS NOT SHOWN GOOD CAUSE

Even if its motion were procedurally proper, Intel has failed to satisfy its burden to demonstrate "good cause to modify the protective order[]."  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1, 2011).  To do so, Intel must "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003).  Intel has done neither.

First, Intel has not demonstrated that the material it seeks to disclose is even relevant to the antitrust matter.  "Such relevance hinges 'on the degree of overlap in facts, parties, and issues

between the suit covered by the protective order and the collateral proceedings.'" *Foltz*, 331 F.3d at 1132. Indeed, Intel previously insisted to this Court that this matter and the antitrust action involve different parties, "entirely distinct" "legal issues," and "different factual determinations." Dkt. No. 269 at 2:4-23. Moreover, Intel does not even attempt to explain how VLSI's Damages Contentions in this matter, which have not yet been adjudicated, could possibly show that VLSI has sought, much less achieved (which is all that is relevant) "supracompetitive royalties" for its patents (Admin Mot. at 2:1-12). As Judge Chen explained in his dismissal order, "[a] litigation demand may have some nexus to reasonable royalties if rationally based, but it is still only a demand; there is no indication that anyone has paid that demand or anything close to it." Antitrust Action, Dtk. No. 229 at 25:3-6. Nor does Intel explain what this information has to do with the numerous other "shortcomings" that Judge Chen identified. Admin. Mot. at 1:18-27 (quoting Judge Chen's dismissal order).

Second, a party cannot use discovery to cure a deficient complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). And it is doubly inappropriate to do so by trying to circumvent a stay of discovery. *See Foltz*, 331 at 1132 (A party is not entitled to modify a protective order "merely to subvert limitations on discovery in another proceeding."); *Del Campo v. Am. Corrective Counseling Servs.*, No. C-01-2115JWPVT, 2007 WL 902568, at *3 (N.D. Cal. Mar. 22, 2007) ("[T]here is no basis to modify the protective order to allow use of documents" in another litigation "because discovery is closed in that case."). Yet this is what Intel is attempting to do here. Having twice failed to state an antitrust claim, it is now attempting to use discovery from this matter to try to resurrect its deficient antitrust complaint.

Finally, VLSI would suffer significant prejudice if Intel's motion is granted. Intel stipulated that any information produced in this case would be used "only for purposes of this litigation" and not "used in any other way whatsoever." Dkt. No. 107 ¶ 43. VLSI relied on this stipulation, yet now Intel is attempting to use information produced in this case in a desperate and misguided attempt to try to revive a fatally flawed (and twice dismissed) antitrust case against VLSI. *See In re Static Random Access Memory*, 2011 WL 5193479, at *5 ("[T]he court must

'weigh the countervailing reliance interest of the party opposing modification'") (quoting *Foltz*, 331 at 1133).  This is fundamentally unfair, and Intel should be bound by its stipulation.  *Nichia Corp. v. Seoul Semiconductor Co.*, No. C 06-0162 MMC, 2007 WL 2533729, at *2 (N.D. Cal. Aug. 31, 2007) (Stipulations are "not only between the parties, but also between them and the court, which the latter is bound to enforce.") (internal quotation marks omitted).

In sum, Intel asks this Court, through an improper administrative motion, to eliminate foundational terms of a Protective Order to which Intel stipulated and on which VLSI relied when agreeing to disclose its most sensitive business information.  Intel's proposed changes to that longstanding Order would open floodgates through which Intel would use VLSI's proprietary information for other cases involving other parties contrary to the explicit prohibitions based on which the information was originally provided.  None of that is appropriate, but that is not all.

## IV.   INTEL IS ALREADY IMPROPERLY USING PROTECTED INFORMATION

Intel's motion makes clear that, not only is Intel improperly seeking to alter a stipulated Protective Order after the fact, but that Intel is already violating that same Order.  In particular, Intel's motion makes it clear that Intel has already been reviewing and analyzing VLSI's confidential information produced in this case for the purposes of developing and making arguments for, and drafting an amended antitrust complaint in, a ***different case*** brought by Intel and Apple (a non-party to this action).  The Protective Order explicitly forbids Intel's counsel from using protected information for other cases or for the benefit of third parties.  Dkt. No. 107 ¶ 43 ("[A]ll Designated Material and all information derived therefrom ***must be used by the Receiving Party only for purposes of this litigation and must not be used in any other way whatsoever***.") (emphasis added); *see also id.* ¶¶ 12, 16(a) (access to designated material must be limited to "Counsel of Record" and "employee[s] in a Party's legal department" to whom "disclosure is reasonably necessary for *this* litigation") (emphasis added).  But that is exactly what Intel's counsel has been be doing and continues to do.  Intel's violations of this Court's Order should not be countenanced and should certainly not be rewarded by granting Intel's highly improper request premised on those violations.  VLSI also reserves all rights to seek relief for Intel's violations.

| | | |
|---|---|---|
| 1 | Dated: January 26, 2021 | Respectfully submitted, |
| 3 | | IRELL & MANELLA LLP |
| 6 | | By: _/s/ Michael D. Harbour_ |
| 7 | | *Counsel for Plaintiff*<br>VLSI TECHNOLOGY LLC |

OPP. TO ADMIN MOTION FOR RELIEF FROM
PROTECTIVE ORDER
Case No. 5:17-CV-05671-BLF

10908945

- 6 -