# EXHIBIT B

**Harbour, Michael**

---

**From:** Washburn, Ian
**Sent:** Thursday, January 21, 2021 4:04 PM
**To:** 'Herriot, Liv' <Liv.Herriot@wilmerhale.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com; ~Blumenfeld, Jack
<jblumenfeld@mnat.com>; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

Liv,

We disagree with your statements below.  We are available at 9:30am PT tomorrow, and will dial in to the number you
provide.

Thanks,
Ian

---

**From:** Herriot, Liv <Liv.Herriot@wilmerhale.com>
**Sent:** Thursday, January 21, 2021 10:15 AM
**To:** Washburn, Ian <IWashburn@irell.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com; ~Blumenfeld, Jack
<jblumenfeld@mnat.com>; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

Ian,

VLSI's email continues to mischaracterize Intel's and WilmerHale's actions, Judge Chen's order, and the parties'
correspondence on this issue.  As explained in my prior email, VLSI's assertion regarding any existing violation of a
protective order is baseless.  Intel and WilmerHale have at all times complied with the protective orders in the
infringement actions and will continue to do only what the protective orders, or any other orders of the court,
permit.  Intel and WilmerHale have not and will not use any designated materials from the VLSI cases for the purpose of
the Fortress action unless and until the courts permit it.

Given Judge Chen's February 5 deadline, Intel reiterates its request for a meet and confer today.  If that does not work,
we are available at 9:30am PT tomorrow, Friday, for a meet and confer.  We can use this dial-in: 800-227-6333 / 714-
6138.

Thank you,
Liv

1

**From:** Washburn, Ian <IWashburn@irell.com>
**Sent:** Wednesday, January 20, 2021 3:31 PM
**To:** Herriot, Liv <Liv.Herriot@wilmerhale.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com;
jblumenfeld@mnat.com; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

**EXTERNAL SENDER**

Liv --

The Protective Orders state that designated materials may be used by the receiving party "only for the purposes" of the infringement litigations and "must not be used in any other way whatsoever." *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966 (CFC) (CJB), Dkt. No. 96 ¶ 42 (emphasis added). To the extent that WilmerHale is reviewing and analyzing designated material for the purposes of other cases such as the Fortress action, it is in violation of this broad prohibition. WilmerHale is also not entitled to use designated information for the benefit of Apple who is not even a party to the infringement suits between VLSI and Intel. VLSI again reserves all rights accordingly.

With respect to Intel's request, it should not be difficult for Intel to identify the precise information (not just general categories) that it seeks to disclose in contravention of the Protective Orders to which it previously agreed. Moreover, your email conspicuously ignores Judge Chen's holding that VLSI's damages demands in the patent cases are of "limited probative value" in any event. Given Intel's refusal to provide basic information or explain why disclosure is warranted, VLSI opposes Intel's request to modify the Protective Orders.

As I stated in my prior email, we are available for a meet and confer any time before noon Pacific on Friday. Please let us know what times work for Intel.

Thanks,
Ian

**From:** Herriot, Liv <Liv.Herriot@wilmerhale.com>
**Sent:** Tuesday, January 19, 2021 7:20 PM
**To:** Washburn, Ian <IWashburn@irell.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com; ~Blumenfeld, Jack
<jblumenfeld@mnat.com>; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

Ian —

VLSI's below email mischaracterizes Intel's actions, Judge Chen's order, and the parties' correspondence on this issue.

First, VLSI's assertion regarding any existing violation of a protective order is baseless. Intel has at all times complied with the protective orders in the infringement actions and it will continue to do only what the protective orders, or any other orders of the court, permit. As VLSI knows, the protective orders in all the infringement actions specifically allow for use of and/or disclosure of designated information if authorized by the court. *See, e.g.*, Agreed Protective Order for Delaware action, ¶¶ 16, 17, 43.

Second, the quotes excerpted below from Judge Chen's opinion ignore the full context. For instance, VLSI below suggests that Judge Chen held (at 26:22-27:2) that the differential between the acquisition cost of a patent and exorbitant damages claimed for the same patent has no relevance to Plaintiffs' claim. But even the language quoted in

VLSI's email – which does not reflect such a holding and only faults Plaintiffs' pleading for failing to allege the differential is attributable to the aggregation of patent substitutes – demonstrates that is incorrect.

Third, we have repeatedly disclosed the basis for our request, and our January 18, 2021 email expressly identifies—at VLSI's request—the specific information that Intel seeks the ability to disclose under seal.  Given this detailed description of the information, VLSI's insistence on receiving the page and line numbers (particularly of documents that do not include line numbers) is nonsensical.  Likewise, the notion that VLSI must assess whether other information should be exempted for "fairness" has no bearing on Intel's request, which is a request for authorization for *Intel* to submit certain information to another court under seal.

We have attached a joint letter to request a hearing to resolve this dispute in Delaware.  Given the impending deadline in the Fortress case, we request consent to file by tomorrow.  We can make ourselves available at any time this evening or tomorrow morning to complete a telephonic meet-and-confer.

