# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE EXHIBIT 9 TO INTEL'S AMENDED ANSWER UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 331, 332, 335, 336] |

Before the Court are Defendant Intel Corporation's ("Intel") (1) Administrative Motions to File Exhibit 9 to its Amended Answer Under Seal, ECF Nos. 331, 335, and (2) Administrative Motions to Consider Whether Another Party's Material Should Be Sealed, ECF Nos. 332, 336. Finjan LLC ("Finjan") submitted declarations in support of the Administrative Motions at ECF Nos. 332 and 336. *See* ECF Nos. 337, 338. All four motions pertain to a patent licensing agreement (the "Agreement") between Intel and Finjan that Intel attached as Exhibit 9 to its amended answer. *See* ECF No. 334. Intel seeks to seal portions of the Agreement that were not previously made public in a separate litigation. *See, e.g.*, ECF No. 331 at 1. Finjan seeks to have the same portions sealed. *See* ECF Nos. 337, 338. Having reviewed Intel and Finjan's submissions and applicable sealing law, the Court GRANTS the Administrative Motions.

**I.      LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

& n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might … become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Further, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the sealing motion to include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, under Civil Local Rule 79-5(f), for any document a party seeks to seal because that document has been designated as confidential by another party or non-party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" to support that the document(s) at issue are sealable. Civ. L.R. 79-5(f)(3).

## II. DISCUSSION

The Court has reviewed the sealing motions. The basis of Intel and Finjan's requests is that the portions of the Agreement sought to be sealed contain non-public information, including the types of patents licensed and the financial terms of the agreement. *See* ECF No. 331 at 1; ECF No. 335 at 1, ECF No. 337 ¶ 4; ECF No. 338 ¶ 4. Intel and Finjan assert that public disclosure of the information could negatively impact their ability to negotiate for future licenses and settlements. *See* ECF No. 331 at 1; ECF No. 335 at 1, ECF No. 337 ¶ 5; ECF No. 338 ¶ 5.

The Court finds that Intel and Finjan's requests are compelling given the sensitive financial and business information contained in the non-public portions of the Agreement. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding district court erred in denying motion to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" in a license agreement); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at **4–5 (N.D. Cal. May 31, 2012) (finding compelling reasons to seal license agreement containing "proprietary and confidential information, including provisions regarding the calculation, payment, and amount of royalties [paid] on licensed products"). Accordingly, the Court finds that Intel and Finjan have met the burden to show that the non-public portions of the Agreement at issue can be filed under seal.

## III. ORDER

According to the above reasoning, Intel's administrative motions are hereby GRANTED. The Court DIRECTS Intel to file a redacted copy of the Agreement publicly **on or before December 29, 2021**.

**IT IS SO ORDERED.**

Dated: December 22, 2021

_____
BETH LABSON FREEMAN
United States District Judge