1   Mark D. Selwyn (CA SBN 244180)
    WILMER CUTLER PICKERING
2       HALE AND DORR LLP
    2600 El Camino Real, Suite 400
3   Palo Alto, California 94306
    Telephone: (650) 858-6000
4   Facsimile: (650) 858-6100
    Mark.Selwyn@wilmerhale.com
5
    William F. Lee (*pro hac vice*)
6   Louis W. Tompros (*pro hac vice*)
    Dominic E. Massa (*pro hac vice*)
7   WILMER CUTLER PICKERING
        HALE AND DORR LLP
8   60 State Street
    Boston, MA  02109
9   Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
10  William.Lee@wilmerhale.com
    Louis.Tompros@wilmerhale.com
11  Dominic.Massa@wilmerhale.com
12

Amanda L. Major (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Amanda.Major@wilmerhale.com

David C. Marcus (CA SBN 158704)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 S. Grand Avenue, Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
David.Marcus@wilmerhale.com

*Attorneys for Defendant*
INTEL CORPORATION

13

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

16

17  VLSI TECHNOLOGY, LLC,

18                      Plaintiff,

19      v.

20  INTEL CORPORATION,

21                      Defendant.

22

Case No. 5:17-cv-05671-BLF-NC

**DECLARATION OF MARK SELWYN IN
SUPPORT OF DEFENDANT INTEL
CORPORATION'S ADMINISTRATIVE
MOTION TO FILE THE EXHIBITS
ACCOMPANYING THE DECLARATION
OF MARK SELWYN UNDER SEAL**

23

24

25

26

27

28

1    I, Mark Selwyn, do hereby declare as follows:

2    1.    I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP

3    ("WilmerHale"), counsel for Intel Corporation ("Intel") in this case.  I am licensed to practice law in

4    the State of California, the Commonwealth of Massachusetts, and the State of New York, and I am

5    admitted to practice before the U.S. District Court for the Northern District of California.

6    2.    I am familiar with the facts set forth herein, and, if called as a witness, I could and

7    would testify competently to those facts under oath.  I submit this declaration in support of Intel's

8    Administrative Motion to File the exhibits accompanying the Declaration of Mark Selwyn in

9    Support of Intel Corporation's Opposition to VLSI Technology, LLC's Motion to Amend Its

10   Infringement Contentions ("Declaration") under seal, pursuant to Civ. L.R. 7-11 and 79-5.

11   3.    Intel seeks to seal the confidential technical information attached to the Declaration.

12   On February 13, 2022, the Court issued an Order allowing the parties to submit declarations and

13   supporting materials in connection with VLSI's request for leave to amend its infringement

14   contentions.  *See* Dkt. No. 397.

15   4.    As set forth below, certain exhibits attached to the Declaration contain confidential

16   Intel technical information and source code regarding the accused features at issue in this litigation.

17   5.    Exhibits A, D, G, I, K, X, Y are letters and emails that contain Intel confidential

18   information regarding the proprietary technical operation of the products that VLSI has accused of

19   infringement.

20   6.    Exhibit J is an Intel interrogatory response that includes substantive details and source

21   code paths regarding the operation of the Intel products that VLSI has accused of infringement.

22   7.    Exhibit L is a redline that compares the cover pleading for VLSI's proposed amended

23   infringement contentions served on September 6, 2022 with the currently-operative set of amended

24   infringement contentions VLSI served on October 27, 2021, and the Court allowed on December 17,

25   2021.  *See* D.I. 333.  This exhibit also contains confidential information about Intel's licensing

26   negotiations.

27   8.    Exhibits M through V are redlines showing the changes between VLSI's October 27,

28

Case No. 5:17-cv-05671-BLF-NC          1     DECLARATION OF MARK D. SELWYN

1    2021 infringement claim charts and VLSI's September 6, 2022 proposed infringement claim charts.

2    The charts include confidential Intel information regarding the operation of the products that VLSI

3    has accused of infringement.

