UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Case No. 17-cv-05671-BLF (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO AMEND ITS PATENT INFRINGEMENT CONTENTIONS**<br><br>Re: ECF 393 |

Plaintiff VLSI Technology LLC ("VLSI") and Defendant Intel Corporation ("Intel") submitted a joint discovery letter requesting the Court's assistance in resolving whether VLSI can amend its infringement contentions. VLSI has already had the opportunity to amend its infringement contentions twice over the span of this sprawling dispute. Despite its claims that a third amended infringement statement is necessary due to the discovery of new information, VLSI not only fails to adequately describe these discoveries but also fails to expound on their diligence efforts. Additionally, Intel would be prejudiced by the requested amendment at this late stage in the discovery process. Therefore, the Court GRANTS the stipulated portion of the parties' requests, but DENIES the remaining requests.

## I.    BACKGROUND

VLSI initiated this case on October 2, 2017, alleging Intel's microprocessors

1    infringe on VLSI's patented semiconductor and microprocessor technology.  ECF 1 ¶ 9.

2    VLSI served its initial infringement contentions under Patent Local Rule 3-1 on January

3    18, 2018.  ECF 401 ("Selwyn Decl.") ¶ 3.  After a discovery dispute concerning the

4    sufficiency of this disclosure, the Court permitted VLSI to serve amended infringement

5    contentions.  *Id.* ¶ 6.  VLSI served its first amended infringement contentions on August

6    13, 2018.  *Id.* ¶ 7.

7           On March 11, 2019, the Court stayed the case pending issuance of a final written

8    decision by the Patent Trial and Appeal Board on the *inter partes* reviews ("IPR") of the

9    patents-in-suit.  ECF 261.  The stay was lifted on September 1, 2021.  ECF 290.  In a joint

10   status update, VLSI indicated its intention of "proposing targeted amendment to its

11   infringement contentions."  ECF 314 at 4.  On September 30, 2021, the parties attended a

12   case management conference.  During the conference, the Court noted the second amended

13   infringement contentions ("SAIC") "should have been filed September 1" and that VLSI

14   had already "unnecessarily delayed [Intel's] opportunity to begin considering the case by

15   not having your request to amend infringement contentions on file."  ECF 320 at 9.  The

16   Court further noted the "IPRs are intended to narrow a case, not allow it time to expand"

17   and that the Court doesn't "have much patience with an expanding case."  *Id.* at 10.

18   Nevertheless, VLSI served the SAIC on October 27, 2021.  ECF 324; Selwyn Decl. ¶ 13.

19          The parties proceeded with discovery.  On June 17, 2022, Intel provided certain

20   non-infringement positions in response to VLSI's written discovery.  Selwyn Decl. ¶ 20.

21   On September 6, 2022, VLSI served Intel with its third amended infringement contentions.

22   *Id.* ¶ 22.  However, VLSI did not move for leave to amend the SAIC until February 10,

23   2023.  ECF 393.

24   **II.   LEGAL STANDARD**

25          The Patent Local Rules were designed to streamline the technical and complex

26   patent litigation process and prompt plaintiffs to crystallize their infringement contentions

27   early in the case.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355,

28   1365–66 (Fed. Cir. 2006).  Despite these intentions, it is unrealistic for a patentee to have a

2

1    "precise sense of its infringement theory at the outset."  *Radware Ltd. v. F5 Networks, Inc.*,

2    No. 13-cv-02021 RMW, 2014 WL 3728482, at *2 (N.D. Cal. 2014).

3         Patent Local Rule 3-6 permits the amendment of infringement contentions "only by

4    order of the Court upon a timely showing of good cause."  The "good cause" standard is a

5    two-step inquiry that first considers "whether the moving party was diligent in amending

6    its contentions and then whether the non-moving party would suffer prejudice if the

7    motion to amend were granted."  *Acer, Inc. v. Tech. Properties Ltd.*, No. 08–cv–00877

8    JF(HRL), 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010).  The moving party bears

9    the burden of demonstrating good cause.  *O2 Micro*, 467 F.3d at 1366.  Overall, the good

10   cause inquiry "serves to balance the parties' rights to develop new information in discovery

11   along with the need for certainty in legal theories at the start of the case."  *Apple Inc. v.*

12   *Samsung Electronics Co.*, No. 12-cv-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal.

13   Nov. 15, 2012).  Unlike the court's lenient posture towards amending pleadings in other

14   civil matters, "the philosophy behind amending claim charts is decidedly conservative, and

15   designed to prevent the 'shifting sands' approach to claim construction."  *Verinata Health,*

16   *Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017).

