**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>   Defendant. | Case No.  17-cv-05671-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF No. 451] |

Before the Court is Defendant Intel Corporation's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. *See* Mot., ECF No. 451. Intel seeks relief from Judge Cousins's order denying Intel's motion to compel Plaintiff VLSI Technology LLC to supplement information it has produced about its investors. *See* Order 1, ECF No. 444. Intel contends that the information it seeks to compel is necessary for this Court and Judge Cousins to assess whether either judge would be disqualified under 28 U.S.C. § 455. VLSI has disclosed that it is wholly owned by an entity called CF VLSI Holdings LLC ("VLSI Holdings") and that entity is owned by ten investment funds, one of which is a majority owner. VLSI has also disclosed that each investor in the funds individually owns less than a 10% interest in VLSI Holdings. It is undisputed that neither this Judge nor Judge Cousins has any direct interest in VLSI, VLSI Holdings, or any of the ten funds. Intel contends, however, that VLSI must be required to disclose the investors in the ten funds and that Judge Cousins's order to the contrary was clearly erroneous and contrary to law.

Although Intel grounds its request for relief in whether the information is necessary to the Court's analysis under 28 U.S.C. § 455, Intel has made clear that it has additional reasons for wanting this investor information. Intel argued before Judge Cousins that VLSI must be

compelled to disclose the funds' investors so Intel can test the credibility of VLSI's witnesses, assess whether it has a license defense based on its license to patents owned by certain Finjan entities and their "affiliates," and respond to jury-friendly testimony concerning certain investors VLSI has disclosed.  Intel Discovery Ltr. Br. 2, ECF No. 415.  Intel notes that Judge Cousins held that discovery concerning VLSI's investors was not relevant to Intel's license defense because the defense was decided when the Texas court denied Intel's motion for leave to amend its answer.  Mot. 1 n.1.  Intel does not ask the Court to revisit that portion of Judge Cousins's order. *Id.*

VLSI has responded to Intel's motion.  *See* Opp'n, ECF No. 455.  Intel filed reply.  *See* Reply, ECF No. 456-1.[1]  The Court heard argument on the Motion for Relief on April 24, 2023.  For the following reasons, Intel's Motion for Relief is denied.

## I.     LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A).  The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  This standard is highly deferential— the district judge may not simply substitute his or her judgment for that of the magistrate judge.  *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

## II.    DISCUSSION

Intel objects to the denial of discovery based on three of Judge Cousins's "findings," which Intel summarizes as (1) "Intel should have made its request sooner"; (2) "information identifying VLSI's investors is unnecessary to assess judicial conflicts"; and (3) "VLSI lacks any further information to provide."  *See* Mot. 1.

---

[1] The Court hereby GRANTS Intel's Administrative Motion for Leave to File a Reply.  ECF No. 456.

### A. Timeliness

In his order, Judge Cousins addresses the timing of Intel's motion. He notes that VLSI timely filed its disclosures under Civil Local Rule 3-15 and Federal Rule of Civil Procedure 7.1 on October 2, 2017, and that that Intel did not move for additional information until February 24, 2023, which was the last day of fact discovery. Order 2.

Intel does not dispute these facts but objects to what it describes as Judge Cousins's "finding" that "Intel should have made its request sooner." Mot. 1. Intel does not state whether it views this "finding" as a factual determination that is clearly erroneous or a legal conclusion that is contrary to law. In fact, aside from stating its objection, Intel does not further address the issue in its briefing.

The Court finds that Intel has not demonstrated that Judge Cousins's order contains a factual determination that is clearly erroneous or a legal conclusion that is contrary to law regarding the timing of Intel's motion. To the extent Intel contends that the order holds that Intel's motion was untimely, the Court disagrees that order contains such a holding. After commenting on Intel's delay in bringing its motion, Judge Cousins explains in the order that the record before him showed "there is no further information to be compelled from VLSI that is needed to assess judicial disqualification." *Id.* at 3. At no point does the order state that Intel's motion is denied as untimely. Accordingly, the Court DENIES Intel's motion to the extent it is based on the assertion that Judge Cousins made a factual determination that is clearly erroneous or legal conclusion that is contrary to law concerning the timing of Intel's motion.

