UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No.  17-cv-05671-BLF<br><br>**ORDER REGARDING MOTIONS TO SEAL**<br><br>[Re:  ECF No. 536, 543, 557] |

Before the Court are three motions to seal documents submitted with the parties' respective *Daubert* motions.  *See* Intel Corp.'s Civil L.R. 79-5(c) Admin. Mot. to Seal Portions of Intel's Mem. P. & A. Supp. Omnibus Daubert Mot. and Exs. 1-11, 13, 16-18, 20, and 22-24 Thereto ("Intel Mot. I"), ECF No. 536; Plf. VLSI Tech. LLC's Admin. Mot. to Seal Exs. to its Mot. to Exclude Damages Opinions of Intel's Experts ("VLSI Mot."), ECF No. 543; Intel Corp.'s Civil L.R. 79-5(c) Admin. Mot. to Seal Portions of Ex. 5 to VLSI Tech. LLC's Mot. to Exclude Damages Opinions of Intel's Experts ("Intel Mot. II"), ECF No. 557.

For the reasons discussed below, VLSI's motion and Intel's motion filed at ECF Nos. 543 and 536, respectively, are DENIED WITHOUT PREJUDICE.  Intel's motion filed at ECF No. 557 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

1  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to
2  motions that are "more than tangentially related to the underlying cause of action" bear the burden
3  of overcoming the presumption with "compelling reasons" that outweigh the general history of
4  access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
5  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

6        Records attached to motions that are "not related, or only tangentially related, to the merits
7  of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809
8  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
9  court records attached only to non-dispositive motions because those documents are often
10 unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal
11 the documents attached to such motions must meet the lower "good cause" standard of Rule
12 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard
13 requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
14 information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
15 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated
16 by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*
17 *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

18 **II.  DISCUSSION**

19       The documents at issue in the parties' respective motions to seal are associated with the
20 parties' *Daubert* motions.  Each of these motions seeks to strike or exclude certain expert
21 opinions.  These opinions concern infringement and invalidity of the patents at issue in the case, as
22 well as available damages for the alleged infringement.  These issues are "more than tangentially
23 related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for
24 maintaining the documents under seal.  *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan,*
25 *Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10,
26 2021).

27     **A.  VLSI's Motion (ECF No. 543)**
28     VLSI seeks to seal two documents in their entirety.  VLSI Mot. 1.  The Court has reviewed

1  the documents and finds that this request is deficient because it is not narrowly tailored to seal
2  only sealable material.  *See* Civil L.R. 79-5(a) ("A party must . . . avoid wherever possible sealing
3  entire documents (as opposed to merely redacting the truly sensitive information in a
4  document)."); Civil L.R. 79-5(c)(3) (requiring that a motion to seal be accompanied by a proposed
5  order that "is narrowly tailored to seal only the sealable material"); *see also* Civil L.R. 79-5(f).
6  Accordingly, VLSI's motion is DENIED WITHOUT PREJUDICE to filing a renewed motion.

7       The Court notes two additional deficiencies that VLSI should address in any renewed
8  motion to seal.  First, VLSI's motion seeks to seal portions of Exhibit 9, which it identifies as
9  "Excerpts of Dr. Sullivan's Reply Report."  *See* VLSI Mot. 1.  But the "Exhibit 9" attached to the
10 motion to seal appears to be a transcript of Mr. Sullivan's deposition.  *See* ECF No. 543-4.
11 Second, VLSI appears to argue its motion under the "good cause" standard.  *See* VLSI Mot. 2-3.
12 VLSI appears to contend that the "good cause" standard should apply because the documents at
13 issue were submitted with a non-dispositive motion.  *See* VLSI Mot. 2.  The Ninth Circuit has
14 expressly rejected the "dispositive/nondispositive label" as determinative of which standard to
15 apply to a motion to seal.  *Ctr. for Auto Safety*, 809 F.3d at 1100.  And the Ninth Circuit has held
16 that the "compelling reasons" standard may apply to documents submitted with a *Daubert* motion.
17 *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir.
18 2012).  Whether to apply the "good cause" or "compelling reasons" standard turns on whether the
19 motion and corresponding documents a party seeks to seal are "more than tangentially related to
20 the merits of a case."  *See Ctr. for Auto Safety*, 809 F.3d at 1101.  As noted above, the *Daubert*
21 motions at issue here are more than tangentially related to the merits of the case.  Accordingly,
22 VLSI must provide "compelling reasons" to seal the materials it seeks to seal in any renewed
23 motion.  *See Finjan*, 2021 WL 1091512, at *1.

