**PUBLIC REDACTED VERSION**

1

Mark D. Selwyn (CA SBN 244180)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Mark.Selwyn@wilmerhale.com

Amanda L. Major (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Amanda.Major@wilmerhale.com

William F. Lee (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Dominic E. Massa (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
William.Lee@wilmerhale.com
Louis.Tompros@wilmerhale.com
Dominic.Massa@wilmerhale.com

David C. Marcus (CA SBN 158704)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2400
Los Angeles, CA  90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
David.Marcus@wilmerhale.com

*Attorneys for Defendant*
INTEL CORPORATION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

VLSI TECHNOLOGY, LLC,

                    Plaintiff,

        v.

INTEL CORPORATION,

                    Defendant.

Case No. 5:17-cv-05671-BLF-NC

**INTEL CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OMNIBUS MOTION FOR SUMMARY JUDGMENT**

**PUBLIC REDACTED VERSION**

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ............................................................................................. 1

II.  LEGAL STANDARD...................................................................................... 1

III.  INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '836 PATENT. ...................................................... 1

    A.  Technical Background And Asserted Claims ............................................ 1

    B.  Intel's Accused Products........................................................................... 2

    C.  Intel Is Entitled To Summary Judgment Of No Literal Infringement. ........................ 3

    D.  Intel Is Entitled To Summary Judgment Of No Infringement Under The DOE.......... 4

    E.  Intel Is Also Entitled To Summary Judgment Of No Infringement For The '836 Patent Because Intel's Testing Occurs Outside The United States. .................... 6

IV.  INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '922 PATENT. ...................................................... 8

V.  INTEL IS ENTITLED TO SUMMARY JUDGMENT THAT THE '922 ASSERTED CLAIMS ARE INVALID AS INDEFINITE. ......................................... 11

VI.  INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '806 PATENT. ...................................................... 13

    A.  The Asserted Claims ............................................................................... 13

    B.  Intel's Accused Products......................................................................... 14

    C.  Intel Is Entitled To Summary Judgment Of No Infringement. .................. 14

VII.  INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '672 PATENT. ...................................................... 15

    A.  The Asserted Claim And Intel's Accused Processes ................................. 16

    B.  Intel Is Entitled To Summary Judgment Of No Infringement. .................. 16

VIII.  INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT FOR ALL ASSERTED PATENTS BECAUSE INTEL IS LICENSED............................... 18

IX.  INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT, NO INDIRECT INFRINGEMENT, AND NO ENHANCED DAMAGES................................................................................. 21

    A.  The Court Should Grant Summary Judgment Of No Indirect Infringement And No Willful Infringement. ................................................... 21

**PUBLIC REDACTED VERSION**

B.      Intel Is Entitled To Summary Judgment Of No Enhanced Damages. ........................ 24

X.     CONCLUSION.................................................................................................................... 25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Federal Cases**

4
*ACQIS LLC v. Alcatel-Lucent USA Inc.*,
    No. 6:13-cv-638, 2015 WL 1737853 (E.D. Tex. Apr. 13, 2015) ..........................................12

5
*Alpek Polyester, S.A. de C.V. v. Polymetrix AG*,
6    No. 21-1706, 2021 WL 5974163 (Fed. Cir. Dec. 16, 2021)...................................................18

7
*Amgen, Inc. v. Coherus BioSciences, Inc.*,
    931 F.3d 1154 (Fed. Cir. 2019)........................................................................................5, 6
8

9
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)................................................................................................................1

10
*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*,
11    876 F.3d 1350 (Fed. Cir. 2017).............................................................................................21

12
*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)...............................................................................................23
13

14
*Bicon, Inc. v. Straumann Co.*,
    441 F.3d 945 (Fed. Cir. 2006)...............................................................................................10

15
*Comair Rotron, Inc. v. Nippon Densan Corp.*,
16    49 F.3d 1535 (Fed. Cir. 1995)...............................................................................................21

17
*Commil USA, LLC v. Cisco Systems, Inc.*,
    575 U.S. 632 (2015)...............................................................................................................21
18

19
*Cyph, Inc. v. Zoom Video Communications, Inc.*,
    No. 22-cv-00561-JSW, 2022 WL 17170146 (N.D. Cal. Nov. 22, 2022) ..............................23

20
*Dali Wireless, Inc. v. Corning Optical Communications LLC*,
21    No. 20-cv-06469-EMC, 2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) ..........................22, 23

22
*Droplets, Inc. v. Yahoo! Inc.*,
    No. 12-cv-03733-JST, 2021 WL 9038501 (N.D. Cal. July 2, 2021)......................................23
23

24
*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Corp.*,
    535 U.S. 722 (2002).................................................................................................................5

25
*Finjan, Inc. v. Cisco Sys.*,
26    No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ....................................24

27
*France Telecom S.A. v. Marvell Semiconductor Inc.*,
    82 F. Supp. 3d 987 (N.D. Cal. 2015) ......................................................................................7
28

**PUBLIC REDACTED VERSION**

*Freedman Seating Co. v. American Seating Co.*,
    420 F.3d 1350 (Fed. Cir. 2005)..................................................................................6

*General Mills, Inc. v. Hunt-Wesson, Inc.*,
    103 F.3d 978 (Fed. Cir. 1997)....................................................................................9

*Google LLC v. Princeps Interface Technologies LLC*,
    No. 19-cv-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020) ................................23

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
    579 U.S. 93 (2016)......................................................................................................24

*Intel Corp. v. Qualcomm Inc.*,
    21 F.4th 801 (Fed. Cir. 2021) ..................................................................................10

*INVT SPE LLC v. ITC*,
    46 F.4th 1361 (Fed. Cir. 2022) ..................................................................................7

*Janssen Pharmaceutica, N.V. v. Eon Labs Manufacturing, Inc.*,
    134 F. App'x 425 (Fed. Cir. 2005) .............................................................................10

*Johnston v. IVAC Corp.*,
    885 F.2d 1574 (Fed. Cir. 1989)..................................................................................9

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)....................................................................................................1

*Media Rights Technologies, Inc. v. Capital One Financial Corp.*,
    800 F.3d 1366 (Fed. Cir. 2015)..................................................................................13

*Moore USA, Inc. v. Standard Register Co.*,
    229 F.3d 1091 (Fed. Cir. 2000)..................................................................................18

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    572 U.S. 898 (2014)....................................................................................................11

*NTP, Inc. v. Research In Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005)..................................................................................6

*Old Town Canoe Co. v. Confluence Holdings Corp.*,
    448 F.3d 1309 (Fed. Cir. 2006)..................................................................................5

*Oyster Optics, LLC v. Infinera Corp.*,
    843 F. App'x 298 (Fed. Cir. 2021) .............................................................................20

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005)..................................................................................10

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
    396 F. Supp. 3d 851 (N.D. Cal. 2019) ........................................................................24

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
    No. 16-cv-06371-BLF, 2018 WL 5603631 (N.D. Cal. Oct. 26, 2018)....................................12

*Presidio Components, Inc. v. American Technical Ceramics Corp.*,
    875 F.3d 1369 (Fed. Cir. 2017)...............................................................................................24

*Sonos, Inc. v. Google LLC*,
    591 F. Supp. 3d 638 (N.D. Cal. 2022) .......................................................................21, 22, 24

*Spherix Inc. v. Juniper Networks, Inc.*,
    No. 14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015) ................................................22

*Splunk Inc. v. Cribl, Inc.*,
    No. C22-07611 WHA, 2023 WL 2562875 (N.D. Cal. Mar. 17, 2023) ...........................22, 24

*Varian Medical Systems, Inc. v. ViewRay, Inc.*,
    No. 19-cv-05697-SI, 2020 WL 4260714 (N.D. Cal. July 24, 2020) ......................................12

*VLSI Tech. LLC v. Intel Corp.*,
    6:21-cv-57, Dkt. 694 (W.D. Tex. Mar. 18, 2022)...................................................................20

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021)........................................................................................22

**State Cases**

*American Legacy Foundation v. Lorillard Tobacco Co.*,
    831 A.2d 335 (Del. Ch. 2003).................................................................................................20

*MicroStrategy Inc. v. Acacia Research Corp.*,
    No. 5735-VCP, 2010 WL 5550455 (Del. Ch. Dec. 30, 2010).................................................20

*In re Shorenstein Hays-Nederlander Theatres LLC Appeals*,
    213 A.3d 39 (Del. 2019) ..........................................................................................................20

**Statutes and Rules**

35 U.S.C. § 112......................................................................................................................................11

35 U.S.C. § 271.........................................................................................................................................7

Federal Rule of Civil Procedure 56 .......................................................................................................1

**Other Authorities**

Restatement (Second) of Judgments § 27, Comment i .........................................................20-21

**PUBLIC REDACTED VERSION**

1  **Exhibits**

2  The exhibits cited in the motion as "Ex. __" are attached to the Declaration of Mark Selwyn filed

3  herewith.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PUBLIC REDACTED VERSION

## I.   INTRODUCTION

Intel respectfully requests summary judgment (1) of no infringement for the four asserted patents, U.S. Patent Nos. 8,566,836 ("'836 patent"), 8,004,922 ("'922 patent"), 7,675,806 ("'806 patent"), and 8,268,672 ("'672 patent"), (2) of invalidity of the asserted claims for the '922 patent, (3) that it is licensed to all asserted patents, and (4) of no willful infringement, no indirect infringement, and no enhanced damages for any patent.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  To defeat summary judgment, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis omitted).

## III.   INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '836 PATENT.

### A.   Technical Background And Asserted Claims

**PUBLIC REDACTED VERSION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21     **B.**    **Intel's Accused Products**

22

23

24

25

26

27

28

**PUBLIC REDACTED VERSION**

C.    **Intel Is Entitled To Summary Judgment Of No Literal Infringement.**

**PUBLIC REDACTED VERSION**

1

2

3

4

5

6

7

8

9

10

11   **D.      Intel Is Entitled To Summary Judgment Of No Infringement Under The DOE.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   1

**PUBLIC REDACTED VERSION**

PUBLIC REDACTED VERSION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17    **E.**    **Intel Is Also Entitled To Summary Judgment Of No Infringement For The '836**

18    **Patent Because Intel's Testing Occurs Outside The United States.**

19

20

21

22

23

24

25

26

27

28

**PUBLIC REDACTED VERSION**

7

**PUBLIC REDACTED VERSION**

**IV.   INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '922 PATENT.**

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

**V.**      **INTEL IS ENTITLED TO SUMMARY JUDGMENT THAT THE '922 ASSERTED CLAIMS ARE INVALID AS INDEFINITE.**

**PUBLIC REDACTED VERSION**

PUBLIC REDACTED VERSION

**VI.    INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '806 PATENT.**

**A.    The Asserted Claims**

**PUBLIC REDACTED VERSION**

1

    **B.**    **Intel's Accused Products**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

    **C.**    **Intel Is Entitled To Summary Judgment Of No Infringement.**

25

26

27

28

**PUBLIC REDACTED VERSION**

**VII.    INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '672 PATENT.**

PUBLIC REDACTED VERSION

**A.      The Asserted Claim And Intel's Accused Processes**

**B.      Intel Is Entitled To Summary Judgment Of No Infringement.**

**PUBLIC REDACTED VERSION**



**PUBLIC REDACTED VERSION**

**VIII.   INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO INFRINGEMENT FOR ALL ASSERTED PATENTS BECAUSE INTEL IS LICENSED.**

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

IX.    **INTEL IS ENTITLED TO SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT, NO INDIRECT INFRINGEMENT, AND NO ENHANCED DAMAGES.**

     A.    **The Court Should Grant Summary Judgment Of No Indirect Infringement And No Willful Infringement.**

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

**PUBLIC REDACTED VERSION**

1
2
3
4
5
6
7
8
9
10
11
12
13

14       **B.       Intel Is Entitled To Summary Judgment Of No Enhanced Damages.**

15
16
17
18
19
20
21
22
23
24
25
26
27
28

PUBLIC REDACTED VERSION

1    **X.    CONCLUSION**

2    ███████████████████████████████████████████████████

3

     Respectfully submitted,
4

5    Dated: August 24, 2023
                                          */s/ Mark D. Selwyn*
6
                                          Mark D. Selwyn (CA SBN 244180)
7                                         WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
8                                         2600 El Camino Real, Suite 400
                                          Palo Alto, California 94306
9                                         Telephone:  (650) 858-6000
                                          Facsimile:  (650) 858-6100
10                                        Mark.Selwyn@wilmerhale.com

11                                        William F. Lee (*pro hac vice*)
                                          Louis W. Tompros (*pro hac vice*)
12                                        Dominic E. Massa (*pro hac vice*)
                                          WILMER CUTLER PICKERING
13                                            HALE AND DORR LLP
                                          60 State Street
14                                        Boston, MA  02109
                                          Telephone: (617) 526-6000
15                                        Facsimile: (617) 526-5000
                                          William.Lee@wilmerhale.com
16                                        Louis.Tompros@wilmerhale.com
                                          Dominic.Massa@wilmerhale.com
17
                                          Amanda L. Major (*pro hac vice*)
18                                        WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
19                                        2100 Pennsylvania Avenue NW
                                          Washington, DC 20037
20                                        Telephone: (202) 663-6000
                                          Facsimile: (202) 663-6363
21                                        Amanda.Major@wilmerhale.com

22                                        David C. Marcus (CA SBN 158704)
                                          WILMER CUTLER PICKERING
23                                            HALE AND DORR LLP
                                          350 S. Grand Avenue, Suite 2400
24                                        Los Angeles, CA  90071
                                          Telephone: (213) 443-5300
25                                        Facsimile: (213) 443-5400
                                          David.Marcus@wilmerhale.com
26

27                                        *Counsel for Defendant*
                                          Intel Corporation
28

---