**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER DENYING JOINT ADMINISTRATIVE MOTIONS TO EXTEND DEADLINES PURSUANT TO CIVIL LOCAL RULE 79-5(F)(3)**<br><br>[Re ECF Nos. 600 and 601] |

Before the Court are two joint administrative motions filed in connection with the Parties' cross motions for summary judgment: 1) to extend deadlines for the parties to submit declarations pursuant to Civil Local Rule 79-5(f)(3) (ECF No. 600); and 2) to extend deadlines for non-parties to submit declarations pursuant to Civil Local Rule 79-5(f)(3) (ECF No. 601). Both motions request an extension to submit declarations until October 19, 2023. The Parties seek this extension because they "anticipate that at least some of this same information will be filed with the parties' responsive and reply briefs to the Motions for Summary Judgment. To reduce the burden on the non-parties of preparing multiple duplicative declarations, and the Court of reviewing them." ECF Nos. 600, 601.

The Parties filed the corresponding motions for summary judgment on August 24, 2023. Responses are due on September 21, 2023 and replies are due October 5, 2023. ECF No. 388. The hearing date for both summary judgment motions (ECF Nos. 580, 586) is October 19, 2023. *Id.*

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Only in rare circumstances should a party seek to file portions of a pleading or brief under seal." Civil L.R. 79-5(e).

The Court recognizes the burden on the Parties. However, the Court is concerned that the delay caused by extending deadlines will unnecessarily shield non-confidential information from the public until after the hearing date. To date, the parties have filed nine *Daubert* briefs, all either under seal or redacted in their entirety: ECF Nos. 541, 548, 549, 560, 564, 572, 592, 596, 597. As for the summary judgment motions at issue, Intel's motion for summary judgment (ECF No. 580) was filed completely redacted, while VLSI's motion for summary judgment (ECF No. 586) was filed with redactions limited to confidential information. The Parties' over-inclusive provisional sealing or redaction of these briefs denies the public their right to these records where it is clear that only a small portion of those documents will be the subject of the ultimate sealing request.

As such, each motion is DENIED without prejudice. The Parties are instructed to file a joint motion that outlines a plan for releasing public versions of their briefs with only confidential information redacted as soon as is feasible and prior to their respective hearing dates. The Court is amenable to underlying exhibits staying under seal past the hearing date if it reduces the burden on the parties and the Court will grant the request for extension of time to submit declarations to support narrowly tailored redactions upon agreement to expeditiously file partially redacted versions of these briefs.

**IT IS SO ORDERED.**

Dated: August 29, 2023

_____
BETH LABSON FREEMAN
United States District Judge

2