1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

7
8
9
10
11

VLSI TECHNOLOGY LLC,

                    Plaintiff,

          v.

INTEL CORPORATION,

                    Defendant.

Case No.  17-cv-05671-BLF

**ORDER REGARDING MOTIONS TO SEAL**

[Re:  ECF Nos. 559, 563]

12
13
14
15
16
17
18
19

Before the Court are two motions to seal documents submitted with Intel Corporation's ("Intel") *Daubert* motions.  *See* Intel's Administrative Motion to File Under Seal Portions of Intel's Opposition to Plaintiff VLSI Technology LLC's Motion to Strike Certain Opinions of Intel's Technical Experts and Exhibits 1-5 Thereto (ECF No. 559); Intel's Administrative Motion to File Under Seal Portions of Intel's Opposition to Plaintiff VLSI Technology LLC's Motion to Exclude Damages Opinions of Intel's Experts and Exhibits 2, 6, 7, 8, 9, 10, 11 and 12 Thereto (ECF No. 563).  For the reasons discussed below, the motions are GRANTED.

20

**I.    LEGAL STANDARD**

21
22
23
24
25
26
27
28

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of

United States District Court
Northern District of California

1   access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

2   1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

3      Records attached to motions that are "not related, or only tangentially related, to the merits

4   of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809

5   F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

6   court records attached only to non-dispositive motions because those documents are often

7   unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal

8   the documents attached to such motions must meet the lower "good cause" standard of Rule

9   26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard

10  requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

11  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

12  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated

13  by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.*

14  *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

15  **II.   DISCUSSION**

16     The documents at issue in Intel's motions to seal are associated with the parties' *Daubert*

17  motions and seek to strike or exclude certain expert opinions.  These opinions concern

18  infringement and invalidity of the patents at issue in the case, as well as available damages for the

19  alleged infringement.  These issues are "more than tangentially related to the merits of [the] case"

20  and therefore the parties must provide "compelling reasons" for maintaining the documents under

21  seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*,

22  No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

23     Intel argues that compelling reasons exist to seal the material it seeks to seal because

24  "maintaining the confidentiality of the process recipes and technical information regarding the

25  design and operation of the accused features is critical to Intel's business."  ECF No. 559; ECF

26  No. 563.  Intel further argues that "[k]nowledge of this information by third parties would put Intel

27  at a competitive disadvantage in future product development and in its business dealings as its

28  competitors could incorporate that information into their own development strategies and products

1  to gain an unfair advantage over Intel in the market."  ECF No. 559; ECF No. 563.

2      The Court finds that compelling reasons exist to seal the highlighted portions of the

3  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

4  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

5  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,

6  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential

7  business information" in the form of "business strategies" sealable under the compelling reasons

8  standard.).  The Court also finds that the request is narrowly tailored.

9      Accordingly, Intel's motions (ECF Nos. 559 and 563) are GRANTED.

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---------|----------|--------------------|--------|
| 559 | Intel's Opposition to Plaintiff VLSI Technology LLC's Motion to Strike Certain Opinions of Intel's Experts and Exhibits 1-5 thereto | Green boxed portions | Granted. |

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---------|----------|--------------------|--------|
| 563 | Intel's Opposition to Plaintiff VLSI Technology LLC's Motion to Exclude Damages Opinions of Intel's Experts and Exhibits 2, 6, 7, 8, 9, 10, 11, and 12 thereto | Green boxed portions | Granted. |

21      The Court notes that Intel failed to comply with Section V of this Court's Standing Order

22  Re Civil Cases.  Intel does not distinguish which documents contain each type of purportedly

23  sealable information.  Instead, Intel appears to argue that every document that it seeks to seal has

24  "process recipes and technical information regarding the design and operation of the accused

25  features."  ECF No. 559 at 4; ECF No. 563 at 4.  This blanket assertion is not sufficiently

26  particularized to provide compelling reasons to seal.  *See In re Pac. Fertility Ctr. Litig.*, No. 18-

27  CV-01586-JSC, 2021 WL 1081129, at *2 (N.D. Cal. Feb. 18, 2021) (denying request to seal

28  where party "has not made a particularized showing with respect to any of the documents it seeks

1    to file under seal nor has it argued that particular documents contain trade secret information.").

2    Nor does Intel comply with this Court's standing order, which requires:

3            Each [sealing] motion must include a chart . . . which includes the
             following four columns: (1) ECF number or exhibit number of the
4            document sought to be sealed; (2) description or name of the
             document sought to be sealed; (3) portion(s) of the document to seal;
5            and (4) reason(s) why the document should be sealed, including
             citation to the applicable declaration.  Each separate document for
6            which sealing is sought shall have its own row in the table.

7    Standing Order Re Civil Cases § V.

8            The Court will overlook the failure for this motion.  However, future failures to comply

9    with the standing order may result in denial of a motion to seal with prejudice.

10   **III.    ORDER**

11           For the foregoing reasons, IT IS HEREBY ORDERED that:

12           1.  Intel's Motion to Seal at ECF No. 559 is GRANTED.

13           2.  Intel's Motion to Seal at ECF No. 563 is GRANTED.

14   The parties are instructed to file redacted copies of these documents as soon as is feasible in

15   accordance with ECF No. 607.

16   Dated: September 5, 2023

17                                                        _____
18                                                        BETH LABSON FREEMAN
                                                          United States District Judge
19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4