# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 587] |

Before the Court is VLSI Technology LLC's Administrative Motion to Seal Portions of Certain Exhibits to Its Motion for Summary Judgment on Intel's License Defense and of No Invalidity Based on IPR Estoppel, ECF No. 587. For the reasons discussed below, VLSI's motion filed at ECF No. 587 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits

1  of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809
2  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
3  court records attached only to non-dispositive motions because those documents are often
4  unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal
5  the documents attached to such motions must meet the lower "good cause" standard of Rule
6  26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard
7  requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
8  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
9  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated
10 by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.
11 Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

The documents at issue in VLSI's Administrative Motion to Seal are associated with VLSI's Motion for Summary Judgment. These documents concern infringement and invalidity of the patents at issue in the case. These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

VLSI states that compelling reasons exist to seal the material it claims is "confidential business information that would cause competitive harm to VLSI if disclosed, including the legal rights and liabilities of its members, VLSI's business and investment strategies, and its management structure and asset capitalization. ECF No. 587 at 2-3. According to VLSI, "[i]t would greatly harm VLSI if its highly confidential documents were made available to the public." *Id.*

The Court finds that compelling reasons exist to seal the identified portions of each document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,

2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.).

| Ex. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. 2 | Excerpt of 2016 Limited Liability Company Agreement of VLSI Technology LLC | Yellow highlighted portions at bates nos.: VLSl-18- 966DE00050638 VLSI-18- 966DE00050646 | Granted, as document contains highly confidential and proprietary business information related to corporate governance, strategy, and decision-making, as well as proprietary investment information. Wen Decl. ¶¶ 7–8. Disclosure of this information could cause significant competitive and business harms to VLSI. See id. ¶¶ 9–11. |
| Ex. 26 | Excerpt of Second Amended and Restated Limited Liability Company Agreement of VLSI Technology LLC | Yellow highlighted portions at bates no.: VLSl-18- 966DE00050433 | Granted, as document contains highly confidential and proprietary business information related to corporate governance, strategy and decision-making, including the legal rights and liabilities of its members. Wen Decl. ¶¶ 7–8. Disclosure of this information could cause significant competitive and business harms to VLSI. See id. ¶¶ 9–11. Moreover, the information in the first highlighted paragraph is irrelevant to any issue in this case. See id. ¶ 13 |

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that VLSI's Motion to Seal at ECF No. 587 is GRANTED.

Dated: September 7, 2023

_____
BETH LABSON FREEMAN
United States District Judge