1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

VLSI TECHNOLOGY LLC,

          Plaintiff,

    v.

INTEL CORPORATION,

          Defendant.

Case No.  17-cv-05671-BLF

**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**

[Re:  ECF Nos. 579, 591]

Before the Court are 1) Intel Corporation's ("Intel") Administrative Motion to File Under Seal Portions of Its Omnibus Motion for Summary Judgment and Exhibits 1, 2, 4, 8, 9, 10, 15-17, 19, 20, 22-24, and 40-45 Thereto, ECF No. 579 ("Motion I"); and 2) Intel's Administrative Motion to File Under Seal Portions of its Reply in Support of Omnibus Daubert Motion to Exclude and/or Strike, ECF No. 591 ("Motion II").  For the reasons discussed below, Intel's motions filed at ECF No. 579 and ECF No. 591 are GRANTED.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

United States District Court
Northern District of California

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

The documents at issue in Intel's motions to seal are associated with its summary judgment and *Daubert* motions.  These opinions concern infringement and invalidity of the patents at issue in the case, available damages for the alleged infringement, and efforts to strike or exclude expert opinions.  These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

### A. Motion I (ECF No. 579)

Intel seeks to seal selected excerpts from its Motion for Summary Judgment and several of the exhibits.  Intel argues that compelling reasons exist to seal the material it seeks to seal "because maintaining the confidentiality of the technical information regarding Intel's product design and operation, including proposed designs, and manufacturing processes is critical to Intel's business."  ECF No. 579.  Intel further explains that "[k]nowledge of this information by third parties would put Intel at a competitive disadvantage in future product development and in its

2

business dealings as its competitors could incorporate that information into their own development strategies and products to gain an unfair advantage over Intel in the market." *Id.* Intel bolsters these arguments by providing additional details in the declaration of Mark Selwyn. *See* Selwyn Decl. ¶ 9 (ECF No. 579-1).

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---------|----------|--------------------|--------|
| | Intel's Summary Judgment Motion | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 1 | Excerpt of the Expert Report of Dr. Thomas M. Conte, dated April 20, 2023 | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 2 | Excerpt of the transcript of Dr. Thomas Conte's July 11, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 8 | Excerpt of the transcript of Arthur Leonard Brown III's February 15, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 9 | Excerpt of the transcript of Russell Fenger's | Green-boxed portions | Granted, as green-boxed portions contain highly confidential |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | February 17, 2023 deposition | | technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 10 | Excerpt of the transcript of Tristan Brown's March 31, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 15 | Excerpt of the Supplemented Report of Dr. William Henry Mangione-Smith, dated May 16, 2023 | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 16 | Excerpt of William Mangione-Smith's July 14, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 17 | Excerpt of the Reply Report of Dr. William Henry Mangione-Smith, dated June 22, 2023 | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 19 | Excerpt of the Reply Expert Report of Dr. Thomas M. Conte Regarding Infringement of the '836 and '806 Patents, dated June 22, 2023. | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 20 | Excerpt of the Rebuttal Expert Report of Alyssa B. Apsel, Ph.D., Regarding Noninfringement of U.S. Patent Nos. 7,675,806 and 8,004,922, dated June 1, 2023 | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features.  Selwyn Decl. ¶¶ 11-12. |
| Ex. 22 | Excerpt of the Expert Report of Dean P. Neikirk, dated April 20, 2023 | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 23 | Excerpt of the transcript of Dean P. Neikirk's July 21, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 24 | Confidential Settlement and Patent License Agreement between Finjan Software, Inc. and Finjan, Inc. on their own behalf and on behalf of their respective Affiliates and Intel Corporation, dated November 20, 2012 | Green-boxed portions | Granted, as green-boxed portions contain highly confidential licensing information that the Court has previously sealed. Selwyn Decl. ¶¶ 14-15; Dkt. 339. |
| Ex. 40 | Excerpt of the transcript of Gerhard Schrom's February 10, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 41 | Excerpt of the transcript of Steve Gunther's February 2, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 42 | Excerpt of the transcript of Wei-Lun Jen's August 24, 2022 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 43 | Excerpt of the transcript of Chris Baldwin's January 27, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |
| Ex. 44 | Excerpt of the transcript of Doug B. Ingerly's February 2, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ |

| | | | 11-12. |
|---|---|---|---|
| Ex. 45 | Excerpt of the transcript of George Shchupak's March 29, 2023 deposition | Green-boxed portions | Granted, as green-boxed portions contain highly confidential technical information regarding the design and operation of the accused features. Selwyn Decl. ¶¶ 11-12. |

**B.     Motion II (ECF No. 591)**

Intel seeks to seal selected excerpts from its Reply in Support of Omnibus Daubert Motion to Exclude and/or Strike and several of the exhibits.  Intel argues that compelling reasons exist to seal the material it seeks to seal "because maintaining the confidentiality of the technical information regarding Intel's product design and operation, including proposed designs, and manufacturing processes is critical to Intel's business."  ECF No. 591.  Intel further explains that "[k]nowledge of this information by third parties would put Intel at a competitive disadvantage in future product development and in its business dealings as its competitors could incorporate that information into their own development strategies and products to gain an unfair advantage over Intel in the market."  *Id.*  Intel bolsters these arguments by providing additional details in the declaration of Mark Selwyn.  *See* Selwyn Decl. ¶ 11 (ECF No. 591-1).

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.).  The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\

\\

\\

\\

\\

United States District Court
Northern District of California

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| | Intel's Reply Brief In Support of Its Omnibus Daubert Motion | Green-boxed portions in Section III at 7:17-18, 20, 23-24 and 10:7-8, 9-10, 12<br><br>Green-boxed portions in Section IV at 14:1-2, 3, 6, 7, 15-16 | Granted, as green-boxed portions in Section III at 7:17-18, 20, 23-24 and 10:7-8, 9-10, 12 contain highly confidential information regarding Intel's licenses, including payment terms from Intel's license agreements, the scope of Intel's license agreements, and other confidential licensing information. Selwyn Decl. ¶ 16.<br><br>Furthermore, green-boxed portions in Section IV at 14:1-2, 3, 6, 7, 15-16 contain highly confidential technical information regarding design, development, and operation of Intel's product features, including proposed designs. Selwyn Decl. ¶ 13. |
| Ex. 1 | Excerpt of the Rebuttal Expert Report of Lauren R. Kindler, dated June 1, 2023 | Green boxed portions | Granted, as green-boxed portions contain highly confidential information regarding Intel's licenses, including payment terms from Intel's license agreements, the scope of Intel's license agreements, and other confidential licensing information.  Selwyn Decl. ¶ 16. |
| Ex. 3 | Excerpt of a presentation entitled Voltage Dependent SRAM Sleep (VDSS) by Guru Shamanna, as produced with Bates numbers 93799DOC0091475 | Page 2 of the exhibit | Granted, as green-boxed portions contain highly confidential technical information regarding design, development and operation of Intel's product features, including proposed designs. Selwyn Decl. ¶ 13. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Intel's Motions to Seal at ECF No. 579 and ECF No. 591 are GRANTED.

Dated: September 7, 2023

BETH LABSON FREEMAN
United States District Judge