# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED; DENYING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 581, 582, 583, 584, 585] |

Before the Court are five administrative motions filed by Intel Corporation ("Intel") regarding its Omnibus Motion for Summary Judgment and Exhibits (ECF No. 580):

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Intel's Omnibus Motion for Summary Judgment and Exhibits 1, 2, 13, 15, 16, 17, 19, 20, 22, and 23.  ECF No. 581.

2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Exhibits 1 and 10 to Intel's Omnibus Motion for Summary Judgment.  ECF No. 582.

3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Intel's Omnibus Motion for Summary Judgment and Exhibits 25-33 Thereto.  ECF No. 583.

4. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection Intel's Omnibus Motion for Summary Judgment and Exhibits 24, 34, 36, 37, and 38 Thereto.  ECF No. 584.

5. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Exhibits 17, 18, and 20 of Intel's Omnibus Motion for Summary Judgment.  ECF No. 585.

For the reasons described below, the Administrative Motion, ECF No. 584, is GRANTED and the remaining motions are DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

Intel filed its Notice of Motion and Omnibus Motion for Summary Judgment ("Motion") on August 24, 2023.  ECF No. 580.  That same day, Intel filed an Administrative Motion to File Under Seal regarding Intel's information in the Motion (ECF No. 579), which the Court granted (ECF No. 637), and five Administrative Motions to Consider Whether Another Party's Material Should Be Sealed.  ECF Nos. 581-585.  The Parties with information at issue are Plaintiff VLSI Technology LLC ("VLSI") (ECF No. 581), Microsoft Corporation ("Microsoft") (ECF No. 582), Fortress Investment Group LLC ("Fortress") (ECF No. 583), Finjan Software, Inc. and Finjan, Inc. (collectively "Finjan") (ECF No. 584), NXP B.V. ("NXP") (ECF No. 585).  On September 1, 2023, Intel certified that it served the non-parties associated with ECF Nos. 582, 583, and 584.  ECF No. 610.  Intel further certified that NXP was served by Plaintiff.  *Id.*  The only party to file a response was Finjan, who sought to have a short excerpt from the Motion for Summary Judgment redacted.  ECF No. 611.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

### A. ECF No. 584

Finjan seeks to seal two lines in Intel's Motion for Summary Judgment. ECF No. 617 ¶ 5. Finjan argues that compelling reasons exist to seal the material it seeks to seal "given the sensitive financial and business information contained in the non-public portions of the [agreement at issue]". *Id.* Finjan further explains that "the confidential terms in the [agreement at issue], including the compensation terms, patents licensed, and other substantive provisions, are maintained as highly confidential within Finjan to only those with a need to know, and may be disclosed in litigation only when relevant and under the highest level of confidentiality. Finjan has consistently taken and continues to take substantial measures within the company to maintain the confidentiality of terms discussed in the [agreement at issue] and to prevent this type of confidential business information from being made public, including in all its past and pending litigations." *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL

2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

### B. ECF Nos. 581, 582, 583, and 585

VLSI (ECF No. 581), Microsoft (ECF No. 582), Fortress (ECF No. 583), and NXP (ECF No. 585) did not respond with proposed sealing or redactions; therefore, these motions are denied.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 581) is DENIED.
2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 582) is DENIED.
3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 583) is DENIED.
4. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 584) is GRANTED.
5. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 585) is DENIED.

Intel SHALL file public redacted versions of the corresponding motion and exhibits, subject to this and the Court's other orders (e.g., ECF No. 579) according to the Parties' agreed upon schedule (ECF No. 607).

Dated: September 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge