**PUBLIC REDACTED VERSION**

September 21, 2023

Hon. Nathaniel M. Cousins
San Jose Courthouse, Courtroom 5 – 4th Floor
280 South 1st Street, San Jose, CA 95113

**Re: VLSI Technology LLC v. Intel Corporation, No. 5:17-cv-05671-BLF (N.D. Cal.)**

Dear Judge Cousins:

In its August 29, 2023 Order granting and denying in part Intel's motion to strike, the Court ordered the parties to submit annotated copies of the portions of Dr. Sullivan's expert reports to be struck. Dkt. 604 at 8. The parties disagree regarding the scope of what should be struck. As detailed below, Intel submits that because the Court granted Intel's motion to strike certain of Dr. Sullivan's theories, Dr. Sullivan should not be permitted to testify about his analysis underlying those theories. VLSI, in contrast, seeks to avoid this Court's order and allow Dr. Sullivan to testify regarding portions of the stricken theories. The parties have met and conferred, and Intel has substantially narrowed the portions of Dr. Sullivan's reports in dispute. The remaining disputes relate to paragraphs that, if not struck, would allow VLSI and Dr. Sullivan to circumvent this Court's order. Although Intel suggested that the parties assist the Court by each explaining its position and the parties exchanged multiple drafts of a joint submission over the course of the past six days, VLSI informed Intel at 4:39 PM today, just hours before the thrice-extended deadline, that it will not sign a joint letter. Intel therefore submits this two-page letter detailing its position on which portions of Dr. Sullivan's reports should be struck. The separately submitted copies of Dr. Sullivan's opening (Ex. A) and reply expert reports (Ex. B) contain red highlighting showing excerpts that the parties agree should be struck, and yellow highlighting showing additional excerpts Intel submits should be struck pursuant to the Court's Order.

The Court struck Dr. Sullivan's Net Present Value (NPV) and Value Per Unit (VPU) theories. Dkt. 604 at 6-8. Removal of the portions of Dr. Sullivan's reports highlighted (in yellow) by Intel would hold VLSI to the Court's Order and bar Dr. Sullivan from providing any part of his NPV or VPU calculations at trial. Notably, Intel does not seek to strike background information relating to the '836 patent or Dr. Sullivan's rebuttal to Intel's damages arguments. VLSI, on the other hand, seeks to allow Dr. Sullivan to testify regarding entire portions of the stricken calculations.

Dr. Sullivan's NPV and VPU calculations consisted of two steps: *first*, Dr. Sullivan plucked from Intel's documents ████████████████████████████ allegedly resulting from the accused Turbo Boost Max Technology (TBMT) feature; and *second*, he adjusted the calculations from Intel's documents ████████████████ Dkt. 507 at 2-4. Intel objected because VLSI did not disclose either step of this calculation in its PLR 3-8 damages contentions. *Id.* Intel explained that it had no notice that Dr. Sullivan would use ████████ numbers pulled from Intel's documents or how he would adjust these numbers. The Court agreed, striking "Sullivan's '836 Patent damages theory to the extent it relies upon the NPV or VPU calculations" contained in the Intel documents. Dkt. 604 at 8. The Court reasoned that, based on VLSI's damages contentions, "it would be unreasonable for Intel to infer that VLSI would implement the computations [in the Intel documents] to demonstrate economic value." *Id.* at 7.

Accordingly, Intel has highlighted the portions of Dr. Sullivan's report that disclose his NPV and

**PUBLIC REDACTED VERSION**

VPU calculations.  Tracking Dr. Sullivan's two-step calculation, Intel has highlighted only the paragraphs in which Dr. Sullivan (1) discloses the ████████████ from Intel's documents or (2) adjusts those numbers.  Exs. A, B.  Under Intel's approach, consistent with the Court's order, Dr. Sullivan would not be permitted to discuss any part of his undisclosed NPV or VPU theories.

VLSI, however, has identified only the paragraphs relating to the ***second step*** of Dr. Sullivan's NPV and VPU calculations in which Dr. Sullivan adjusted the numbers he pulled from Intel's documents to be stricken.  VLSI thus seeks to allow Dr. Sullivan to testify regarding the entirety of the ***first step*** of his NPV and VPU calculations—the ████████████ information he pulled from Intel's documents and used to calculate his NPV and VPU numbers.  This is an end run around the Court's order.  VLSI would have Dr. Sullivan testify about the very numbers the Court found VLSI had failed to disclose.  For example:

- Dr. Sullivan calculated his NPV number using as an input a ████████ revenue number he pulled from Intel's documents.  Ex. A ¶¶ 408, 408(a), 408(c), 408(e)-(i), 413, 414. Notwithstanding the Court's Order, VLSI argues Dr. Sullivan should be able to discuss this ████████ number at trial. *See id.* (VLSI refusing to strike references to these calculations).

- Dr. Sullivan calculated his VPU number using a ████ sales increase from Intel's documents. Ex. A ¶¶ 400(b), 408(d).  Despite the Court's Order, VLSI wants to allow Dr. Sullivan to disclose these ████ numbers at trial.  *See id.* (VLSI refusing to strike such references).

- Dr. Sullivan argued that additional (and undisclosed) ████████████ pulled from Intel's documents support his NPV and VPU calculations.  Ex. A at ¶¶ 396 (TBMT "████████████"; TBMT "████████████"; "████████████ 397 ████████████), 400(a) ████████████ 400(d) (TBMT "████████ ████████████ 400(f) (TBMT "████████████), 400(g) (same), 400(h) ████████████").  VLSI wants to allow Dr. Sullivan to discuss each of these numbers at trial.

VLSI's proposal—allowing Dr. Sullivan to present half of his stricken NPV and VPU calculations—violates the Court's Order.  VLSI's approach would ***increase*** the prejudice to Intel from its failure to disclose: allowing Dr. Sullivan to highlight large NPV/VPU numbers from Intel documents without incorporating them into any admissible damages methodology, and essentially inviting the jury to award damages based solely on these raw numbers.  This would improperly reward VLSI for failing to disclose these numbers in the first place.  *See* Dkt. 604 at 7-8.

To be clear, Intel does not seek to exclude Dr. Sullivan's discussion of background information about the '836 patent and his qualitative opinion that the patent provides benefits.  In addition, Intel does not seek to preclude Dr. Sullivan from rebutting the '836 opinions of Intel's damages experts Ms. Kindler and Dr. Perryman, but only to remove from his rebuttal report a ***reference*** to his excluded $327.7 million NPV adjustment.  Ex. B p. 106 n.632.  Intel is not seeking to strike other portions of Dr. Sullivan's rebuttal of Intel's experts.

This issue should be straightforward: the Court struck the entirety of Dr. Sullivan's NPV and VPU calculations and Dr. Sullivan should now be precluded from testifying regarding any part of these calculations at trial.  Accordingly, Intel respectfully requests that the Court adopt Intel's proposed additional exclusions in Exhibits A and B (highlighted in yellow).

**PUBLIC REDACTED VERSION**

Dated: September 21, 2023

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By:    */s/ Mark D. Selwyn*
         Mark D. Selwyn

*Counsel for Defendant*
INTEL CORPORATION

**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
Mark D. Selwyn (SBN 244180)
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: mark.selwyn@wilmerhale.com

**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
William F. Lee (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Dominic E. Massa (*pro hac vice*)
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: dominic.massa@wilmerhale.com

**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
Amanda L. Major (*pro hac vice*)
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Fax: (202) 663-6363
Email: amanda.major@wilmerhale.com

*Counsel for Defendant*
INTEL CORPORATION