UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTEL CORPORATION,<br><br>　　　　　Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 561, 562, 565, 566, 567, 568, 569, 570] |

Before the Court are Intel Corporation's ("Intel") Administrative Motions regarding its Opposition to VLSI's Daubert Motion to Exclude Technical Opinions of Intel's Experts (ECF No. 560) ("Technical Opposition") and its Opposition to VLSI's Motion to Exclude Damages Opinions of Intel's Experts (ECF No. 564) ("Damages Opposition"):

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Intel's Opposition to Plaintiff VLSI Technology LLC's Motion to Strike Certain Opinions of Intel's Experts and Exhibits 1-5 Thereto. ECF No. 561.

2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Exhibit 5 of Intel's Opposition to Plaintiff VLSI Technology LLC's Motion to Strike Certain Opinions of Intel's Experts. ECF No. 562.

3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Intel's Opposition to Plaintiff VLSI Technology LLC's

1       Motion to Exclude Damages Opinions of Intel's Experts and Exhibits 3-5 and 10
2       Thereto. ECF No. 565.
3    4. Administrative Motion to Consider Whether Another Party's Material Should Be
4       Sealed in Connection with Exhibits 2 and 7 of Intel's Opposition to Plaintiff VLSI
5       Technology LLC's Motion to Exclude Damages Opinions of Intel's Experts. ECF No.
6       566.
7    5. Administrative Motion to Consider Whether Another Party's Material Should Be
8       Sealed in Connection with Exhibit 2 of Intel's Opposition to Plaintiff VLSI Technology
9       LLC's Motion to Exclude Damages Opinions of Intel's Experts. ECF No. 567.
10   6. Administrative Motion to Consider Whether Another Party's Material Should Be
11      Sealed in Connection with Exhibit 9 of Intel's Opposition to Plaintiff VLSI Technology
12      LLC's Motion to Exclude Damages Opinions of Intel's Experts. ECF No. 568.
13   7. Administrative Motion to Consider Whether Another Party's Material Should Be
14      Sealed in Connection with Exhibits 2, 7, and 12 of Intel's Opposition to Plaintiff VLSI
15      Technology LLC's Motion to Exclude Damages Opinions of Intel's Experts. ECF No.
16      569.
17   8. Administrative Motion to Consider Whether Another Party's Material Should Be
18      Sealed in Connection with Exhibits 2, 7, 9, and 12 of Intel's Opposition to Plaintiff
19      VLSI Technology LLC's Motion to Exclude Damages Opinions of Intel's Experts.
20      ECF No. 570.

For the reasons described below, the Administrative Motions are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Intel filed its Technical Opposition (ECF No. 560) and Damages Opposition (ECF No. 564) on August 15, 2023. Intel filed two Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with the Technical Opposition (ECF Nos. 561, 562) and six in connection with the Damages Opposition (ECF Nos. 565, 566, 567, 568, 569, 570). On September 1, 2023, Intel notified the Court that it had served non-parties corresponding

1 to ECF Nos. 566, 567, 568.  ECF No. 610.

2  Plaintiff and several non-parties provided declarations regarding Intel's Administrative Motions:

1. Charlotte Wen submitted a **Corrected** Declaration on behalf of VLSI in support of ECF Nos. 565, 567, and 568 which appears to correct ECF Nos. 631 and 633, two declarations previously submitted by Ms. Wen.  ECF No. 635

2. Thomas Mavrakakis submitted a Declaration and Exhibits on behalf of International Business Machines Corporation ("IBM") in support of ECF No. 566.  ECF Nos. 608, 630.

3. Charlotte Wen submitted a Declaration on behalf of NXP Semiconductors USA, Inc., NXP Semiconductors B.V. and Freescale Semiconductor Inc. (collectively "NXP") in support of ECF No. 570.  ECF No. 621.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal

3

1   the documents attached to such motions must meet the lower "good cause" standard of Rule
2   26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard
3   requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
4   information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
5   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated
6   by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.*
7   *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III.   DISCUSSION

The documents at issue in Intel's motions to seal are associated with its *Daubert* motions. These opinions concern infringement and invalidity of the patents at issue in the case, available damages for the alleged infringement, and efforts to strike or exclude expert opinions. These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

### A.   ECF No. 561

No party filed declarations in support of this administrative motion, so the administrative motion (ECF No. 561) is DENIED.

### B.   ECF No. 562

No party filed declarations in support of this administrative motion, so the administrative motion (ECF No. 562) is DENIED.

### C.   ECF No. 565

VLSI seeks to seal selected portions of Intel's Damages Opposition (ECF No. 564) and several of the exhibits. VLSI writes that the information should be sealed because it includes "highly confidential information concerning VLSI's damages theories in this case, VLSI's licensing efforts and history, and specific details regarding the terms of VLSI's agreements with NXP Semiconductors." ECF No. 635 ¶ 7. VLSI contends that the analysis is narrowly tailored because "VLSI is only seeking to seal the specific sections that reflect VLSI's highly-confidential

4

1  and proprietary damages analyses for the patents-in-suit.." *Id.* ¶ 10.

2        The Court finds that compelling reasons exist to seal the highlighted portions of the

3  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

4  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

5  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,

6  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential

7  business information" in the form of "business strategies" sealable under the compelling reasons

8  standard.). The Court also finds that the request is narrowly tailored. The Court's ruling is

9  summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. 2 to Intel's Opposition to VLSI's Damages *Daubert* | Excerpts of the Rebuttal Report of Dr. Fay | Blue highlighted portions at p. iv; ¶¶ 611, 830, 835–836, 846-848, 856, 877–879, 884–885, 887–889 | Granted, as the blue-highlighted portions reflect discussion of and references to highly confidential and proprietary technical analyses of the patents-in-suit, including proprietary performance testing and analysis of physical accused products, as well as analyses of confidential licenses produced in this case. Wen Decl. ¶¶ 9, 17. Disclosure of this information could cause significant competitive and business harms to VLSI, as well as unfair advantage to Intel and other potential license counterparties. *See id.* ¶¶ 8–15, 19–22. |
| Ex. 7 to Intel's Opposition to VLSI's Damages *Daubert* | Excerpts of the Rebuttal Report of Ms. Kindler | Blue highlighted portions at ¶ 16 | Granted, as the blue-highlighted portions reflect discussion of and references to highly-confidential and proprietary damages analyses of licenses produced in this case, including royalty rates and licensing terms. Wen Decl. ¶ 9. Disclosure of this information could cause significant competitive and business harms to VLSI, as well as unfair advantage to Intel and other potential license counterparties. *See id.* ¶¶ 8–15. |
| Ex. 9 to Intel's Opposition to VLSI's Damages *Daubert* | Excerpts of the Rebuttal Report of Dr. Perryman | Blue highlighted portions at ¶¶ 20, 80, 83, 85, 88, 90, 94, 97-98, 102–03, 107, 112-15, 118, 120, 122, 124, 128–32, 134, 179, 189–92, 194 | Granted, as the blue-highlighted portions contain discussions of and references to highly confidential and proprietary damages analyses and methodologies for the patents-in-suit, public disclosure of which could result in significant competitive and business harms to VLSI, as well as unfair advantage to Intel and other potential license counterparties. Wen Decl. ¶¶ 8– 15. |

#### D. ECF No. 566

The following non-parties were served (ECF No. 610), but did not file declarations in support of this administrative motion:  Allied Security Trust I (AST), Verayo, Inc., P&IB Co., Ltd., Contour Semiconductor, Inc., Luminescent Technologies, Inc., Foundation for Advancement of International Science (FAIS), Casio Computer Co. Ltd.  The administrative motion (ECF No. 566) is DENIED with respect to those non-parties.

Thomas Mavrakakis submitted a declaration and exhibits on behalf of IBM requesting to seal portions of Exhibits 2 and 7 of Intel's Damages Opposition. ECF No. 608 ¶ 3.  The declaration does not contain a chart, but Mavrakakis attached exhibits showing narrow redactions corresponding to patent purchase agreements.  ECF No. 630.  The Mavrakakis Declaration details how disclosure of the highlighted information would harm IBM's business by "providing unfair insight into IBM's business strategies." ECF No. 608 at ¶ 5. The Court agrees with IBM that this meets the compelling interest standard and is narrowly tailored.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.).

#### E. ECF No. 567

No party filed declarations in support of this administrative motion, so the administrative motion (ECF No. 567) is DENIED.

#### F. ECF No. 568

No party filed declarations in support of this administrative motion, so the administrative motion (ECF No. 568) is DENIED.

#### G. ECF No. 569

No party filed declarations in support of this administrative motion, so the administrative motion (ECF No. 569) is DENIED.

\\

**H.     ECF No. 570**

NXP seeks to seal selected portions of Intel's Damages Opposition (ECF No. 564) and several of the exhibits. VLSI writes that the information should be sealed because it includes "confidential materials relating to its intellectual property licensing and monetization department, including its practices, activities, and patent agreements entered into between NXP/Freescale and other parties." ECF No. 621 ¶ 5. VLSI contends that the analysis is narrowly tailored because "its proposed redactions only to information that maintains in confidence in the regular course of its business." *Id.* ¶ 6.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored. The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. 2 to Intel's Opposition to VLSI's Motion to Exclude Damages Opinions | Excerpts from the June 1, 2023 Rebuttal Expert Report of Patrick Fay | Blue-boxed portions in p. iv; ¶¶ 570-571, 574-575, 611-615, 618, 622, 625, 628. | Granted, as the document identifies and describes (1) confidential patent agreements entered into between NXP/Freescale and other parties, (2) confidential intellectual property licensing and monetization practices, activities, capabilities, and efforts by NXP and Freescale, and (3) confidential testimony from current and former employees of NXP and Freescale regarding its intellectual property practices. |
| Ex. 7 to Intel's Opposition to VLSI's Motion to Exclude Damages Opinions | Excerpts from the June 1, 2023 Rebuttal Expert Report of Lauren Kindler | Blue-boxed portions in ¶¶ 15-18, 88-89, 91-92, 129, 130, 133, 137- 140, 142-143, 146-152, 154-155, 157-160, 234-236, 239, 240. | Granted, as the document identifies and describes (1) confidential patent agreements and negotiations entered into between NXP/Freescale and other parties, (2) confidential intellectual property licensing and monetization practices, activities, capabilities, and efforts by NXP and Freescale, and (3) confidential testimony from current and former employees of NXP and Freescale regarding its intellectual property practices. |

7

| | | | |
|---|---|---|---|
| Ex. 9 to Intel's Opposition to VLSI's Motion to Exclude Damages Opinions | Excerpts from the June 1, 2023 Rebuttal Expert Report of Dr. M. Ray Perryman | Blue-boxed portions in ¶¶ 60, 68-69, 107, 174, 189-195, 197. | Granted, as the document identifies and describes (1) confidential patent agreements and negotiations entered into between NXP/Freescale and other parties, (2) confidential intellectual property licensing and monetization practices, activities, capabilities, and efforts by NXP and Freescale, (3) confidential testimony from current and former employees of NXP and Freescale regarding its intellectual property practices, and (4) confidential details regarding the terms of the Patent Purchase and Cooperation Agreement between NXP and VLSI. |
| Ex. 12 to Intel's Opposition to VLSI's Motion to Exclude Damages Opinions | Appendix E to the June 1, 2023 Rebuttal Expert Report of Lauren Kindler | Blue-boxed portions in Appendices E-1, E-2, and E-11. | Granted, as the document identifies and describes confidential patent agreements and negotiations entered into between NXP/Freescale and other parties. |

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 561 is DENIED.
2. ECF No. 562 is DENIED.
3. ECF No. 565 is GRANTED.
4. ECF No. 566 GRANTED with respect to IBM; it is otherwise DENIED.
5. ECF No. 567 is DENIED.
6. ECF No. 568 is DENIED.
7. ECF No. 569 is DENIED.
8. ECF No. 570 is GRANTED.

Dated: October 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge