United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br>Plaintiff,<br>v.<br>INTEL CORPORATION,<br>Defendant. | Case No. 17-cv-05671-BLF (NC)<br><br>**ORDER CONCERNING THE PORTIONS OF DR. SULLIVAN'S EXPERT REPORT TO BE STRICKEN**<br><br>Re: ECF 682, 684, 695 |

In connection with the Court's order striking portions of Dr. Ryan Sullivan's expert report, the Court ordered the parties to confer and submit a joint annotated report identifying the portions of Dr. Sullivan's report to be stricken. ECF 604 at 8. However, the parties were unable to reach a consensus on which portions of the report were subject to the Court's order. *See* ECF 682. Intel filed a supplemental brief. ECF 684. VLSI also filed a supplemental brief. ECF 695.

Intel asserts the Court should not only strike the NPV and VPU calculations, but also the underlying sales, revenues, and price information from Intel documents used to calculate the NPV and VPU numbers. ECF 684 at 2. Intel claims these figures create an end-run around the Court's order and would allow Dr. Sullivan to "highlight large NPV/VPU numbers from Intel documents without incorporating them into any admissible damages methodology." *Id.* VLSI counters these figures are "pre-existing factual

United States District Court
Northern District of California

information" that will be used to show the fact that Intel recognized the accused technology was valuable. ECF 695 at 1.

Reviewing the motion to strike and subsequent briefing reveals Intel's requests are overbroad. Intel framed the overall dispute as VLSI "using entirely new and undisclosed damages theories" and requested that the Court "strike the portions of the . . . Sullivan report[] containing these undisclosed theories." ECF 473 at 1. With respect to the facts, Intel did not move to strike all references to the facts underlying Sullivan's theories. To the contrary, Intel recognizes that Dr. Sullivan may testify to "background information about the '836 patent and his qualitative opinion that the patent provides benefits." ECF 684 at 2. Intel instead takes issue with Dr. Sullivan's use of "facts . . . that VLSI never disclosed it would use to *calculate damages*." ECF 507 at 2 (emphasis added). The parties' agreed upon annotations do just that – they exclude Sullivan's use of this information to calculate damages based on the NPV and VPU theories.

Moreover, Intel's concern that VLSI may "circumvent this Court's order" is assuaged by VLSI's representations that it may use such facts for the limited purpose of showing that Intel recognized the accused technology had financial benefits. *See* ECF 695 at 1. As such, the Court declines Intel's request to strike the yellow-highlighted portions of the parties' joint submission. Instead, the Court strikes the red-highlighted portions of Dr. Sullivan's expert report that were agreed upon by the parties. *See* ECF 682. Moreover, Dr. Sullivan is precluded from testifying as to the topics and information stricken from his report.

**IT IS SO ORDERED.**

Dated: October 16, 2023

NATHANAEL M. COUSINS
United States Magistrate Judge