UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTEL CORPORATION,<br><br>　　　　Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED; DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 573, 575] |

Before the Court are VLSI Technology LLC's ("VLSI") Administrative Motions regarding its Opposition to Intel's Omnibus Daubert Motion to Exclude ("Opposition"):

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re: VLSI's Opposition and Exhibits to Intel's Daubert Motion. ECF No. 573.
2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re: Confidential Information of Microsoft Corporation in VLSI's Opposition and Exhibits to Intel's Daubert Motion. ECF No. 575.

For the reasons described below, the Administrative Motions are GRANTED IN PART and DENIED IN PART.

**I.　BACKGROUND**

VLSI filed its Opposition to Intel's Omnibus Daubert Motion and corresponding administrative motions on August 15, 2023. ECF No. 572. On August 30, 2023, VLSI notified the Court that it had served Microsoft in connection with ECF No. 575. ECF No. 606. On

1  September 5, 2023, Intel Corporation ("Intel") filed a Declaration of Mark Selwyn in Support of
2  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and
3  Exhibits.  ECF Nos. 623, 624 ("Selwyn Decl.").

## II.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III.   DISCUSSION

The documents at issue in VLSI's motions to seal are associated with its *Daubert* motions.

1  These opinions concern infringement and invalidity of the patents at issue in the case, available
2  damages for the alleged infringement, and efforts to strike or exclude expert opinions.  These
3  issues are "more than tangentially related to the merits of [the] case" and therefore the parties must
4  provide "compelling reasons" for maintaining the documents under seal.  *See Ctr. for Auto Safety*,
5  809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL
6  1091512, at *1 (N.D. Cal. Feb. 10, 2021).

   A.   **ECF No. 573**

   Intel seeks to seal selected portions of VLSI's Opposition and several of the exhibits.  Intel writes that the technical information should be sealed because "[m]aintaining the confidentiality of technical information about Intel's product design and operation, including for proposed designs, and manufacturing processes is critical to Intel's business. Knowledge of this information by third parties would put Intel at a competitive disadvantage in future product development and in its business dealings as its competitors could incorporate that information into their own development strategies and products to gain an unfair advantage over Intel in the market." ECF No. 623 ¶ 11.  Intel argues licensing information should be sealed because "maintaining the confidentiality of Intel's licensing information is also critical to Intel's business. Public disclosure of information regarding the payment terms from Intel's license agreements, the scope of Intel's license agreements and other terms from Intel's agreements could negatively affect Intel's future licenses and settlements and negotiations for such agreements." *Id.* ¶ 13.  Intel argues financial information should be sealed because "Maintaining the confidentiality of Intel's financial information is also critical to Intel's business. Disclosure of information regarding Intel's financials and financial decisions—such as product pricing; discounts and criteria Intel uses for pricing; and Intel's revenue, profits, and costs—would provide competitors and potential counterparties with unfair insight into Intel's business strategies and cost/benefit analyses." *Id.* ¶ 15.  Intel argues that "The portions of VLSI's memorandum and exhibits that Intel seeks to seal are narrowly tailored to either the non-public technical information regarding the design and operation of the accused features or the non-public financial and licensing information." *Id.* ¶ 30.

   The Court finds that compelling reasons exist to seal the highlighted portions of the

3

1  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1
2  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under
3  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
4  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
5  business information" in the form of "business strategies" sealable under the compelling reasons
6  standard.). The Court also finds that the request is narrowly tailored.
7  The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  | VLSI's Opposition | Green-boxed portions | Granted, as green-boxed portions of pages 5-6, 8, 16, 21-23, and 25 reveal details and operation of accused product features and features considered for incorporation into Intel products; the development and testing of accused product features; Intel's manufacturing capacity; and the source code for accused products. Selwyn Decl. ¶ 17a.<br><br>Furthermore, as green-boxed portions of pages 3 and 8 (line 3) reveals highly confidential information about Intel's sales volume and highly confidential analysis regarding the financial benefit to Intel of certain features. Selwyn Decl. ¶ 17b.<br><br>Furthermore, as green-boxed portions of pages 13-14 and 18-19 reveal highly confidential information regarding Intel's licenses, including payment terms from Intel's license agreements and the scope of Intel's license agreements.  Selwyn Decl. ¶ 17c. |
| Ex. 27 | Internal Intel presentation entitled "Favored Core Turbo: Productizing Variability" | Green-boxed portions | Granted, as green-boxed portions of pages 2-6, 8-25, and 27-33 reveal details and operation of accused product features and features considered for incorporation into Intel products, the development and testing of accused product features, source code, and the performance benefit to Intel of certain features.  Selwyn Decl. ¶ 18a.<br><br>Furthermore, as green-boxed portions of pages 7, 10, and 11 reveal highly confidential information regarding the financial benefit to Intel of certain features and Intel's costs. Selwyn Decl. ¶ 18b. |

4

| Ex. 28 | Excerpt from Rebuttal Report of John Kubiatowicz, Ph.D | Green-boxed portions | Granted, as green-boxed portions of pages 249-252 reveal details and operation of accused product features and features considered for incorporation into Intel products, the development and testing of accused product features, and the performance benefit to Intel of certain features. Selwyn Decl. ¶ 19. |
|---|---|---|---|
| Ex. 29 | Excerpt from the Reply Expert Report of Dr. Thomas M. Conte | Green-boxed portions | Granted, as green-boxed portions of pages 204-205, 207, 213, 230-232, 296, 306, and 308 reveal details and operation of accused product features and features considered for incorporation into Intel products, the development and testing of accused product features, and the performance benefit to Intel of certain features. Selwyn Decl. ¶ 20a.<br><br>Furthermore, green-boxed portions of pages 230 (paragraph 580) reveal highly confidential analysis regarding the financial benefit to Intel of certain features.  Selwyn Decl. ¶ 20b. |
| Ex. 30 | Attachment A-4 to the April 20, 2023 Expert Report of Dr. Ryan Sullivan | Green-boxed portions | Granted, as green-boxed portions of pages 2, 3 (bottom of page) and 6 reveal details and operation of accused product features and features considered for incorporation into Intel products, the development and testing of accused product features, and the performance benefit to Intel of certain features.  Selwyn Decl. ¶ 21a.<br><br>Furthermore, green-boxed portions of page 3 (top half of page) reveal highly confidential cost information. Selwyn Decl. ¶ 21b. |
| Ex. 31 | Excerpt from Expert Report of Dean P. Neikirk | Green-boxed portions | Granted, as green-boxed portions of pages 146-151 and 154 reveal details and operation of accused product features and features considered for incorporation into Intel products, the development and testing of accused product features, the performance benefit to Intel of certain features, and Intel's manufacturing capacity. Selwyn Decl. ¶ 22a.<br><br>Furthermore, green-boxed portions of pages 151, 153 reveal highly confidential financial information about Intel's costs.  Selwyn Decl. ¶ 22b. |

| | | | |
|---|---|---|---|
| Ex. 34 | Excerpt from the Rebuttal Expert Report of Lauren R. Kindler | Green-boxed portions | Green-boxed portions reveal highly confidential licensing information, including the scope of Intel's license agreements. Selwyn Decl. ¶ 23. |
| Ex. 35 | Excerpt from the Reply Expert Report of Mark J. Chandler | Green-boxed portions | Granted, as green-boxed portions of Exhibit 35 except for Table 15 on page 130 (which is addressed separately below) reveal highly confidential licensing information, including payment terms from Intel's license agreements and the scope of Intel's license agreements. Selwyn Decl. ¶ 24a.  Intel also seeks to seal the names of the counterparties to these agreements in Exhibit 35 because the names of counterparties to Intel's agreements are maintained in confidence by Intel, and Intel is under confidentiality obligations to the counterparties not to reveal that information. *Id.*<br><br>Furthermore, green-boxed portion of page 130 of Exhibit 35 reveals highly confidential financial information about Intel's sales volume. Selwyn Decl. ¶ 24b. |
| Ex. 36 | Exhibit 10A to the April 20, 2023 Expert Report of Mark J. Chandler | Green-boxed portions | Granted, as green-boxed portions of chart summarizing Intel produced license agreements reveal highly confidential license information, including payment information and the scope of Intel's license agreements. Selwyn Decl. ¶ 25. |
| Ex. 38 | Excerpt from the Expert Report of Dr. Thomas M. Conte | Green-boxed portions | Granted, as green-boxed portions of pages 67- 68, 72-78, 82-93, 177-179, 182-188, 190-203, 215-224, 228-230,232-233, 443-475, 485-487, 489, 562-572, 639, 643-647, and 649-656 reveal details and operation of accused product features and features considered for incorporation into Intel products, the development and testing of accused product features, source code, and the performance benefit to Intel of certain features. Selwyn Decl. ¶ 26a.<br><br>Furthermore, green-boxed portions of pages 472-475, 486-487, and 569 reveal or could be used to derive highly confidential information regarding Intel's financials, such as Intel's revenue and costs, or reveal confidential analysis regarding the financial benefit to Intel of certain features. Selwyn Decl. ¶ 26b. |

6

| | | | |
|---|---|---|---|
| Ex. 40 | Excerpt from the transcript of deposition of Jeremy Shrall | Green-boxed portions | Granted, as green-boxed portions reveal details and operation of accused product features and features considered for incorporation into Intel products, and the development and testing of accused product features. Selwyn Decl. ¶ 27. |
| Ex. 41 | Excerpt from an internal highly confidential Intel document | Green-boxed portions | Granted, as green-boxed portions reveal details and operation of accused product features and features considered for incorporation into Intel products, and the development and testing of accused product features. Selwyn Decl. ¶ 28. |
| Ex. 42 | Excerpt from the transcript of deposition of Doug Ingerly | Green-boxed portions | Granted, as green-boxed portions reveal details and operation of accused product features and features considered for incorporation into Intel products, the development of accused product features and manufacturing capacity. Selwyn Decl. ¶ 29. |

**B.     ECF No. 575**

Microsoft did not file a declaration in support of this administrative motion, so the administrative motion (ECF No. 575) is DENIED.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 573 is GRANTED.
2. ECF No. 575 is DENIED.

Dated: October 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge