UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTEL CORPORATION,<br><br>　　　　　Defendant. | Case No.  17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED; DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF No. 593, 594, 595] |

Before the Court are Intel Corporation's ("Intel") Administrative Motions regarding its Reply in support of Omnibus Daubert Motion (ECF No. 592):

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 593.

2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 594.

3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 595.

For the reasons described below, the Administrative Motions are GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Intel filed its Reply in support of its Omnibus Daubert Motion and corresponding administrative motions on August 25, 2023.  ECF No. 592.  On August 30, 2023, Intel notified the

1   Court that it had served Wisconsin Alumni Research Foundation ("WARF") in connection with
2   ECF No. 595. ECF No. 610. On September 5, 2023, VLSI Technology LLC ("VLSI") filed a
3   Corrected Declaration of Charlotte J. Wen in support of several sealing motions including ECF
4   No. 593. ECF Nos. 635 ("Wen Decl.").

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

\\

## III. DISCUSSION

The document at issue, Reply in support of Omnibus Daubert Motion, is related to a motion to strike VLSI's expert opinions related to available damages for the alleged infringement. These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

### A. ECF No. 593

VLSI seeks to seal selected portions of Intel's Reply in support of Omnibus Daubert Motion (ECF No. 592). ECF No. 635. VLSI writes that the information should be sealed because it includes "highly confidential information concerning VLSI's damages theories in this case, VLSI's licensing efforts and history, and specific details regarding the terms of VLSI's agreements with NXP Semiconductors." ECF No. 635 ¶ 7. VLSI contends that the analysis is narrowly tailored because "VLSI is only seeking to seal the specific sections that reflect VLSI's highly-confidential and proprietary damages analyses for the patents-in-suit.." *Id.* ¶ 10.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored. The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 591 Ex. 2 to Intel's Reply to Its Omnibus *Daubert* | Excerpts of the Reply Report of Dr. Conte | Blue highlighted portions at ¶¶ 105–06 | The blue-highlighted portions reflect highly-confidential and proprietary technical analyses for two of the patents-in-suit, including proprietary performance testing and analysis of physical accused products. Wen Decl. ¶¶ 17. Disclosure of this information could cause significant competitive and business harms to VLSI, as well as unfair advantage to Intel and other potential license counterparties. *See id.* ¶¶ 19–22. |

3

**B.     ECF No. 594**

NXP filed a declaration in support of this and other administrative motions (ECF No. 625), but it does not seek to seal anything from Intel's Reply, so the administrative motion (ECF No. 594) is DENIED.

**C.     ECF No. 595**

Wisconsin Alumni Research Foundation ("WARF") did not file a declaration in support of this administrative motion, so the administrative motion (ECF No. 595) is DENIED.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  ECF No. 593 is GRANTED.
2.  ECF No. 594 is DENIED.
3.  ECF No. 595 is DENIED.

Dated: October 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge