UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 598] |

Before the Court is VLSI Technology LLC's ("VLSI") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re VLSI's Reply Briefs in Support of its Motions to Exclude and Exhibits Thereto. (ECF No. 598) ("Administrative Motion"). The motion seeks to seal portions of VLSI's Reply in Support of VLSI's CORRECTED Daubert Motion to Exclude Damages Opinions of Intel's Experts (ECF No. 596) ("Damages Reply") and VLSI's Reply in Support of VLSI's CORRECTED Daubert Motion to Exclude Technical Opinions of Intel's Experts (ECF No. 597) ("Technical Reply").

For the reasons described below, the Administrative Motion is GRANTED.

**I.  BACKGROUND**

On August 25, 2023, VLSI filed the Damages Reply (ECF No. 596), Technical Reply (ECF No. 597), and Administrative Motion (ECF No. 598). On September 5, 2023, Intel Corporation ("Intel") filed a Declaration of Mark Selwyn in Support of Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and Exhibits. ECF Nos. 626 ("Selwyn Decl."), 627. NXP Semiconductors USA, Inc., its non-party parent company NXP Semiconductors B.V. as well as non-party Freescale Semiconductor Inc. ("Freescale") (collectively, "NXP") filed several declarations in support of sealing (*see, e.g.*, ECF Nos. 621,

625), but none call for redactions in connection with ECF No. 598.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

The documents at issue in VLSI's motions to seal are associated with its *Daubert* motions. These opinions concern infringement and invalidity of the patents at issue in the case, available damages for the alleged infringement, and efforts to strike or exclude expert opinions. These

2

1   issues are "more than tangentially related to the merits of [the] case" and therefore Intel must
2   provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*,
3   809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL
4   1091512, at *1 (N.D. Cal. Feb. 10, 2021).

5   Intel seeks to seal selected portions of a single exhibit. Intel writes that the financial
6   information should be sealed "because "[m]aintaining the confidentiality of technical information
7   about Intel's product design and operation, including for proposed designs, and manufacturing
8   processes is critical to Intel's business. Knowledge of this information by third parties would put
9   Intel at a competitive disadvantage in future product development and in its business dealings as
10  its competitors could incorporate that information into their own development strategies and
11  products to gain an unfair advantage over Intel in the market." ECF No. 626 ¶ 13. Intel contends
12  that the analysis is "narrowly tailored to Intel's manufacturing capacity and technical information
13  regarding the design and operation of the accused features." *Id.* ¶ 16.

14  The Court finds that compelling reasons exist to seal the highlighted portions of the
15  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1
16  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under
17  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
18  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
19  business information" in the form of "business strategies" sealable under the compelling reasons
20  standard.). The Court also finds that the request is narrowly tailored. The Court's ruling is
21  summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. 43 | | Green-boxed portions | Granted, as green-boxed portions on pages 47 and 69 reveal highly confidential technical information regarding design details and operation of accused product features and features considered for incorporation into Intel products; the development and testing of accused product features; and Intel's manufacturing capacity. Selwyn Decl. ¶¶ 15-16. Green-boxed portions on page 71 reveal highly confidential information regarding the criteria that Intel considers when determining prices for the accused products. Selwyn Decl. ¶¶ 19, 21. |

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that VLSI Technology LLC's ("VLSI") Administrative Motion (ECF No. 598) is GRANTED.

Dated: October 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge