# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 698] |

Before the Court is Intel Corporation's ("Intel") Administrative Motion to File Under Seal Portions of Intel's Opposition to VLSI Technology LLC's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. ECF No. 698 ("Administrative Motion"). For the reasons described below, the Administrative Motion is GRANTED.

**I.  BACKGROUND**

On September 27, 2023, Intel filed its Oppositions to VLSI Technology LLC's ("VLSI") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. ECF No. 699 ("Opposition"). On the same day, Intel filed an Administrative Motion in connection with the Opposition. ECF No. 698.

**II.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to

1  motions that are "more than tangentially related to the underlying cause of action" bear the burden
2  of overcoming the presumption with "compelling reasons" that outweigh the general history of
3  access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
4  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

**III.  DISCUSSION**

The document at issue, Intel's Opposition to VLSI's Motion for Relief, is related to a motion to strike VLSI's expert opinions related to available damages for the alleged infringement. These issues are "more than tangentially related to the merits of [the] case" and therefore Intel must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

Intel seeks to seal selected excerpts from its Opposition. Intel explains that "[d]isclosure of information regarding Intel's financial decisions and Intel's marketing research and strategies (e.g., Intel's confidential analysis regarding what features Intel's customers value, the potential price premiums associated with those features, and how Intel expects certain features to affect the sales of certain products) would provide competitors and potential counterparties with unfair insight into Intel's business strategies and cost/benefit analyses." ECF No. 698 at 2. Intel further argues, "[b]ecause of the highly confidential nature of the information Intel seeks to seal and the potential harm that Intel could suffer in competition with other manufacturers, there is no less restrictive alternative to sealing the requested information." ECF No. 698-1 ¶ 9.

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  | Intel's Opposition to VLSI Technology LLC's Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge | Green highlighted portions | Granted, as green highlighted portions reveal Intel's confidential analysis regarding what features Intel's customers value, the potential price premiums associated with those features, and how Intel expects certain features to affect the sales of certain products. Selwyn Decl. ¶ 8. |

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Intel's Administrative Motion to Seal (ECF No. 698) is GRANTED.

Dated: October 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge