UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br>    Plaintiff,<br>v.<br>INTEL CORPORATION,<br>    Defendant. | Case No.  17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re:  ECF No. 776] |

Before the Court is the parties' Joint Administrative Motion to File Under Seal Portions of Dkt. No. 772. ECF No. 776 ("Motion"). For the reasons discussed below the Motion is GRANTED.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809

F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.     DISCUSSION

The document at issue is the Court's order regarding the parties' motions for summary judgment. The document concerns infringement and invalidity of asserted patents. These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

The parties argue that compelling reasons exist to seal the material it seeks to seal because "[k]nowledge of this information by third parties would put Intel at a competitive disadvantage in future product development and in its business dealings as its competitors could incorporate that information into their own development strategies and products to gain an unfair advantage over Intel in the market." ECF No. 776. The parties further explain that "[t]he portions of the Summary Judgment Order that Intel seeks to seal are narrowly tailored to nonpublic technical information, the disclosure of which would cause Intel competitive harm." *Id.* The parties bolster these arguments by providing additional details in the declaration of Mark Selwyn. *See* ECF No. 776-1 ("Selwyn Decl.").

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

(N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
| --- | --- | --- | --- |
| ECF No. 772 | Summary Judgment Order | Green highlighted portions | Granted, as green highlighted portion on page 13 at lines 14-15 reveals non-public highly confidential technical information regarding the design, operation, and development of certain Intel product prior art. Selwyn Decl. ¶ 11. Green highlighted portions on page 15 at lines 13 and 21 reveal non-public highly confidential technical information regarding the manufacturing processes of certain Intel product prior art. Selwyn Decl. ¶ 12.<br><br>Furthermore, green highlighted portions on page 33 at lines 19-21 and on page 42 at lines 14-18 and 20-22 reveal non-public highly confidential technical information regarding the design, operation, and development of the accused products and accused features. Selwyn Decl. ¶ 13.<br><br>Furthermore, green highlighted portions on page 44 at lines 14, 16-17, 20-21, and 25-27; on page 45 at lines 2, 20-21, 25-26, and 28; and on page 46 at line 5 reveal nonpublic highly confidential technical information regarding Intel manufacturing processes, including confidential information regarding when the transition occurred between prior and current product manufacturing methods. Selwyn Decl. ¶ 14. |

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' Motions to Seal at ECF No. 776 is GRANTED.

Dated: December 14, 2023

_____
BETH LABSON FREEMAN
United States District Judge