UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 783] |

Before the Court is the parties' Joint Administrative Motion to File Under Seal Portions of Supplemental Order Denying Parties' Motions for Summary Judgment on Intel's License Defense. ECF No. 783 ("Motion"). For the reasons discussed below the Motion is GRANTED.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809

1  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
2  court records attached only to non-dispositive motions because those documents are often
3  unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal
4  the documents attached to such motions must meet the lower "good cause" standard of Rule
5  26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard
6  requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
7  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
8  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated
9  by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.*
10 *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

**II.   DISCUSSION**

The document at issue is the Court's order regarding the parties' motions for summary judgment, which concerns infringement of the asserted patents. These issues are "more than tangentially related to the merits of [the] case" and therefore the parties must provide "compelling reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021).

Intel argues that green-highlighted information should be sealed because "[d]isclosure of licensing information regarding Intel's prior license agreements, such as the types of patents licensed and payment terms from Intel's agreements and the scope of Intel's licenses, would provide competitors and potential counterparties with unfair insight into Intel's business strategies and cost/benefit analyses." ECF No. 783 at 3. VLSI argues that blue-highlighted information should be sealed because "[t]he disclosure of these details, including proprietary contractual terms and practices, would significantly harm VLSI's business and licensing efforts, including by interfering with VLSI's ability to license its patent portfolio to other companies in the semiconductor industry by giving Intel, and other potential counterparties, an unfair advantage in future negotiations with VLSI." *Id.* at 4. The parties bolster these arguments by providing additional details in the declarations of Mark Selwyn and Charlotte Wen. *See* ECF No. 783-1

1  ("Selwyn Decl."); ECF No. 783-2 ("Wen Decl.").

2      The Court finds that compelling reasons exist to seal the highlighted portions of the
3  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1
4  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under
5  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
6  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
7  business information" in the form of "business strategies" sealable under the compelling reasons
8  standard.). The Court also finds that the request is narrowly tailored.

9      The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 781 | Supplemental Summary Judgment Order | Green highlighted portions | Granted, as the green-highlighted portions contain highly confidential information that the Court has previously sealed. Selwyn Decl. ¶ 9; ECF No. 339. |
| ECF No. 781 | Supplemental Summary Judgment Order | Blue highlighted portions | Granted, as the blue-highlighted portions contain highly confidential and proprietary details of the Patent Purchase and Cooperation Agreement between VLSI and NXP ("PPCA"), public disclosure of which could result in significant competitive and business harms to VLSI, and which this Court has sealed in the past. See Wen Decl. ¶¶ 7, 8-9; see also ECF No. 767. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Motions to Seal at ECF No. 783 is GRANTED.

Dated: December 29, 2023

                                                *[signature]*
                                                BETH LABSON FREEMAN
                                                United States District Judge