Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
Amy E. Proctor (SBN 283845)
Dominik Slusarczyk (SBN 287084)
Charlotte J. Wen (SBN 313572)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: aproctor@irell.com
Email: dslusarczyk@irell.com
Email: cwen@irell.com

(*Additional counsel listed on signature page*)

*Counsel for Plaintiff*
VLSI TECHNOLOGY LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

VLSI TECHNOLOGY LLC,

    Plaintiff,

v.

INTEL CORPORATION,

    Defendant.

Case No. 5:17-cv-05671-BLF-NC

**PLAINTIFF VLSI TECHNOLOGY LLC'S NOTICE OF MOTION AND MOTION FOR RULE 54(B) CERTIFICATION, STAY REMAINING CLAIMS PENDING APPEAL, AND TO VACATE THE MARCH 25, 2024 TRIAL DATE**

Date: January 4, 2023
Time: 9:00 a.m.
Place: Courtroom 3, 5th Floor
Judge: Hon. Beth Labson Freeman

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 4, 2024, or as soon thereafter as it may be heard, in the courtroom of the Honorable Beth Labson Freeman, Courtroom 3, 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Plaintiff VLSI Technology LLC ("VLSI") will and hereby does move to certify under Fed R. Civ. P. 54(b) this Court's summary judgment rulings on U.S. Patent No. 8,566,836 (the "'836 Patent") and U.S. Patent No. 8,004,922 (the "'922 Patent"), to stay all remaining claims pending VLSI's Federal Circuit appeal as to those patents, and to vacate the currently-scheduled March 25, 2024 trial date.

VLSI first attempted to reach out to counsel for Intel on December 22, 2023 to propose that the parties come to an agreement on an approach that would allow them to proceed directly to appeal as to the '836 and '922 Patents, and conserve resources as to the March 25, 2024 trial. Intel rejected that proposal on January 2, 2024.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings on file in this action, and such other matters as may be properly presented to the Court at the time of hearing.

**RELIEF REQUESTED**

VLSI requests the following relief:

1. Certification of the summary judgment rulings as to the '836 and '922 Patents in the Court's December 7, 2023 Order (ECF No. 772) for immediate appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

2. Stay of all remaining pending claims pending resolution of the appeal, so that the parties may proceed toward a single trial involving all patent infringement claims between VLSI and Intel instead of piecemeal or multiple trials. A stay in this case would conserve judicial, public, and party resources.

3. Vacatur of the March 25, 2024 trial date.

Case No. 5:17-cv-05671-BLF-NC

VLSI'S MOTION FOR RULE 54(B) CERTIFICATION, STAY, AND VACATUR OF TRIAL DATE

Dated: January 3, 2024

Respectfully submitted,

By: */s/ Charlotte J. Wen*

IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
Amy E. Proctor (SBN 283845)
Elizabeth C. Tuan (SBN 295020)
Charlotte J. Wen (SBN 313572)
Dominik Slusarczyk (SBN 287084)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: aproctor@irell.com
Email: etuan@irell.com
Email: cwen@irell.com
Email: dslusarczyk@irell.com

Babak Redjaian (SBN 185506)
Kamran Vakili (SBN 284441)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: bredjaian@irell.com
Email: kvakili@irell.com

*Counsel for Plaintiff*
VLSI TECHNOLOGY LLC

# TABLE OF CONTENTS

**Page**

I. CERTIFICATION OF THE COURT'S '836 AND '922 PATENT RULINGS WILL ALLOW THOSE CLAIMS TO PROCEED IMMEDIATELY TO APPEAL, FOLLOWED BY A SINGLE PATENT TRIAL ..................................................................................................................1

    A. The Court's '836 and '922 Patent Rulings Are Final Judgments ..........................2

    B. The Court Should Exercise Its Substantial Discretion To Certify Its Summary Judgment Rulings For Immediate Appeal ...............................................2

II. STAYING THE REMAINING CLAIMS PENDING APPEAL WILL FURTHER INTERESTS OF JUDICIAL ECONOMY .........................................................4

    A. A Stay Would Not Prejudice Intel...............................................................5

    B. A Stay Would Promote Judicial Economy And Conserve Resources ....................6

    C. The Case Could Proceed To Trial Immediately After Stay Is Lifted......................7

III. CONCLUSION ............................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 7, 2023, this Court issued its Order Granting In Part And Denying In Part VLSI's Motion For Summary Judgment; Granting In Part And Denying In Part Intel's Motion For Summary Judgment. ECF No. 772. In that Order, the Court granted summary judgment of no infringement as to all asserted claims of U.S. Patent No. 8,566,836 (the "'836 Patent"), and no infringement and invalidity as to all asserted claims of U.S. Patent No. 8,004,922 (the "'922 Patent"). The Court also granted summary judgment as to VLSI's claims for willful and indirect infringement. Remaining in the case are VLSI's infringement claims for U.S. Patent No. 7,675,806 (the "'806 Patent") and U.S. Patent No. 8,268,672 (the "'672 Patent").

VLSI respectfully requests that the Court certify those rulings under Rule 54(b) so that they may proceed immediately to appeal, and to vacate the currently scheduled March 25, 2024 trial pending resolution of the appeal. Given the Court's stated preference for having only one trial in this case, *e.g.*, ECF No. 229 (12/14/2018 *Markman* Hr'g Tr.) at 129:18–19, the interests of conserving judicial and party resources would be furthered by allowing appeal of those rulings now, in order to resolve with finality which patents should be tried at a single jury trial. That approach would reduce the parties' costs and reduce the Court's workload, and is particularly unlikely to prejudice any party given the fact that this case was already previously stayed for over two years.

VLSI first attempted to reach out to counsel for Intel on December 22, 2023 to propose that the parties come to agreement on an approach that would allow them to proceed directly to appeal as to the '836 and '922 Patents, and conserve resources as to the March 25, 2024 trial. Intel rejected that proposal on January 2, 2024. VLSI now moves to vacate the March 25, 2024 trial date; certify the Court's summary judgment rulings on the '836 and '922 Patents; stay the remaining issues briefly pending appeal; and proceed to a trial after resolution of that appeal.

## I. CERTIFICATION OF THE COURT'S '836 AND '922 PATENT RULINGS WILL ALLOW THOSE CLAIMS TO PROCEED IMMEDIATELY TO APPEAL, FOLLOWED BY A SINGLE PATENT TRIAL

VLSI seeks certification of the Court's summary judgment rulings as to the '836 and '922 Patents pursuant to Fed. R. Civ. P. 54(b), which states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"Entry of judgment under Rule 54(b) is proper where there is: (1) a final judgment; and (2) the district court determines that there is no just reason for delay of entry." *Largan Precision Co, Ltd v. Genius Elec. Optical Co., Ltd.*, No. 13-cv-02502-JD, 2015 WL 1940200, at *1 (N.D. Cal. April 29, 2015).

### A. The Court's '836 and '922 Patent Rulings Are Final Judgments

An order is a "final judgment" if (a) "it is a decision upon a cognizable claim for relief," and (b) it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

Here, it cannot be disputed that the Court's rulings as to the '836 Patent and '922 Patents are "final judgments" as to those patents. They are plainly "decisions upon a cognizable claim for relief" that conclusively dispose of multiple claims for relief in this case—in particular, VLSI's claims for patent infringement (ECF No. 1, Complaint ¶¶ 80–96, 125–139), and Intel's declaratory judgment claim for non-infringement (ECF No. 39, Answer ¶¶ 46–50, 76–80), as well as invalidity (*id*. ¶¶ 51–55, 81–85).

### B. The Court Should Exercise Its Substantial Discretion To Certify Its Summary Judgment Rulings For Immediate Appeal

District courts have "substantial discretion in determining when there is no just cause for delay." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). "Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment." *Id.*

Here, case management concerns counsel in favor of early certification as to the '836 and '922 infringement claims. Certification here, in combination with a stay of the other pending claims,

would minimize the likelihood of multiple trials. If VLSI prevails on appeal as to either of the '836 and '922 Patents, this case could then proceed to a single patent trial. If, however, the parties proceed with the March 25, 2024 trial, and VLSI later prevails on appeal as to the either of the '836 or '922 Patents (or both), then multiple patent trials would need to be held in this case.

Multiple patent trials would not only crowd this Court's already busy docket, but would impose significant costs on the parties, as well as any non-party witnesses that may participate in the trial. Many of the likely trial witnesses are located outside of this District, for example, and would incur duplicative travel burdens. The costs of trial itself are also significant. And, of course, given the common issues raised by both parties in connection with each of the four patents, much of the same subject matter would need to be covered twice before two different juries if there were two separate trials. It would be substantially more efficient, as a matter of judicial economy, to allow VLSI to appeal the Court's non-infringement rulings before proceeding with a trial in this case.

For example, there is substantial factual and witness overlap between the '836 and '922 Patents (as to which the Court granted summary judgment of non-infringement), and the '806 and '672 Patents (which currently remain in the case). For example:

- The '836 and '806 Patents share a common non-party inventor, Ravindraraj Ramaraju, who the parties have deposed in connection with this case. In addition, multiple Intel engineers were designated by Intel to testify in Rule 30(b)(6) capacity as to issues relevant to the infringement and validity of multiple patents, including Steve Johnson ('836 and '806) and Daniel Borkowski ('836, '922, and '806).
- The '836 and '806 Patents share a common testifying technical expert, Dr. Thomas Conte, who has opined on infringement and validity of both patents.
- The '922 and '806 Patents likewise share a common testifying technical expert, Dr. Alyssa Apsel, who has likewise opined on infringement and validity of both patents.
- Accused products overlap between the patents, including Broadwell ('836, '922, and '806), Ice Lake ('922 and '806), Ivy Bridge ('922 and '806).

Thus, if this case were to proceed to two separate trials, those trials would necessarily involve evidentiary and witness duplication. This overlap further counsels in favor of allowing the '836 and '922 Patents to proceed to appeal prior to holding a trial in this case.

Judge Orrick recently certified non-infringement rulings under Rule 54(b) in *Intel Corp. v. Tela Innovations*, reasoning that doing so would allow the Federal Circuit to address these patent issues "as soon as possible" and "minimize[] the likelihood of multiple trials":

> Certification of infringement, in particular, makes sense from the perspective of judicial and party economy. My finding of noninfringement removes the need to hold a trial not just on it but on Intel's invalidity arguments and on the host of issues that accompany infringement, such as willfulness and damages. Certifying this issue before other, more peripheral issues are resolved permits the Federal Circuit to address it as soon as possible and minimizes the likelihood of multiple trials.

*Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-cv-02848-WHO, 2021 WL 783560, at *10 (N.D. Cal. Mar. 1, 2021). In *Tela*, the court issued an order finding summary judgment of non-infringement, although other claims—including a breach of contract claim—remained pending between the parties. *Id.* The plaintiff moved for certification of the noninfringement opinion, and to stay the remainder of the claims pending appeal. *Id.* The court granted that motion, reasoning that "[a] stay of all other claims pending appeal is warranted. It minimizes the probable burden for the parties, counsel, and this court, and it ensures that issues are tried in the most efficient way." *Id.* at *11.

As discussed further below, the combination of a certification as to the Court's noninfringement rulings on the '836 and '922 Patents, and a brief stay while those rulings are appealed, will ensure that this case proceeds timely and efficiently to a single trial. Such an approach would substantially reduce both the temporal and monetary costs associated with trial preparation and trial, and prevent the overcrowding of this Court's docket.

## II. STAYING THE REMAINING CLAIMS PENDING APPEAL WILL FURTHER INTERESTS OF JUDICIAL ECONOMY

In addition to certifying the Court's summary judgment rulings for the '836 and '922 Patents for immediate appeal, VLSI respectfully requests a stay of the remaining claims pending appeal of

those certified rulings.

District courts have significant and broad authority to control their dockets. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

The Federal Circuit has identified three "typical" factors to be analyzed in deciding whether to grant a stay: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Nonetheless, the district court is also well within its discretion to take into account additional considerations that may not be captured by these three factors. *Id.* at 1362 ("Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test."). *See also Tela*, 2021 WL 783560, at *11 (considering possible appeal outcomes, and concluding that allowing the parties to appeal non-infringement before proceeding with trial would allow the issues to be "tried in the most efficient way")

Here, the Court has expressed its strong preference for a single trial in this case. Even if the parties proceed through the March 25, 2024 trial, VLSI intends to appeal the Court's non-infringement rulings as to the '836 and '922 Patents. As explained above in connection with VLSI's request for certification under Rule 54(b), this could very well result in the parties having to proceed through two or more separate patent trials in this case. In the interest of conserving judicial resources, and out of respect for the Court's docket, VLSI requests that the Court implement a brief stay of these proceedings pending resolution of VLSI's appeal as to the '836 and '922 Patents.

### A. A Stay Would Not Prejudice Intel

VLSI does not believe that a stay would "unduly prejudice or present a clear tactical

disadvantage to the non-moving party"—here, Intel.  This case was already stayed, at Intel's request, for over two years, from March 2019 until September 2021. *See* ECF No. 250 (Intel's Motion to Stay); ECF No. 278 (Intel's Motion to Continue Stay).  In its stay motions, Intel noted that it "would [not] make sense to proceed on only a subset of the asserted patents, which would greatly increase the likelihood of duplicative discovery, hearings, and multiple trials." ECF No. 278 at 2.  That same reasoning continues to apply here.  An additional stay of proceedings to ensure that the parties need only proceed with one trial and one pretrial conference would not prejudice either party.

In addition, in contrast to Intel's sought-after stays—which spanned both the initial IPR process and the resolution of the IPR appeals—VLSI here requests only a brief stay to appeal the Court's noninfringement decisions.

### B. A Stay Would Promote Judicial Economy And Conserve Resources

A stay would "simplify the issues in question and trial of the case" because it would allow the parties to try the patents in a single trial, instead of on a piecemeal basis.  Proceeding to trial only once, instead of multiple times on multiple different issues, necessarily simplifies the "trial of the case."  It would also allow the issues that remain, post-appeal, to be tried in the most efficient manner possible.  For instance, in *Tela*, the court reasoned that, if noninfringement appeal were *unsuccessful*, "the landscape will have materially shifted, the prospects for settlement may have too and there may not be any trial on the remaining claims at all." *Tela*, 2021 WL 783560, at *11–12.  If the noninfringement appeal *were* successful, the parties could resolve all issues in a single round of jury and bench trials.  *Id*.  Here, too, clarity from the Federal Circuit regarding the '836 and '922 Patents would allow the parties and the Court to proceed with trial in the most efficient manner possible.

In addition, as explained in more detail above in Section I.B, there are numerous overlapping facts and witnesses between the two sets of patents, such that a brief stay will avoid the cost and duplicative burden of covering overlapping subject matter—and presenting the same witnesses—at two separate trials.

**C.     The Case Could Proceed To Trial Immediately After Stay Is Lifted**

Fact and expert discovery have closed in this case, and trial is currently set for March 25, 2024.  However, because the parties have yet to exchange pretrial exchanges and disclosures, and have not yet filed motions in *limine*, instituting a stay now further streamlines the pretrial period.  The Court would only need to hear one set of motions in *limine*, and review one set of trial briefs, as opposed to the two sets of motions and briefs that would be implicated if VLSI were to prevail on its appeal as to the '836 and '922 Patents.

Thus, a brief stay pending a Federal Circuit appeal would not prejudice either party, and would further the interests of judicial economy.

## III.     CONCLUSION

VLSI respectfully requests that the Court vacate the March 25, 2024 trial date; certify its rulings as to the '836 and '922 Patents for immediate appeal to the Federal Circuit; and stay the remaining issues in the case pending the resolution of that appeal.  A brief stay would not prejudice the parties—particularly as this case was already previously stayed for over two years—and would significantly reduce the likelihood of multiple trials.

Dated: January 3, 2024

Respectfully submitted,

By: */s/ Charlotte J. Wen*

IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
Amy E. Proctor (SBN 283845)
Elizabeth C. Tuan (SBN 295020)
Charlotte J. Wen (SBN 313572)
Dominik Slusarczyk (SBN 287084)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: aproctor@irell.com

| | |
|---|---|
| 1 | Email: etuan@irell.com |
| 2 | Email: cwen@irell.com |
|   | Email: dslusarczyk@irell.com |
| 3 | |
|   | Babak Redjaian (SBN 185506) |
| 4 | Kamran Vakili (SBN 284441) |
|   | **IRELL & MANELLA LLP** |
| 5 | 840 Newport Center Drive, Suite 400 |
|   | Newport Beach, CA 92660-6324 |
| 6 | Telephone: (949) 760-0991 |
|   | Facsimile: (949) 760-5200 |
| 7 | Email: bredjaian@irell.com |
| 8 | Email: kvakili@irell.com |

*Counsel for Plaintiff*
VLSI TECHNOLOGY LLC