**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER DENYING REQUEST TO PROCEED TO TRIAL ON AFFIRMATIVE DEFENSE**<br><br>[Re: ECF No. 798] |

Before the Court is Defendant Intel Corporation's ("Intel") Supplemental Briefing Regarding Trial on its License Defense. ECF No. 798 ("Br."). Intel argues that a jury should hear its affirmative defense that Intel is licensed to use the Asserted Patents, even though the Court ruled dispositively for Intel on two of the Asserted Patents, ECF No. 772, and VLSI signed an unconditional covenant not to sue Intel for infringement of the remaining two Asserted Patents. ECF No. 801. Plaintiff VLSI Technology LLC ("VLSI") opposes Intel's request, arguing that the affirmative defense is now moot, thus depriving the Court of jurisdiction. ECF No. 803 ("Resp."). Each party has filed a request to consider additional briefing. *See* ECF No. 804-1 ("Reply"); ECF No. 805-1 ("Sur-Reply"). Although largely repetitive of prior arguments and unnecessary, the Court has considered these additional briefs. For the reasons described below, Intel's request is DENIED.

**I.     BACKGROUND**

On October 2, 2017, VLSI brought this action, asserting that Intel products infringe eight of its patents. ECF No. 1. In its "Amended Answer, Defenses, and Counterclaims," filed on December 21, 2021, Intel alleges as its seventh affirmative defense that "Intel is not liable for infringement because it possesses a license and full release of liability with respect to all patents

asserted in VLSI's Complaint." ECF No. 334 ¶ 145. Intel additionally brought sixteen counterclaims (beginning on page 24), two each for the eight originally asserted patents, claiming 1) non-infringement of each patent, and 2) invalidity of each patent. *See id.* ¶¶ 6–85.

Four patents remained at summary judgment: U.S. Patent No. 8,566,836 ("'836 Patent"), U.S. Patent No. 8,004,922 ("'922 Patent"), U.S. Patent No. 7,675,806 ("'806 Patent"), and U.S. Patent No. 8,268,672 ("'672 Patent") (collectively the "Asserted Patents"). On December 7, 2023, the Court granted summary judgment that Intel does not infringe the asserted claims of the '836 and '922 Patents and that the '922 Patent is invalid, but denied Intel's motion for summary judgment that Intel does not infringe the asserted claims of the '806 and '672 Patents. ECF No. 772 at 55. In a supplemental order, the Court then denied Intel and VLSI's cross motions for summary judgment on Intel's license defense and determined that the defense should be decided at trial based on the narrow question of whether VLSI and certain Finjan entities are under common control of Fortress Investment Group. ECF No. 781 at 16–17. Shortly after the Court issued its supplemental order, VLSI granted Intel an "unconditional covenant not to sue as to the '806 and '672 Patents" and dismissed all claims relating to those two patents. ECF No. 798-2 at 2; ECF No. 801.

At a hearing on January 4, 2024 previously scheduled for argument on the parties' *Daubert* motions pertaining to the '806 and '672 Patents, the Court ordered briefing on whether "trial can go forward on the licensing defense" for the '836 and '922 Patents. ECF No. 797 at 27:22–25. Trial is scheduled for March 2024, two months from now.

Although it is clear that the license defense is ready to be submitted to a jury and this Court is in a position expeditiously to resolve this dispute, the Court always must consider whether it retains the jurisdiction to do so.

## II.  LEGAL STANDARD

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam). "No matter how vehemently the parties continue to

1   dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute
2   'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.*
3   (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

### III.     DISCUSSION

Intel's argument that the Court should proceed to trial on the license defense is presented in two parts: 1) the Court retains jurisdiction to proceed to trial on the license defense and whether to do so is simply a matter of discretion for this Court; and 2) the Court should exercise its discretion to proceed with trial on the defense. Br. at 4, 8. The Court addresses only Intel's argument that the Court retains jurisdiction and has discretion to proceed to trial on the license defense. Critical to this analysis is the fact that Intel only seeks trial on an affirmative defense; it did not assert the license defense as a counterclaim. Because the Court finds that it no longer has jurisdiction over the affirmative defense, it need not reach the second part of Intel's argument.

Intel makes three arguments in support of its position that the court retains jurisdiction and has the discretion to proceed to trial.

First, Intel argues that the summary judgment order is an interlocutory order, and therefore "does not 'end the action.'" *Id.* at 4 (quoting Fed. R. Civ. P. 54(b)). VLSI responds that courts "have expressly and repeatedly held that a finding of non-infringement moots any affirmative defenses." Resp. at 1. In its Reply, Intel argues that "the cases VLSI cites really applied mootness *as a discretionary matter and not as a jurisdictional basis* for declining to review alternative defenses" and suggests that the doctrine of prudential mootness applies here. Reply at 1 (emphasis in original). In its Sur-Reply, VLSI argues that the cases in its "brief deal with traditional Article III mootness, not prudential mootness" and that "Intel's arguments regarding 'prudential mootness' are therefore irrelevant." Sur-Reply at 1.

The Court agrees with VLSI. Courts regularly hold that a finding of non-infringement moots any affirmative defenses, including license defenses. *IGT v. Bally Gaming Int'l, Inc.*, 610 F. Supp. 2d 288, 331 (D. Del. 2009) ("[I]n light of the court's conclusion that defendants do not infringe the '983 patent, the court denies as moot both parties' motions for summary judgment with respect to whether an implied license covers the '983 patent.") *aff'd*, 659 F.3d 1109 (Fed. Cir.

3

1   2011); *Evolved Wireless, LLC v. Apple Inc.*, No. 15-542-JFB-SRF, 2019 WL 3765925, at *1 (D.
2   Del. Aug. 9, 2019) (declining to hold a bench trial on an implied license defense because "[t]he
3   Court agrees with Apple that the defenses are presently moot and may never need to be decided. . .
4   . The assertion of the [license] defense in the other cases will have to be addressed in those
5   cases."). Now that VLSI has entered an unconditional covenant not to sue Intel as to the '806 and
6   '672 Patents, ECF No. 798-2, and dismissed the '806 and '672 Patents, ECF No. 801, all that
7   remains are two patents—the '836 Patent, which the Court found Intel does not infringe, and the
8   '922 Patent, which the Court found Intel does not infringe and is invalid. Because each claim has
9   either been ruled on dispositively or dismissed, "the issues presented are no longer live" and thus
10  no "Case" or "Controversy" remains before the Court. *Already*, 568 U.S. at 91. Thus, Intel's
11  affirmative defense that it does not infringe the '836 and '922 Patents because it is licensed to use
12  them is moot.
13      The Court rejects Intel's argument that the cases cited by VLSI address prudential
14  mootness. "The doctrine of prudential mootness permits a court to 'dismiss an [action] not
15  technically moot if circumstances have changed since the beginning of litigation that forestall any
16  occasion for meaningful relief.'" *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 744 F.3d 1124, 1135
17  (9th Cir. 2014) (quoting *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1142 (9th Cir.
18  2009)). Intel does not identify any case cited by VLSI where a court engaged in analysis such as
19  "whether circumstances [had] changed since the beginning of litigation" that would suggest that
20  court was applying the doctrine of prudential mootness.
21      Second, Intel points to several cases for the proposition that "courts can rely on alternative
22  grounds to support a judgment." Br. at 5. VLSI responds that "every court to explicitly consider
23  the question of whether to hold trial on a mooted affirmative defense has declined to do so."
24  Resp. at 2 (collecting cases).
25      The Court agrees with VLSI. As discussed above, no live claims remain; thus, the Court
26  cannot proceed to trial on Intel's affirmative defenses because they are moot. Intel's supporting
27  cases are unhelpful or inapposite. Notably, Intel does not identify a single case in which any court
28  has followed its proposed course of action: to proceed to a jury trial on an affirmative defense to

United States District Court
Northern District of California

claims that are no longer live. Many of Intel's cases simply address alternative rulings within the same opinion. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1375 (Fed. Cir. 1999) ("The court thus held that . . . Upjohn was barred from relying on the doctrine of equivalents by prosecution history estoppel. . . . As an alternative basis for summary judgment, the district court held that Upjohn was collaterally estopped by the judgment of invalidity and unenforceability . . . ."); *Okor v. Sega of Am., Inc.*, 30 F. App'x 950, 950 (Fed. Cir. 2002) ("The district court granted summary judgment of non-infringement on three alternative grounds"). And in *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993), the Supreme Court "affirmed the unremarkable proposition that . . . when a court has jurisdiction to review a case, and decides the issue on two independent grounds, the first half of its opinion does not moot the second half, or vice versa." *See Already*, 568 U.S. at 95.

In *Qualcomm Inc. v. Broadcom Corp.*, the Federal Circuit held that an affirmative defense of waiver was not mooted by a finding of non-infringement because "[i]t was entirely appropriate for the district court to address the defense of waiver after the jury returned a non-infringement verdict." 548 F.3d 1004, 1025 (Fed. Cir. 2008). But notably, all questions of non-infringement, validity, and equitable issues including waiver were sent to the jury together. *Id.* at 1009.

In *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, the court held that "efficiency and finality are served" by letting the defendant proceed to trial "on its counterclaim and defenses" despite a finding at summary judgment of non-infringement. 2014 WL 12601610, at *1–2 (C.D. Cal. Apr. 21, 2014). The plaintiff sought to have several of the defendant's "counterclaims and defenses . . . dismissed as moot due to various summary judgment rulings" because it would "complicate and multiply the trial and distract the jury." *Id.* at *1–2. The court disagreed, holding that a "finding of noninfringement does not moot a counterclaim for invalidity." *Id.* at 2 (citing *Cardinal Chem.*, 508 U.S. at 96, *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348–49 (Fed. Cir. 2005)). The court continued that "affirmative defenses of unenforceability are not necessarily mooted by a finding of non-infringement" and "protect Defendant in the event the Federal Circuit disagrees with this Court's summary judgment rulings." *Id.* The instant case is distinguishable because no live claims remain (Intel does not argue that any of its counterclaims are still live), and

5

Intel seeks only to adjudicate an affirmative defense against patents the Court already found Intel does not infringe. And Intel hardly needs to adjudicate the defense for protection in the event the Federal Circuit disagrees with the Court's summary judgment rulings; if the Court's summary judgment order is reversed and returns to this Court, Intel can litigate any remaining affirmative defenses then.

In *In re PersonalWeb Technologies, LLC Patent Litigation*, this Court denied a motion to enter partial final judgment after claim construction because summary judgment had already been filed and entering partial final judgment would have foreclosed Amazon from raising additional arguments on appeal. 2019 WL 7212318, at *1 (N.D. Cal. Oct. 31, 2019). Unlike the instant matter, in *PersonalWeb* the Court had not yet issued any non-infringement order; thus, mootness was not at issue, and the patentee's mere representation that it could not meet its burden to prove infringement under the Court's claim construction would not have deprived the court of jurisdiction. *Id.* at 2.

In *We Shall Overcome Foundation v. The Richmond Organization, Inc.*, a district court held that it could proceed to trial on alternative grounds after granting summary judgment of no valid copyright, even though the defendants tendered a covenant-not-to-sue as to the other portions of their copyright. 2018 WL 400776, at *1–2 (S.D.N.Y. Jan. 12, 2018). But in that case, "[t]he summary judgment order was not a decision that adjudicated all of the claims in the case[.]" *Id.* at 1 (quoting Fed. R. Civ. P. 54(b)). Here, no live claim remains to be adjudicated.

Finally, the parties make much of *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union* ("*SDCCU*"), where the Ninth Circuit recently held that a trademark invalidity claim was moot. 65 F.4th 1012, 1029 (9th Cir.), *cert. denied*, 144 S. Ct. 190 (2023). In *SDCCU*, the plaintiff sued for declaratory judgment of non-infringement and invalidity of a trademark. 65 F.4th at 1018–19. The district court granted the plaintiff's summary judgment motion of non-infringement, but nonetheless proceeded to trial on the invalidity claim over the defendant's objection. *Id.* at 1022. The district court ultimately issued a judgment of non-infringement and invalidity, and awarded attorneys' fees to the plaintiff. *Id.* On appeal, the Ninth Circuit held that the district court's non-infringement ruling divested it of subject matter jurisdiction as to the

6

invalidity claim, and vacated both the invalidity judgment and the award of attorneys' fees. *Id.* at 1030–32.  The court reasoned that "federal courts lack Article III jurisdiction to review questions of trademark validity unless the plaintiff faces a threat of infringement liability or otherwise suffers a justiciable injury that is fairly traceable to the trademark's validity." *Id.* at 1031.  Because the court found that "the record [was] devoid of any evidence [of] an ongoing threat of liability," it found that the invalidity claim was moot. *Id.*  The Court finds that *SDCCU* is not particularly applicable to the instant matter.  Unlike *SDCCU*, here, there is no question that Intel faces an ongoing threat of liability relating to alleged infringement of other VLSI patents. *See* Br. at 9 ("VLSI has filed actions in California, Delaware, Texas, and China against Intel in which it has asserted a total of 23 patents and sought more than $22 billion in damages."); *id.* at 3 (summarizing ongoing litigation).  But the general threat of liability from related litigation subject to the license defense is not at issue here, only whether Intel's affirmative defenses regarding the Asserted Patents in the instant matter are moot in light of the Court's summary judgment ruling.  And as discussed above, the Court finds that any affirmative defenses are moot.

Third, Intel argues that the covenant not to sue regarding the '806 and '672 Patents does not deprive the Court of jurisdiction because "VLSI has revealed its intention to continue asserting the '836 and '922 Patents" by indicating it intends to appeal. *Id.* at 7.  Intel further contends that "especially where the Court's summary judgment order 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities,' . . . this Court retains jurisdiction to resolve Intel's license defense." *Id.* at 8 (quoting Fed. R. Civ. P. 54(b)).  Intel alternatively argues that "the Court also retains jurisdiction over the license defense as necessary to adjudicat[e] Intel's claim for attorney's fees pursuant to 35 U.S.C. § 285." *Id.* at 8.

VLSI responds that "as a result of the Court's summary judgment order and VLSI's covenant not to sue on the remaining patents, this Court has no jurisdiction to rule on any of Intel's affirmative defenses (including, without limitation, the license defense)." Resp. at 3.  VLSI further notes that "neither Intel nor VLSI have sought reconsideration of the Court's summary judgment rulings." *Id.* at 7.  Regarding attorneys' fees, VLSI argues that Intel abandoned any claim for attorneys' fees relating to the '806 and '672 Patents in the covenant not to sue, and that

7

"even if Intel had preserved an attorneys' fees claim, it would not provide the Court with jurisdiction over a moot affirmative defense." *Id.* at 9–10.

The Court agrees with VLSI. VLSI's intent to continue asserting the '836 and '922 Patents on appeal does not require the Court to rule on the license defense now. As discussed above, if the Federal Circuit sends either patent back to this Court, and the license defense is still unresolved, the Court can address it and any remaining affirmative defenses then. Furthermore, the Court will not let the possibility of reconsideration of the summary judgment order—a pure hypothetical as there is no motion for reconsideration presently before the Court—serve as justification to continue to trial on affirmative defenses. Finally, that the Court retains jurisdiction to address a request for attorneys' fees does not establish jurisdiction for mooted issues. *SDCCU*, 65 F.4th at 1033. *Highway Equip. Co. v. FECO, Ltd.*, cited by Intel, merely stands for the proposition that even if no case or controversy remains, that "does not deprive the district court of jurisdiction to determine . . . the request for attorney fees under 35 U.S.C. § 285." 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006).

The Court finds that Intel's affirmative defenses were mooted by the Court's summary judgment order—which found in part that Intel does not infringe the asserted claims of the '836 and '922 Patents and that the '922 Patent is invalid—and VLSI's covenant not to sue and subsequent dismissal of the '806 and '672 Patents. Thus, Intel cannot proceed to trial on its affirmative defense that it is licensed to use the '836 and '922 Patents.

The Court addresses one final argument. In its response, VLSI argues that "Intel may not now seek to amend its answer to assert a new counterclaim long after the deadline has run[.]" Resp. at 5. The Court disagrees. Rule 16 permits Intel to *seek* to amend the scheduling order in order to amend its answer, upon a showing of "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017).

\\
\\
\\
\\

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Intel's request to proceed to trial on its affirmative defense that it is licensed to use the Asserted Patents is DENIED.

Dated: January 24, 2024

_____
BETH LABSON FREEMAN
United States District Judge