Mark D. Selwyn (CA SBN 244180)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Mark.Selwyn@wilmerhale.com

William F. Lee (*pro hac vice*)
Joseph J. Mueller (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Dominic E. Massa (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
William.Lee@wilmerhale.com
Joseph.Mueller@wilmerhale.com
Louis.Tompros@wilmerhale.com
Dominic.Massa@wilmerhale.com

Amanda L. Major (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Amanda.Major@wilmerhale.com

Mary V. Sooter (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Fax: (720) 274-3133
Mindy.Sooter@wilmerhale.com

*Attorneys for Defendant*
INTEL CORPORATION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>                Defendant. | Case No. 5:17-cv-05671-BLF-NC<br><br>**DEFENDANT INTEL CORPORATION'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO VLSI TECHNOLOGY LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Judge:  Hon. Beth Labson Freeman |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 1

I.   INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND .................................................................................................................. 3

III. LEGAL STANDARD ........................................................................................................... 5

IV.  ARGUMENT ........................................................................................................................ 5

    A.   There Is Good Cause To Amend The Scheduling Order Under Rule 16. .................... 5

    B.   Intel's Motion To Amend Should Be Granted Under Rule 15. ................................... 6

        1.   Intel's motion is not made in bad faith. ............................................................. 7

        2.   Intel did not unduly delay in amending its answer. .......................................... 7

        3.   VLSI is not unfairly prejudiced by Intel's amendment. .................................... 7

        4.   Intel's proposed amendment is not futile. ......................................................... 8

V.   CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Artemus v. Louie*,
  No. 16-cv-00626-JSC, 2017 WL 747368 (N.D. Cal. Feb. 27, 2017) ........................................8

*Cardinal Chemical Co. v. Morton International, Inc.*,
  508 U.S. 83 (1993) ..................................................................................................................9

*Cellulose Material Solutions, LLC v. SC Marketing Group, Inc.*,
  No. 22-CV-03141-LB 2023 WL 5184134 (N.D. Cal. Aug. 11, 2023) ....................................8

*Ciampi v. City of Palo Alto*,
  No. 09-CV-02655-LHK, 2010 WL 5174013 (N.D. Cal. Dec. 15, 2010) ................................5

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ..................................................................................................5

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................................................9

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
  312 U.S. 270 (1941) ................................................................................................................9

*Narog v. City of Redwood City*,
  No. C-13-03237 DMR, 2014 WL 3421166 (N.D. Cal. July 14, 2014) ..................................7

*Rodarte v. Alameda County*,
  No. 14-cv-00468-KAW, 2015 WL 5440788 (N.D. Cal. Sept. 15, 2015) ................................5

*Skillz Platform Inc. v. AviaGames Inc.*,
  No. 21-cv-02436-BLF, 2023 WL 7308385 (N.D. Cal. Nov. 6, 2023) ............................5, 6, 7

*Unicorn Energy GMBH v. Tesla Inc.*,
  No. 21-cv-07476-BLF, 2022 WL 16528138 (N.D. Cal. Oct. 28, 2022) .................................8

**Statutes and Rules**

Federal Rule of Civil Procedure 15 ................................................................................... *passim*

Federal Rule of Civil Procedure 16 ................................................................................... *passim*

**Docketed Cases**

*VLSI Technology LLC v. Intel Corp.*,
  No. 1:18-cv-00966 (D. Del.) ....................................................................................................3

*VLSI Technology LLC v. Intel Corp.*,
    No. 1:19-cv-00426 (D. Del.)...................................................................................................3

*VLSI Technology LLC v. Intel Corp.*,
    No. 6:19-cv-00254 (W.D. Tex.)...............................................................................................3

*VLSI Technology LLC v. Intel Corp.*,
    No. 6:19-cv-00255 (W.D. Tex.)...............................................................................................3

*VLSI Technology LLC v. Intel Corp.*,
    No. 6:19-cv-00256 (W.D. Tex.)...............................................................................................3

*VLSI Technology LLC v. Intel Corp.*,
    No. 1:19-cv-00977 (W.D. Tex.)...............................................................................................3

*VLSI Technology LLC v. Intel Corp.*,
    No. 6:21-cv-00057 (W.D. Tex.)...............................................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:21-cv-00299 (W.D. Tex.)...............................................................................................3

*VLSI Technology LLC v. Intel (China) Co.*,
    No. (2019) Hu 73 Zhi Min Chu No. 356 (Shanghai).................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
    No. (2021) Yue 03 Min Chu No. 5853 (Shenzhen)...................................................................3

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Intel Corporation ("Intel" or "Defendant") will, and hereby does, move the Court for leave to file a Second Amended Answer, Defenses, and Counterclaims to VLSI Technology LLC's Complaint for Patent Infringement. This motion is based on the following Memorandum of Points and Authorities, exhibits attached hereto, the pleadings and papers on file in this action, any other such matters upon which the Court may take judicial notice or which are incorporated by reference, the arguments of counsel, and any other matters that the Court may properly consider. Intel respectfully requests that the Court grant this motion and issue an order granting Intel leave to file a Second Amended Answer, Defenses, and Counterclaims. Concurrently with this motion, Intel is submitting a motion to shorten time for briefing and for the Court to resolve Intel's motion to amend on the papers. Intel notified counsel for Plaintiff VLSI Technology LLC that Intel intended to seek leave to amend to add a counterclaim for a declaratory judgment that Intel has a license to VLSI's patents, but VLSI has not provided its position on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

For more than two years, Intel and VLSI have been litigating Intel's defense to patent infringement based on a license agreement between Intel and VLSI's affiliate, and in December 2023, the Court determined that the license defense should be decided at trial based on the narrow question of whether VLSI and the Finjan Parties are under common control of Fortress. In an attempt to avoid the impending trial, VLSI voluntarily granted Intel a covenant not to enforce U.S. Patent Nos. 7,675,806 ("'806 patent") and 8,268,672 ("'672 patent") while indicating its intent to appeal the Court's order granting Intel summary judgment of no infringement for U.S. Patent Nos. 8,566,836 ("'836 patent") and 8,004,922 ("'922 patent") and of invalidity for the asserted '922 patent claims. VLSI then argued that this Court lacked jurisdiction over the license issue because "Intel is not seeking a trial on a counterclaim; it is seeking a trial on an affirmative defense." Dkt. 803 at 3-4. Although the Court found that "it is clear that the license defense is ready to be submitted to a jury and this Court is in a position expeditiously to resolve this dispute," the Court determined that it no longer had

1  jurisdiction over Intel's affirmative license defense in view of its summary judgment order on the '836
2  and '922 patents and VLSI's covenant not to sue on the '806 and '672 patents. Dkt. 807 at 2-3, 8.
3  The Court explained that "[c]ritical to this analysis is the fact that Intel only seeks trial on an
4  affirmative defense" and "did not assert the license defense as a counterclaim." *Id.* at 3.

5        The Court, however, "disagree[d]" with VLSI's argument that "Intel may not now seek to
6  amend its answer to assert a new counterclaim long after the deadline has run." *Id.* at 8 (quoting Dkt.
7  803 at 5). The Court noted that "Rule 16 permits Intel to seek to amend the scheduling order in order
8  to amend its answer, upon a showing of 'good cause and with the judge's consent.'" *Id.* (emphasis
9  omitted) (quoting Fed. R. Civ. P. 16(b)(4)).

10       Intel now respectfully requests leave to amend the case schedule under Rule 16 and to file an
11 amended answer under Rule 15 to assert a license counterclaim—and asks that, on this basis, the Court
12 maintain the March trial date to complete the adjudication of the license issue. This amendment would
13 resolve the issue that the Court identified as an impediment to its jurisdiction, and allow the Court to
14 supervise the adjudication of the only remaining license question: "control."

15       The advanced stage of these proceedings with respect to Intel's license defense and VLSI's
16 blatant gamesmanship to avoid a trial on that defense provide ample good cause to extend the deadline
17 to file an amended answer and amend the case schedule under Rule 16. VLSI waited until January
18 2024—after the close of discovery and after the Court resolved the parties' summary judgment
19 motions—to grant a covenant not to sue on the '806 and '672 patents in an admitted attempt to deprive
20 this Court of jurisdiction to resolve the license defense. But for VLSI's actions, Intel would have had
21 no need to plead its license defense as a counterclaim. Intel has acted diligently in promptly moving
22 to amend in response to VLSI's actions.

23       Intel's motion to amend should be granted under Rule 15's liberal amendment policy. Intel is
24 moving to amend promptly after the Court's finding that VLSI's actions deprived it of jurisdiction on
25 Intel's affirmative defense. The Court will be able to maintain the trial schedule, and there will be no
26 prejudice to VLSI in moving forward on a license issue on which the parties have already expended
27
28

significant resources. And Intel's motion is not futile as the Court has already denied VLSI's motion for summary judgment with respect to the license issue.[1]

## II.   BACKGROUND

VLSI was formed in 2016 by Fortress Investment Group LLC, a New York-based hedge fund, for the purpose of acquiring patents from NXP Semiconductor. Since its formation, VLSI's only business has been asserting former NXP patents against Intel across multiple jurisdictions. On October 2, 2017, VLSI filed this action—its first lawsuit against Intel—in which it originally asserted eight patents. Dkt. 1. VLSI subsequently filed an action on June 28, 2018 against Intel in Delaware in which VLSI asserted five patents. *VLSI Tech. LLC v. Intel Corp.*, No. 1:18-cv-00966, Dkt. 1 (D. Del. June 28, 2018). VLSI then filed a second action in Delaware in March 2019, but voluntarily dismissed that action one month later and re-filed it as three separate actions (with two additional patents) in the Western District of Texas. *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-cv-00426, Dkt. 1 (D. Del. Mar. 1, 2019), Dkt. 15 (D. Del. Apr. 11, 2019); *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-00254, Dkt. 1 (W.D. Tex. Apr. 11, 2019) (now *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057); *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-00255, Dkt. 1 (W.D. Tex. Apr. 11, 2019) (now *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00299); *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-00256, Dkt. 1 (W.D. Tex. Apr. 11, 2019) (now *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-cv-00977). VLSI has also filed two actions in China in which it has asserted two additional patents. *See VLSI Tech. LLC v. Intel (China) Co.*, No. (2019) Hu 73 Zhi Min Chu No. 356 (Shanghai); *VLSI Tech. LLC v. Intel Corp.*, No. (2021) Yue 03 Min Chu No. 5853 (Shenzhen). In total, VLSI has asserted 23 patents against Intel across these cases and sought more than $22 billion in damages.

---

[1] Intel's proposed amendment to add a declaratory judgment license counterclaim to the answer appears in Count XVII (paragraphs 87-118) of the Counterclaims of the attached Second Amended Answer, Defenses, and Counterclaims to VLSI Technology's Complaint for Patent Infringement. *See* Exhibit A; Exhibit B. The attached also clarifies the Court's jurisdiction in paragraphs 4 and 5 and includes footnotes to clarify the status of certain patents that VLSI has dropped or on which VLSI has granted covenants not to sue.

In 2020, Fortress acquired control of Finjan Holdings. That acquisition triggered Intel's rights under a 2012 License to practice patents owned by two Finjan Parties and their "Affiliates." Intel then amended its answer to add a license defense. Dkt. 334 ¶¶ 145-146. After discovery closed, the parties filed cross motions for summary judgment on Intel's license defense. *See* Dkt. 579-3 at 18-21; Dkt. 588-2 at 1-15. Intel also moved for summary judgment of no infringement for the '836, '922, '806, and '672 patents and of invalidity for the asserted claims of the '922 patent. Dkt. 579-3 at 1-18.

On December 7, 2023, the Court granted summary judgment of no infringement for the '836 and '922 patents and of invalidity for the asserted '922 patent claims, but denied Intel's motion for summary judgment of no infringement for the '806 and '672 patents. Dkt. 772 at 55. In a supplemental order, the Court then denied Intel's and VLSI's cross motions for summary judgment on Intel's license defense and determined that the defense should be decided at trial based on the narrow question of whether VLSI and the Finjan Parties are under common control of Fortress. Dkt. 781 at 16-17 ("Whether VLSI and the Finjan Parties are under common control by Fortress is an issue of fact. … VLSI and Intel have both presented evidence that creates a genuine dispute of material fact."). Shortly after the Court's supplemental order, VLSI granted Intel a covenant not to enforce the '806 and '672 patents. *See* Dkt. 798-2 at 1; Dkt. 799. This Court then ordered briefing to determine whether "trial can go forward on the licensing defense" for the '836 and '922 patents. Dkt. 797 at 27:22-25.

After the parties submitted competing briefs on this issue, Dkts. 798, 803, 804-1, 805-1, the Court found that "Intel's affirmative defenses were mooted by the Court's summary judgment order—which found in part that Intel does not infringe the asserted claims of the '836 and '922 Patents and that the '922 Patent is invalid—and VLSI's covenant not to sue and subsequent dismissal of the '806 and '672 Patents." Dkt. 807 at 8. As a result, the Court determined that "Intel cannot proceed to trial on its affirmative defense that it is licensed to use the '836 and '922 Patents." *Id.* But the Court rejected VLSI's argument that "'Intel may not now seek to amend its answer to assert a new counterclaim long after the deadline has run.'" *Id.* (quoting Dkt. 803 at 5). The Court explained that "Rule 16 permits Intel to ***seek*** to amend the scheduling order in order to amend its answer, upon a showing of 'good cause and with the judge's consent.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)).

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amended pleadings," Rule 16's "good cause" "standard[] control[s]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.

"If the moving party establishes 'good cause' to modify the scheduling order" under Rule 16(b), "it must then demonstrate that its motion is also proper under Rule 15." *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7308385, at *1 (N.D. Cal. Nov. 6, 2023) (quoting *Rodarte v. Alameda Cnty.*, No. 14-cv-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015)). "The court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The factors considered when determining whether to grant leave to amend include: '(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.'" *Skillz Platform*, 2023 WL 7308385, at *1 (quoting *Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010)).

### IV. ARGUMENT

#### A. There Is Good Cause To Amend The Scheduling Order Under Rule 16.

As explained above, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Here, Intel is moving to amend its answer within two days of the Court ruling that it no longer has jurisdiction to adjudicate Intel's affirmative license defense. This motion is necessitated by VLSI's blatant gamesmanship. Intel previously amended its answer to add an affirmative license defense, which was more than sufficient for Intel to have the license issue adjudicated in this action. After this Court determined that the license defense should be decided at trial based on the narrow question of whether VLSI and the Finjan Parties are under common control of Fortress, however, VLSI granted a covenant not to sue on the '806 and '672 patents in an effort to deprive this Court of jurisdiction to adjudicate the license defense. As a result of VLSI's covenant and the Court's prior summary judgment order granting summary judgment

of no infringement for the '836 and '922 patents and of invalidity for the asserted '922 patent claims, the Court determined that it no longer has jurisdiction over Intel's affirmative license defense.

Meanwhile, however, VLSI continues to indicate that it plans to assert infringement of the '836 and '922 patents after it appeals the Court's summary judgment ruling on those patents. VLSI also has indicated that it intends to try to relitigate in Texas the license issues that this Court already resolved against VLSI in its summary judgment order in this case. Simply put, VLSI is trying to escape from this Court so that it may avoid the progress the Court has made in adjudicating Intel's license defense, and then pursue its patent assertion campaign on appeal and in other courts.

Against this backdrop, Intel meets the "good cause" standard as it has been diligent in promptly moving to amend to add a counterclaim based on its license after the Court's jurisdictional ruling. Before VLSI took extraordinary actions in this case to deprive this Court of jurisdiction, there was simply no need for such a counterclaim. But now that there is a need for such a counterclaim, Intel is seeking leave to add a counterclaim without any delay.

Although trial is less than two months away, the relief sought by this motion will cause no prejudice to VLSI. Intel's license counterclaim would not introduce any new issues into this case, and is necessitated by VLSI's own actions in any event. The parties have completed discovery in this action and this Court has already resolved the parties' cross motions for summary judgment on the license issue. The parties have also been exchanging pre-trial filings. Intel's license counterclaim does not present any new or unexpected issues—quite the contrary, it simply presents the already-litigated license issues in the procedural vehicle of a counterclaim—and the Court can grant this motion and move forward with trial on its current schedule.

Therefore, under these circumstances, good cause exists under Rule 16 for leave to amend the scheduling order. *See Skillz Platform*, 2023 WL 7308385, at *2 (finding good cause for leave to amend a scheduling order even though "trial is less than one month away" because the moving party was diligent and any prejudice to the opposing party "is minimal").

B. **Intel's Motion To Amend Should Be Granted Under Rule 15.**

Because Intel has established good cause to allow an amendment to the pleadings after the scheduling order deadline, leave to amend under Rule 15 should be freely granted so long as this

motion is also proper under Rule 15.  Here, leave to amend should be granted under Rule 15 because (1) Intel's amendment is not being brought in bad faith, (2) Intel did not unduly delay in seeking leave, (3) the amendment would not unfairly prejudice VLSI, and (4) the amendment is not futile.

### 1. Intel's motion is not made in bad faith.

The parties have been actively litigating the license issue in this forum since Intel amended its answer to add an affirmative defense in December 2021.  This further amendment to add a counterclaim based on Intel's license is necessitated by *VLSI*'s effort to avoid adjudication of the license issue in this forum and to instead seek to have it adjudicated in the Western District of Texas, even though "it is clear that the license defense is ready to be submitted to a jury [in this forum] and this Court is in a position expeditiously to resolve this dispute." *See* Dkt. 807 at 2; *supra* pp. 5-6.

"Bad faith in the context of a motion to amend a complaint to add parties or claims typically involves the moving party's efforts to prolong the litigation or destroy diversity jurisdiction." *Skillz Platform*, 2023 WL 7308385, at *3 (quoting *Narog v. City of Redwood City*, No. C-13-03237 DMR, 2014 WL 3421166, at *3 (N.D. Cal. July 14, 2014)).  Here, that is certainly not the case.  Intel is moving to amend and looking to proceed to the trial that is already scheduled for March 25.  VLSI was the party that attempted to destroy jurisdiction; Intel's motion to amend is simply intended to allow the Court to expeditiously resolve the dispute regarding Intel's license.  Thus, Intel is not acting in bad faith in seeking amendment now.

### 2. Intel did not unduly delay in amending its answer.

Intel did not unduly delay in moving to amend its answer to add the license counterclaim. Instead, as explained above, Intel was diligent in seeking amendment. *See supra* pp. 5-6.  In particular, Intel promptly moved to amend after the Court determined that it no longer had jurisdiction over Intel's affirmative license defense.  Intel had no reason to bring a counterclaim before VLSI sought to deprive this Court of jurisdiction.  Intel has diligently and actively pursued the license issue to date and is continuing to do so by promptly filing this motion.

### 3. VLSI is not unfairly prejudiced by Intel's amendment.

As explained above, VLSI will also not be unfairly prejudiced by Intel's requested amendment. *See supra* p. 6.  The license issue has been a part of this case since Intel amended its answer in

1  December 2021, and the parties have been actively litigating the issue since then.  The parties have
2  completed discovery in this action and this Court has already resolved the parties' cross motions for
3  summary judgment on the license defense.

4  "Courts often evaluate prejudice in terms of whether relevant deadlines would have to be
5  continued as a result of the new pleading." *Artemus v. Louie*, No. 16-cv-00626-JSC, 2017 WL 747368,
6  at *4 (N.D. Cal. Feb. 27, 2017).  Here, trial would not have to be moved as a result of Intel's
7  amendment.  Although trial is less than two months away, Intel's license counterclaim does not present
8  any additional issues that would require delay.  Indeed, the parties have been actively exchanging pre-
9  trial submissions, the final pretrial conference remains on the Court's schedule for February 22, 2024,
10 and trial is still scheduled to begin on March 25, 2024.

11  Moreover, any prejudice to VLSI is a problem of VLSI's own creation.  But for VLSI's
12 gamesmanship in trying to deprive this Court of jurisdiction so that VLSI can attempt a re-do in
13 another jurisdiction on issues that this Court has already decided, Intel's motion to amend would not
14 be necessary.  Therefore, VLSI will not be unfairly prejudiced by Intel's amendment.

15  **4.  Intel's proposed amendment is not futile.**

16  "[A] proposed amendment is futile for the purposes of a motion for leave to amend only if no
17 set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or
18 defense[.]" *Cellulose Material Solutions, LLC v. SC Marketing Grp., Inc.*, No. 22-CV-03141-LB,
19 2023 WL 5184134, at *3 (N.D. Cal. Aug. 11, 2023) (alterations in original) (quoting *Unicorn Energy*
20 *GMBH v. Tesla Inc.*, No. 21-cv-07476-BLF, 2022 WL 16528138, at *2 (N.D. Cal. Oct. 28, 2022)).
21 On the merits, there can be no dispute that Intel's license counterclaim is not futile.  The Court
22 previously denied VLSI's motion for summary judgment as to Intel's affirmative license defense and
23 determined that "under Delaware law, Intel's license defense may prevail if it can prove to a jury that
24 Fortress and VLSI are 'Affiliates' of Finjan under the terms of the Finjan License Agreement." Dkt.
25 781 at 19.  And regarding whether Fortress and VLSI are "Affiliates" of Finjan, the Court found that
26 a genuine dispute of material fact exists as to whether VLSI and the Finjan Parties are under common
27 control by Fortress.  Dkt. 781 at 16-17.  Therefore, Intel's license counterclaim is not futile on the
28 merits.

1   In addition, this Court has jurisdiction to resolve a declaratory judgment counterclaim as to whether Intel is licensed to VLSI's patents. As a preliminary matter, "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Although the Court has granted summary judgment of no infringement as to the '836 and '922 patents and of invalidity as to the asserted '922 patent claims, the Court has not yet entered final judgment. Moreover, VLSI has revealed its intention to continue asserting the '836 and '922 patents by indicating that it intends to appeal this Court's summary judgment ruling for those patents and pursue those patents further if it prevails on appeal. While VLSI now has granted a covenant not to sue as to the separate '806 and '672 patents, a declaration that Intel is licensed to the '836 and '922 patents would provide an additional basis for entering judgment against VLSI as to those patents. The Supreme Court has explained that a court's "decision to rely on one of two possible alternative grounds"—for example, "noninfringement rather than invalidity"—does **not** "strip it of *power* to decide the second question, particularly when its decree [i]s subject to" appellate review. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993). Although the Court decided that it lacked jurisdiction over Intel's affirmative license defense, it explained that "[c]ritical to this analysis is the fact that Intel only seeks trial on an affirmative defense; it did not assert the license defense as a counterclaim." Dkt. 807 at 3. Thus, allowing Intel to pursue a license counterclaim would cure the Court's concerns with respect to its jurisdiction. VLSI tacitly admitted that the Court has jurisdiction in arguing that there is a "fundamental difference between affirmative defenses and independent claims." Dkt. 803 at 4 (capitalization altered); *see id.* at 3-4 ("Intel is not seeking a trial on a counterclaim; it is seeking a trial on an affirmative defense.").

Moreover, Intel's declaratory judgment license counterclaim has broader implications beyond the '836 and '922 patents and applies to VLSI's entire patent portfolio, including in currently pending infringement actions and in any future infringement actions that VLSI wishes to file. For example, infringement actions are currently pending in China and in Texas. With respect to VLSI's claims in China, VLSI has alleged infringement of a Chinese counterpart of the '922 patent that was at issue

here. A declaration that Intel is licensed to VLSI's patent portfolio would necessarily resolve that controversy. In addition, although VLSI covenanted not to sue as to the '672 patent, VLSI has foreign counterparts for that patent that it did not include in the covenant not to sue. Moreover, if Intel prevails on its license defense, VLSI could not attempt to revive U.S. Patent No. 8,020,014 if VLSI were to succeed in appealing the IPR invalidity decision for that patent. *See* Dkt. 460. Thus, there are both ongoing infringement actions brought by VLSI and an imminent risk that VLSI may pursue additional infringement allegations both in the United States and abroad. Therefore, this Court has jurisdiction over Intel's declaratory judgment license counterclaim.

## V.  CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court grant this motion and permit Intel to file its Second Amended Answer, Defenses, and Counterclaims to VLSI Technology LLC's Complaint for Patent Infringement.

Respectfully submitted,

Dated: January 26, 2024

/s/ Mark D. Selwyn

Mark D. Selwyn (CA SBN 244180)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
Mark.Selwyn@wilmerhale.com

William F. Lee (*pro hac vice*)
Joseph J. Mueller (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Dominic E. Massa (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
William.Lee@wilmerhale.com
Joseph.Mueller@wilmerhale.com
Louis.Tompros@wilmerhale.com
Dominic.Massa@wilmerhale.com

Amanda L. Major (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Amanda.Major@wilmerhale.com

Mary V. Sooter (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Fax: (720) 274-3133
Mindy.Sooter@wilmerhale.com

*Counsel for Defendant*
Intel Corporation