UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br>Plaintiff,<br>v.<br>INTEL CORPORATION,<br>Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING JOINT ADMINISTRATIVE MOTION**<br><br>[Re: ECF No. 906] |

Before the Court is the parties' Joint Administrative Motion to File Under Seal Portions of Dkt. No. 903. ECF No. 906 ("Mot."). For the reasons discussed below the Motion is GRANTED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

1  court records attached only to non-dispositive motions because those documents are often

2  unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal

3  the documents attached to such motions must meet the lower "good cause" standard of Rule

4  26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard

5  requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

6  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

7  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated

8  by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.*

9  *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

10  **II.   DISCUSSION**

11  The document at issue is the Court's Order Granting VLSI's Motion to Dismiss, ECF No.

12  903, which concerns infringement and license agreement terms. The issue is "more than

13  tangentially related to the merits of [the] case" and therefore the parties must provide "compelling

14  reasons" for maintaining the documents under seal. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see*

15  *also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D.

16  Cal. Feb. 10, 2021).

17  Intel argues that compelling reasons exist to seal the material because "[k]nowledge of this

18  information by third parties would put Intel at a competitive disadvantage in future business

19  dealings as its competitors could incorporate that information into their own business strategies to

20  gain an unfair advantage over Intel in the market." ECF No. 906-1 ¶ 10. Intel further explains

21  that "[t]he portions that [it] seeks to be sealed . . . are necessary and narrowly tailored to protect

22  the confidentiality of this non-public licensing information." Mot. at 2-3; *see also* ECF No. 906-1

23  ¶¶ 6, 8-9, 11. VLSI does not oppose Intel's proposed redactions. Mot. at 1.

24  The Court finds that compelling reasons exist to seal the highlighted portions of the

25  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

26  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

27  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,

28  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential

business information" in the form of "business strategies" sealable under the compelling reasons standard.).  The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 903 | Order Granting Motion to Dismiss | Green highlighted portions of 6:3-6, 6:8-12, 6:21, 7:11-13, 7:19, and 8:3. | Granted, as the green highlighted portions on page 6, lines 3-6, 8-12, and 21; page 7, lines 11-13 and 19; and page 8, line 3 contain highly confidential excerpts from Intel's license agreement with Finjan that the Court has previously sealed. ECF No. 339; ECF No. 659; ECF No. 784; ECF No. 853; ECF No. 863. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' motion at ECF No. 906 is GRANTED.

Dated: April 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge

3