Thank you,
Liv

---

**From:** Washburn, Ian <IWashburn@irell.com>
**Sent:** Monday, January 18, 2021 9:16 PM
**To:** Herriot, Liv <Liv.Herriot@wilmerhale.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com; jblumenfeld@mnat.com; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

**EXTERNAL SENDER**

Liv –

Your email fails to address our questions and is also highly inaccurate.  As set forth below, VLSI never "urged" Intel to seek exemption from the Protective Orders, nor did Judge Chen "deem" the information that Intel is seeking to disclose as "relevant" to the *Fortress* action.  Moreover, it appears that Intel is already in violation of the Protective Orders to the extent that it is using protected information provided by VLSI in the infringement cases to prepare an amended antitrust complaint.  Please note that VLSI does not waive any rights under these Protective Orders including the right to seek any available relief for Intel's violations.  Please also note that, given Intel's failure to provide answers to the questions in my January 15, 2021 email, VLSI will oppose any motion by Intel for relief from these Protective Orders.  In addition, please give the Courts notice that VLSI will oppose the relief that Intel seeks, and please include a copy of this email with any motion(s) that Intel files.

Roughly five months ago, after Intel's first complaint in the *Fortress* antitrust action was dismissed for failure to state a plausible claim for relief, Intel requested VLSI's permission to use highly confidential material produced under Protective Orders in the *VLSI v. Intel* litigations.  Intel stated that it wanted to use this information against VLSI in an amended antitrust complaint in the *Fortress* litigation, which is directly contrary to the terms of the agreed-upon Protective Orders.  VLSI denied Intel's request on August 1, 2020.  Intel did not seek relief at that time.  Instead, Intel filed an Amended Complaint and tried to justify its inability to state a claim for relief as because of VLSI's refusal of Intel's request.  Intel's tactic failed.  Judge Chen dismissed Intel's amended complaint again for failure to state a plausible claim for relief.  In doing so, Judge Chen never "deemed" the information "relevant" to Intel's antitrust claims.  On the contrary, to the extent that Intel is seeking to compare the price that VLSI paid for the patents identified in your email below to VLSI's damages demands in the infringement actions, Judge Chen stated that such demands have "limited probative value."  Dkt. 229 (Fortress 2nd MTD Order) at 25:4.  Judge Chen also rejected Intel's assertion that "supracompetitive pricing can be inferred if one were to compare the relatively low price that VLSI paid to acquire the

'983 patent compared to the exorbitant damages VLSI has claimed for Intel's alleged infringement of the '983 patent."  *Id.* at 26:22-27:2 ("[E]ven assuming this is true, the differential must plausibly be attributable to the aggregation of patent substitutes acquired by Defendants," which "Plaintiffs have failed" to allege).  Consequently, it is not at all clear how the information that Intel is requesting is supposedly relevant to the *Fortress* antitrust action, even assuming a showing of relevancy would justify Intel's attempt to rescind its own stipulation and agreement that Protective Order material in the *VLSI v. Intel* cases can only be used in those cases and not other cases.

This is particularly true given that your email never explains why Intel is seeking to disclose the general categories of information listed in your email or how it intends to use them in the *Fortress* action.  In addition, your email fails to disclose the specific information (by page and line number) that Intel seeks to disclose in the *Fortress* action, or the specific provisions of the Protective Orders that Intel thinks should no longer be binding despite its prior agreement.  Without knowing the scope of Intel's request or its basis, VLSI cannot meaningfully consider whether this request satisfies the standard for undoing a Protective Order and using information in a way that is contrary to Intel's stipulated agreement.  Nor can VLSI fully assess whether other information – such as Intel's expert reports or other material designated confidential by Intel, Daubert motions or rulings, or additional information – should also be exempted from the Protective Order in the interest of fairness or completeness.

We are available for a meet and confer call on Friday, January 22, any time before noon Pacific.

Thanks,

Ian

---

**From:** Herriot, Liv <Liv.Herriot@wilmerhale.com>
**Sent:** Monday, January 18, 2021 11:44 AM
**To:** Washburn, Ian <IWashburn@irell.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com; ~Blumenfeld, Jack <jblumenfeld@mnat.com>; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

Ian –

Intel is not seeking to violate any protective order.  Intel is seeking relief from the protective orders in the Northern District of California, the District of Delaware and the Western District of Texas actions—at VLSI's and Judge Chen's urging—in order to include certain categories of information under seal in its Second Amended Complaint in the *Intel Corp. et al. v. Fortress et al.*, 3:19-cv-07651-EMC (N.D. Cal.) matter that Judge Chen has deemed relevant to Intel's claims.  In particular, Intel seeks to provide to the *Intel v. Fortress* court under seal:

- The cost to acquire each of the '303, '014, '331, and '633 patents (derived from Patent Purchase and Cooperation Agreement between VLSI Technology LLC, NXP B.V, Freescale Semiconductor, Inc., and SigmaTel LLC and Amendment No. 1 thereto);
- The cost to acquire each of the '357 and '983 patents (derived from Amendment No. 2 to Patent Purchase and Cooperation Agreement between VLSI Technology LLC, NXP B.V, Freescale Semiconductor, Inc., and SigmaTel LLC);
- VLSI's approximate royalty estimates for the '303 and '014 patents (included in VLSI's January 14, 2019 Second Supplemental Damages Contentions in the N.D. Cal. matter);
- Statements about the alleged value and/or significance of the '331 patent, including VLSI's damages claim (set forth in Attachments A-4 and F-5 of the expert report of Ryan Sullivan in the D. Del. matter);
- Statements about the alleged value and/or significance of the '357 patent, including VLSI's damages claim (set forth in Attachments A-7 and E-4a of the expert report of Ryan Sullivan in the -254 case);
- Statements about the alleged value and/or significance of the '983 patent, including VLSI's damages claim (set forth in Attachments A-7 and E-4a of the expert report of Ryan Sullivan in the -256 case).

The Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  When evaluating whether to grant relief from a protective order, the court considers "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  Next, the court considers the reliance interest of the party opposed to the relief; however, where a blanket protective order is at issue, "any legitimate interest … can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order."' *Id.* at 1133; *see also CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 204-206 (N.D. Cal. 2009) (allowing the plaintiff to use confidential material produced by the defendant to pursue claims against the defendant in state court).

Similarly, the Third Circuit's balancing test confirms that the protective order in *VLSI Technology LLC v. Intel Corp.*, Case No. 1:18-cv-00966 (D. Del.) should be modified for these purposes.  *See, e.g., Arnold v. Pennsylvania, Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 & 790 (3d Cir. 1994).

Given the impending deadline to submit its second amended complaint, Intel requests that VLSI provide its position by the end of the day today.  If VLSI intends to oppose, please also confirm when it is available for a meet and confer Tuesday morning.

Thank you,
Liv

---

**From:** Washburn, Ian <IWashburn@irell.com>
**Sent:** Friday, January 15, 2021 4:37 PM
**To:** Herriot, Liv <Liv.Herriot@wilmerhale.com>; #VLSI-Intel [Int] <VLSI-Intel@irell.com>
**Cc:** WH Intel-VLSI Service <WHIntel-VLSIService@wilmerhale.com>; steve.ravel@kellyhart.com; jblumenfeld@mnat.com; JTigan@MNAT.com
**Subject:** RE: VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

**EXTERNAL SENDER**

Liv,
So that we may consider this request, please identify with particularity (specifying the page and line number) the precise document(s) and portions of document(s) that Intel is seeking relief from the Protective Orders to disclose in the Fortress action, as well as each Protective Order provision Intel seeks permission to violate.  For each such requested item, please also identify why and how Intel seeks to use each item in the Fortress matter.  Finally, please provide the full basis (including any legal authority) for Intel's requested relief from the Protective Orders that would purportedly justify Intel's attempt to use protected material in another action in direct contravention of the Protective Orders (which Intel agreed to and jointly submitted to the Courts).

Thanks,
Ian

---

**From:** Herriot, Liv
**Sent:** Thursday, January 14, 2021 3:07 PM
**To:** #VLSI-Intel [Int]
**Cc:** WH Intel-VLSI Service ; steve.ravel@kellyhart.com; ~Blumenfeld, Jack ; JTigan@MNAT.com
**Subject:** VLSI v. Intel (N.D. Cal) (W.D. Tex.) (D. Del.) - Consent to disclose information in Intel v. Fortress

Counsel –

As you know, VLSI stated in its reply brief supporting its motion to dismiss Apple and Intel's amended complaint in *Intel Corp. et al. v. Fortress et al.*, 3:19-cv-07651-EMC (N.D. Cal.), that "if Intel really felt it needed that information [VLSI confidential information from the *VLSI v. Intel* litigations] to state a claim, Intel should have sought relief from the courts that issued the orders." 3:19-cv-7651-EMC, Dkt. No. 213 at 8-9.   Intel intends to seek relief from the protective orders in *VLSI Technology LLC v. Intel Corp.*, 5:17-cv-05671-BLF (N.D. Cal.), *VLSI Technology LLC v. Intel Corp.*, Case No. 1:19-cv-00977 (W.D. Tex.) and *VLSI Technology LLC v. Intel Corp.*, Case No. 1:18-cv-00966 (D. Del.) in order to include the following categories of information in its Second Amended Complaint in the *Intel Corp. et al. v. Fortress et al.*, 3:19-cv-07651-EMC (N.D. Cal.) matter:

1. The financial terms of VLSI's patent acquisitions
2. VLSI's damages claims, and
3. Statements made by VLSI or its experts in these litigations relating to the alleged value or significance of the asserted patents.

If this disclosure is permitted, we will seek to seal all portions of the Second Amended Complaint that reveal such details.

Please confirm that VLSI does not oppose these motions.  f VLSI does oppose, please let us know your availability for a meet and confer on Friday, January 15.

Thank you,
Liv


**Liv Herriot | WilmerHale**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
+1 650 858 6138 (t)
+1 650 858 6100 (f)
liv.herriot@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.