4         9.    Exhibit Z is the cover pleading for VLSI's proposed amended infringement

5    contentions served on January 6, 2023.  This exhibit also contains confidential information about

6    Intel's licensing negotiations.

7         10.    Exhibits ZA and ZB are redlines comparing the only two updated charts VLSI served

8    on January 6, 2023, with the versions that VLSI served on September 6, 2022.  The charts include

9    confidential Intel information regarding the operation of the products that VLSI has accused of

10   infringement.

11        11.    The Ninth Circuit has recognized that "[a] 'good cause' showing under Rule 26(c)

12   will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cty. of*

13   *Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); D.I. 257 at 1.  This is because "the public has less of

14   a need for access to court records attached only to non-dispositive motions because those documents

15   are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447

16   F.3d at 1179 (internal quotation marks omitted).

17        12.    Good cause exists here to seal the requested exhibits.  Public disclosure of Intel's

18   technical and source code information would give competitors highly sensitive information about

19   Intel's product development and design process, and would be harmful to Intel.  Courts in this

20   District have allowed parties to seal confidential technical product and source code information.

21   *Apple Inc. v. Samsung Elecs. Co., Ltd*., Case No. 11-cv-1846-LHK, 2012 WL 3283478, at *5 (N.D.

22   Cal. Aug. 9, 2012) (sealing source code and schematics), *rev'd on other grounds, Apple Inc. v.*

23   *Samsung Electronics Co., Ltd.,* 727 F.3d 1214 (Fed. Cir. 2013).  Moreover, the information Intel

24   seeks to seal is a trade secret and therefore properly sealable.  *See In re Electronic Arts*, 298 Fed.

25   App'x 568, 569-70 (9th Cir. 2008) ("A 'trade secret may consist of any formula, pattern, device or

26   compilation of information which is used in one's business, and which gives him an opportunity to

27   obtain an advantage over competitors who do not know or use it.") (quoting Restatement of Torts §

28

757, cmt. b).  Additionally, "the Court has a duty to prevent court documents from being used 'as sources of business information that might harm [Intel's] competitive standing.'"  *Apple*, 2012 WL 3283478, at *515 (quoting *In re Electronic Arts*, 298 Fed. App'x at 569).

13.    Public disclosure of Intel licensing discussions could provide competitors and potential counterparties to licensing, acquisition, and settlement agreements with an unfair insight into Intel's business strategies.  Good cause exists to seal this information.  *See, e.g.*, *Powertech Tec., Inc., v. Tessera, Inc*., No. C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license agreement); *Apple Inc. v. Samsung Elecs. Co., Ltd*., Case No. 11-cv-1846-LHK, 2012 WL 3283478, at *8 (N.D. Cal. Aug. 9, 2012) (sealing license agreements with "various third parties" because disclosure "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations"), *rev'd on other grounds, Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (finding that district court abused its discretion in refusing to seal parties' "confidential financial information" and market research reports).  The Court has previously sealed similar information.  *See* D.I. 257 at 2 (explaining that "[u]nder the 'good cause standard, courts in this district have granted motions to seal 'highly confidential and sensitive financial and other terms of licenses.'") (quoting *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*., No. 14-cv-1637-JD, 2014 WL 2758756, at *2–3 (N.D. Cal. June 17, 2014)); *see also* D.I. 339 at 3 (granting motion to seal non-public financial terms of agreement).

14.    Intel recognizes the importance of public access to court documents and has endeavored to identify as confidential only exhibits that disclose confidential information about Intel's products and business.  The requested relief is necessary and narrowly tailored to protect the confidentiality of this information.

15.    For the foregoing reasons, Intel requests that the Court allow the above identified exhibits to be filed under seal.

Case No. 5:17-cv-05671-BLF-NC                3        DECLARATION OF MARK D. SELWYN

1

2        I declare under penalty of perjury of the laws of the United States of America that the

3    foregoing is true and correct to the best of my knowledge and belief.

4

5

6        Executed on February 15, 2023.

                                                    /s/  Mark D. Selwyn
7                                                   Mark D. Selwyn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Case No. 5:17-cv-05671-BLF-NC              4      DECLARATION OF MARK D. SELWYN