## III.  DISCUSSION

18        VLSI's amendments to its SAIC fall under four categories: (1) amended

19   infringement contentions for the '836 patent, (2) addition of new products that incorporate

20   allegedly infringing technology, (3) inclusion of language pertaining to allegations of

21   infringement under the doctrine of equivalents, and (4) the addition of previously

22   dismissed claim 1 of the '672 patent.  The parties stipulated to amendments to the '836

23   patent.  ECF 393 at 3, n.1.  The Court GRANTS VLSI's request to amend with respect to

24   these amendments.  The remaining amendments are considered below.

### A.    Diligence

26        Diligence is the "critical issue" in the good cause determination.  *Sunpower Corp.*

27   *Sys. v. Sunlink Corp.*, No. 08-cv-02807 SBA, 2009 WL 1657987, at *1 (N.D. Cal. June 12,

28   2009).  "[T]he diligence required for a showing of good cause has two subparts: (1)

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   diligence in discovering the basis for amendment; and (2) diligence in seeking amendment

2   once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony*

3   *Electronics, Inc.*, No. 11-cv-02226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).

4   The crux of this diligence assessment hinges on the timing and content of VLSI's

5   motion to amend its infringement contentions.  VLSI alludes to two triggering events

6   justifying the amendments: (1) Intel's production of source code, and (2) Intel's statement

7   of non-infringement served on June 17, 2022.  To start, a "noninfringement statement, on

8   its own, generally does not warrant granting leave to amend." *Verinata*, 236 F. Supp. 3d at

9   1114.  To justify amendment, the "noninfringement contentions must typically disclose

10  new or nonpublic information. *Id.*  However, VLSI not only fails to describe the contours

11  of this new information but also doesn't provide any detail as to *why* Intel's

12  noninfringement statement necessitates the amendments.  Instead, VLSI conclusively avers

13  that the "proposed amendments are . . . rooted in new information."  ECF 393 at 2.  This is

14  insufficient as it gives the Court little foundation on which to base a finding of diligence.

15  Moreover, VLSI's allegations regarding Intel's production of source code are

16  equally unavailing.  There appear to be two sets of production relevant to VSLI's

17  amendments – one occurred in March 2022, and a subsequent production occurred

18  between September 2022 and January 2023.  The latter production purportedly consisted

19  of "11,000 source code files" comprised of millions or tens of millions of lines of source

20  code.  Despite the burdens of this production, VSLI managed to extract infringement

21  information from this morass of data to form the foundation of its amendments to the '836

22  patent.  The same cannot be said for the March 2022 production.  As above, VLSI does not

23  describe what information was gleaned from this production or how it relates to the

24  proposed amendments.  Assuming the information pertains to the amendments, VLSI

25  makes no attempt to justify the ten-month delay in filing its third amended infringement

26  contentions.  This contrasts with VLSI's analysis of the second source code production,

27  whereupon it managed to assess millions of lines of source codes and add amendments in

28  half that time.

Altogether, it is VLSI's burden to show diligence. However, despite the opportunity to explain its position in both the letter brief and supplementary briefing, VLSI has failed to provide any details on how it conducted its search for information, what they uncovered, or how it affects their existing contentions. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876 RS(JSC), 2016 WL 2855260, at *4 (N.D. Cal. May 13, 2016). Therefore, the Court finds VLSI has not been diligent in its attempt to amend its infringement contentions.

### B.    Prejudice

Even if VLSI demonstrated diligence, Intel would be prejudiced by the amendments at this stage in the litigation.  "Prejudice is typically found when the movant seeks to amend late in a case's pre-trial schedule or when amendment would disrupt a previous motion or order." *WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13-cv-04272 JST, 2014 WL 12703766, at *4 (N.D. Cal. Sept. 3, 2014).  Prejudice can also be shown when a party changes its infringement theories or requires its opponent to prepare additional defenses. *See Apple Inc. v. Samsung Electronics. Co., Ltd.*, No. 12-cv-00630 LHK, 2012 WL 5632618, at *3 (N.D. Cal. Nov. 15, 2012).

Here, VLSI's amendment comes just two weeks before the close of fact discovery. As noted in the discovery letter, Intel relied on VLSI's Second Amended Infringement Contentions from October 2021 to develop its case, including written discovery and deposition strategy.  ECF 393 at 5.  An amendment at this stage of the proceedings would necessitate extending fact discovery to permit Intel to develop evidence and conduct additional discovery on its defenses. *See Google, Inc. v. Netlist, Inc.*, No. 08-cv-4144 SBA, 2010 WL 1838693, at *3 (N.D. Cal. May 5, 2010) (finding of prejudice to Netlist because an amendment of infringement contentions would require reopening discovery).

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS VLSI's motion to amend its second amended infringement contentions based on recently produced source code for the '836 patent.  The Court DENIES VLSI's motion to amend its second amended infringement

United States District Court
Northern District of California

contentions with respect to the remaining claims.

**IT IS SO ORDERED.**

Dated:  March 6, 2023

_____

NATHANAEL M. COUSINS
United States Magistrate Judge