### B. Necessity to Address Judicial Conflicts

Intel next objects to Judge Cousins's finding that additional information identifying VLSI's investors is unnecessary to assess judicial conflicts. Mot. 1. Intel argues that "it was legal error and an abuse of discretion for Judge Cousins to ignore VLSI's offer to review information that is indisputably relevant to evaluating potential conflicts under 28 U.S.C. § 455." *Id.* at 3.

Section 455 enumerates certain circumstances requiring judicial disqualification. Intel cites three of these circumstances in its motion. The first requires judicial disqualification "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The

3

1   other two require judicial disqualification when the judge or certain of the judge's relatives have a
2   "financial interest in the subject matter in controversy or in a party to the proceeding," or another
3   interest that could be substantially affected by the outcome of the proceedings.  28 U.S.C.
4   § 455(b)(4), (5)(iii).  The statute defines "financial interest" as "ownership of a legal or equitable
5   interest, however small, or relationship as director, adviser, or other active participant in the affairs
6   of a party."  28 U.S.C. § 455(d)(4).  It further clarifies that "[o]wnership in a mutual or common
7   investment fund that holds securities is not a 'financial interest' in such securities unless the judge
8   participates in the management of the fund."  28 U.S.C. § 455(d)(4)(i).

9   Intel argues that VLSI has not sufficiently disclosed certain investors to enable Judge
10  Cousins or this Judge to evaluate disqualification under Section 455.  To analyze this argument,
11  the Court must first address what VLSI has and has not disclosed.  VLSI has disclosed that it is
12  owned by CF VLSI Holdings LLC ("VLSI Holdings").  Mot. 1; Opp'n 1.  VLSI has also disclosed
13  that VLSI Holdings is owned by ten investment funds that are managed by affiliates of nonparty
14  Fortress Investment Group LLC.  *See* Mot. 1; Opp'n 1-2.  VLSI has identified the ten funds.  *See*
15  VLSI Tech. LLC's 3rd Suppl. Interrog. Resps., at p.32-33, ECF No. 432 [hereinafter "Rog
16  Responses"].  VLSI has not identified the funds' investors, but VLSI has stated that each of those
17  investors individually owns less than a 10% indirect interest in VLSI Holdings.  *Id.*  Intel argues
18  that VLSI must be compelled to disclose these investors.

19  At the hearing, VLSI argued that the ten funds are mutual or common investment funds.
20  *See* Hr'g Tr. 41:18-23.  By statute, such funds are not "financial interests" within the meaning of
21  Section 455.  *See* 28 U.S.C. § 455(d)(4) ("Ownership in a mutual or common investment fund that
22  holds securities is not a 'financial interest' in such securities unless the judge participates in the
23  management of the fund.").  Accordingly, VLSI argued, the funds' investors are irrelevant because
24  even if this Judge or Judge Cousins was directly invested in the funds, such investments would not
25  require disqualification.

26  Section 455 does not define "mutual or common investment fund."  However, courts
27  analyzing the term have found instructive the Judicial Conference's Code of Conduct for United
28  States Judges ("Code of Conduct") and related advisory opinions.  *See, e.g.*, *Cellspin Soft, Inc. v.*

*Fitbit, Inc.*, No. 4:17-CV-05928-YGR, 2023 WL 2176758, at *8 (N.D. Cal. Feb. 15, 2023. Specifically, courts have looked to Committee on Codes of Conduct Advisory Opinion No. 106, which outlines considerations for determining whether a fund is a "mutual or common investment fund." *See id.*; *see also Arunachalam v. Pazuniak*, No. 14-CV-05051-JST, 2015 WL 12839126, at *1 (N.D. Cal. Feb. 9, 2015). Those considerations include: (1) the number of participants in the fund; (2) the size and diversity of fund investments; (3) the ability of participants to direct their investments; (4) the ease of access to and frequency of information provided about the fund portfolio; (5) the pace of turnover in fund investments; and (6) any ownership interest investors have in the individual assets of the fund. *See Cellspin*, 2023 WL 2176758, at *8 (citing Guide to Judiciary Policy, Vol. 2, Pt. B, § 220, No. 106.)

Based on the dearth of information known to the Court about these funds or their investors, it is impossible to apply the six considerations outlined in Advisory Opinion No. 106. For nine of the ten funds, VLSI has not provided any information that is relevant to any of the six considerations. The Court therefore is nable to evaluate whether the funds or its investors are mutual or common investment funds under 28 U.S.C. § 455(d)(4).

Having been unable to determine whether the funds or their investors fall within the safe harbor of 28 U.S.C. § 455(d)(4), the Court turns to whether the identities of funds' investors could possibly be relevant to determination of judicial conflict under 28 U.S.C. § 455(a) or (b).

The Court finds instructive Judge Scheindlin's analysis in *MDCM Holdings, Inc., v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158 (S.D.N.Y. 2002). In *MDCM*, Judge Scheindlin analyzed whether her ownership of AOL and Intel stock required disqualification under Section 455 because AOL and Intel held stock in several of the defendants before her. 205 F. Supp. 2d at 162. She held that her stock ownership did not require disqualification because AOL and Intel did not exercise control over the defendants. *Id.* at 163. Judge Scheindlin reasoned that under the plain language of the statute, her stock ownership was not a disqualifying interest "because it is not a 'financial interest *in* a party to the proceeding.'" *Id.* at 162 (emphasis in original) (quoting 28 U.S.C. § 455(b)(4)). Rather, it was a financial interest in corporations that, in turn, had an interest in parties to the proceeding. *Id.* She further explained that she saw nothing in the text

of Section 455(b) or its legislative history that Congress intended to require disqualification whenever a judge owned stock in a company that is itself a shareholder in a party. *Id.* Finally, relying on the Code of Conduct and a related advisory opinion, Judge Scheindlin explained that "[t]he key question is whether the company in which the judge owns stock has effective control over the party to the litigation—that is, at least 50% of the voting stock or a majority of the capital interest in the party." *Id.* at 162 & n.9.

The latest revision of the Committee on the Codes of Conduct's Advisory Opinion No. 57 is in accord with Judge Scheindlin's decision.[2] Interpreting Canon 3C(1)(c) of the Code of Conduct, which is identical to 28 U.S.C. § 455(b)(4), the Committee advises:

> [W]hen a judge knows that a party is controlled by a corporation in which the judge owns stock, the judge should recuse. See Canon 3C(3)(c). When a parent company does not own all or a majority of stock in the subsidiary, the judge should determine whether the parent has control of the subsidiary. The Committee advises that the 10% disclosure requirement in Fed. R. App. P. 26.1 is a benchmark measure of parental control for recusal purposes.

*See* Guide to Judiciary Policy, Vol. 2B, Ch. 2, § 220 No. 57 (Dec. 2017) [hereinafter "Advisory Opinion No. 57"].

Even assuming that the judges in this case do own stock or other equity in investors in the funds, applying the analyses of both Judge Scheindlin and the Committee, the Court finds that no further disclosures are necessary to assess disqualification under Section 455(b). As Judge Scheindlin explained, "[t]he key question is whether the company in which the judge owns stock has effective control over the party to the litigation." *See MDCM*, 205 F. Supp. 2d at 162. In Judge Scheindlin's view, an entity has "effective control" when it owns "at least 50% of the voting stock or a majority of the capital interest in the party." *Id.* The Committee takes a more conservative view, stating that a useful benchmark for assessing control is whether the company in which the judge owns stock itself owns 10% or more of the party's stock. *See* Advisory Opinion No. 57. Under either approach, the Court and the parties have sufficient information to assess

---

[2] Although the Committee is not authorized to render advisory opinions interpreting 28 U.S.C. § 455, Canon 3C of the Codes of Conduct closely tracks the language of § 455, and the Committee is authorized to provide advice regarding the application of the Code. The Court finds that Committee's analysis instructive.

6

disqualification here. It is undisputed that neither this Judge nor Judge Cousins has any direct interest in Defendant VLSI; VLSI Holdings; or any of the ten funds that own VLSI holdings. VLSI has disclosed that each investor in the funds individually owns less than a 10% interest in VLSI Holdings. Rog Responses, at p.33. Thus, even under the more conservative approach, none of the individual investors in the funds has control over a party to the litigation. The Court therefore finds that no further disclosures are required to assess disqualification under Section 455(b).

The Court also finds that no further disclosures are required to assess disqualification under Section 455(a). "[I]f an issue is within the scope of section 455(b), section 455(a) should not be read to require disqualification if section 455(b) does not." *In re Hawsawi*, 955 F.3d 152, 159-160 (D.C. Cir. 2020); *cf. Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) ("It is correct that subsection (a) has a broader reach than subsection (b) . . . . However, when one of those aspects addressed in (b) *is* at issue, it is poor statutory construction to interpret (a) as nullifying the limitations (b) provides, except to the extent the text requires." (internal quotation marks omitted)). Here, Intel identifies no reason that additional disclosures would be relevant under Section 455(a) that is different from the reasons it argues the disclosures are relevant under Section 455(b). Therefore, having already found that additional disclosures are not necessary to evaluate disqualification under Section 455(b), the Court also finds that additional disclosures are not necessary to evaluate disqualification under Section 455(a).

On reply, Intel argues that further disclosures are required because the funds are limited partnerships and limited liability companies. To support its argument Intel notes that other courts have sought "more information than expressly required under Federal Rule of Civil Procedure 7.1." Reply 2. Intel identifies a court in the District of Delaware "has entered a standing order that requires disclosure of ownership in LPs and LLCs until individuals or corporations that hold financial interest in any litigation are revealed." Reply 2.

The Court finds Intel's alternative argument based on disclosure requirements of other courts unpersuasive. As an initial matter, the disclosure requirements Intel identifies go beyond those required in this District. Moreover, Intel's alternative argument is not grounded in any

7

1  requirement in Section 455. Intel identifies, and the Court is aware of, no case holding that
2  Section 455 requires disclosure of every owner of an LP or LLC as a matter of law no matter how
3  attenuated the ownership interest is in a party in a case.

4  Accordingly, the Court DENIES Intel's Motion for Relief to the extent that it is based on
5  the assertion that Judge Cousins's finding that additional disclosures regarding VLSI's investors is
6  unnecessary was clearly erroneous or contrary to law. As the Court has found that additional
7  disclosures are not necessary, the Court finds that Judge Cousins was correct in finding that *in
8  camera* review of such disclosures was unnecessary.

9  At the end of the day, this discovery dispute seems more clearly directed to trial strategy
10 and not judicial disqualification. Although Section 455 may have been Intel's strongest argument,
11 the search for judicial conflicts has attenuated beyond any reasonable application of the law.

12  **C.   Whether VLSI Lacks Additional Information to Provide**

13  Finally, Intel argues that Judge Cousins's finding that VLSI has no further information to
14 provide is clearly erroneous. *See* Mot. 1, 3. As discussed in the previous section of this opinion,
15 the Court has determined that no additional information is necessary to assess disqualification.
16 Accordingly, the Court need not and does not reach whether VLSI has any such information to
17 provide.

18                                  *       *       *

19  In sum, the Court finds that Judge Cousin's order denying Intel's motion to compel was
20 not clearly erroneous or contrary to law. Accordingly, Intel's motion for relief from Judge
21 Cousins's order is DENIED.

22  **IT IS SO ORDERED.**

24 Dated: May 8, 2023

25                                              _____
26                                              BETH LABSON FREEMAN
                                                United States District Judge