24      **B.**    **Intel Motion I (ECF No. 536)**
25      Intel's motion filed at ECF No. 536 seeks to seal portions of Intel's Memorandum of
26 Points and Authorities In Support Of its Omnibus Daubert Motion and certain supporting exhibits.
27 *See* Intel Mot. I, at 1.
28      Intel argues that compelling reasons exist to seal the material it seeks to seal because it

contains "technical information regarding the design and operation of the accused features" that "is critical to Intel's business" and contains "financial and licensing information [that] is also critical to Intel's business." *See id.* at 3. Intel further elaborates on why the materials should be sealed in the Declaration of Mark Selwyn. *See* Selwyn Decl., ECF No. 536-1.

However, Intel does not distinguish which documents contain each type of purportedly sealable information. Instead, Intel appears to argue that every document that it seeks to seal has both "technical information" and "financial and licensing information." *See* Selwyn Decl. ¶¶ 9-18. This blanket assertion is not sufficiently particularized to provide compelling reasons to seal. *See In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586-JSC, 2021 WL 1081129, at *2 (N.D. Cal. Feb. 18, 2021) (denying request to seal where party "has not made a particularized showing with respect to any of the documents it seeks to file under seal nor has it argued that particular documents contain trade secret information."). Nor does Intel comply with this Court's standing order, which requires:

> Each [sealing] motion must include a chart . . . which includes the following four columns: (1) ECF number or exhibit number of the document sought to be sealed; (2) description or name of the document sought to be sealed; (3) portion(s) of the document to seal; and (4) reason(s) why the document should be sealed, including citation to the applicable declaration. Each separate document for which sealing is sought shall have its own row in the table.

Standing Order Re Civil Cases § V.

Accordingly, Intel's motion (ECF No. 536) is DENIED WITHOUT PREJUDICE to filing a renewed motion.

**C.    Intel Motion II (ECF No. 557)**

Intel's motion filed at ECF No. 557 concerns only one document—Exhibit 5 to VLSI's Motion to Exclude Damages Opinions of Intel's Experts—which is an excerpt of the expert report of Ryan Sullivan, VLSI's damages expert.

Intel has provided compelling reasons to seal this document. Intel explains that certain portions it seeks to seal reflect confidential technical information regarding the design and operation of its products, the disclosure of which would put Intel at a competitive disadvantage. Mot. 3. Intel further explains that certain highlighted portions the document reveal confidential

4

1  financial information such as valuations of the accused features in the accused products, product
2  pricing and cost terms, and pricing analyses. *Id.* Intel bolsters these arguments by providing
3  additional details in the declaration of Mark Selwyn. *See* Selwyn Decl. II ¶¶ 9-18, ECF No. 557-
4  1. The Court finds that compelling reasons exist to seal the highlighted portions of the document.
5  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal.
6  Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under
7  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
8  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
9  business information" in the form of "business strategies" sealable under the compelling reasons
10 standard.). The Court also finds that the request is narrowly tailored.

Accordingly, Intel's motion (ECF No. 557) is GRANTED. The Court notes that Intel failed to comply with Section V of this Court's Standing Order Re Civil Cases. The Court will overlook the failure for this motion because the motion seeks to seal only one document. However, future failures to comply with the standing order may result in denial of a motion to seal with prejudice.

| ECF No. | Document | Portion(s) to Seal | Ruling |
| --- | --- | --- | --- |
| 557-3 | Exhibit 5 to VLSI's Motion to Exclude Damages Opinions of Intel's Experts (Expert Report of Ryan Sullivan) | Highlighted Portions | Granted, as (1) confidential and proprietary information about the technical design and operation of Intel's products and (2) highly confidential financial information, including valuations of the accused features in the accused products, product pricing and cost terms, and pricing analyses. |

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. VLSI's Motion to Seal at ECF No. 543 is DENIED WITHOUT PREJUDICE to refiling. Any renewed motion to seal is due by no later than **September 5, 2023**.

2. Intel's Motion to Seal at ECF No. 536 is DENIED WITHOUT PREJUDICE to refiling. Any renewed motion to seal is due by no later than **September 5, 2023**.

3. Intel's Motion to Seal at ECF No. 557 is GRANTED. The Court notes that VLSI also sought to seal portions of the document at issue in Intel's motion. *See* ECF No. 543. As noted above, the Court has denied VLSI's request without prejudice. It shall be VLSI's responsibility to file a public redacted version of this document that incorporates Intel's proposed redactions after the Court has ruled on any renewed motion to seal filed by VLSI.

Dated: August 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge