# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTEL CORPORATION,<br><br>　　　　Defendant. | Case No. 17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS**<br><br>[Re: ECF Nos. 869, 870, 875, 877, 878, 879, 889, 890] |

Before the court are eight administrative motions filed in connection with VLSI Technology LLC's Motion to Dismiss Intel Corporation's ("Intel") Counterclaim:

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 869.

2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 870.

3. Administrative Motion to File Under Seal Opposition to VLSI Technology LLC's Motion to Dismiss Intel's Second Amended Answer, Defenses, and Counterclaims. ECF No. 875.

4. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 877.

5. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 878.

6. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 879.

7. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 889.

8. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 890.

For the reasons described below, the Court GRANTS the administrative motions.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

### A. ECF No. 869

VLSI filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on February 23, 2024. ECF No. 869. Intel submitted a declaration and exhibits in support of sealing. ECF Nos. 871, 872. Intel seeks to seal selected portions of the motion and its corresponding exhibits. ECF No. 871. Intel writes that the information should be sealed because "[k]nowledge of this information by third parties would put Intel at a competitive disadvantage in future business dealings as its competitors could incorporate that information into their own business strategies to gain an unfair advantage over Intel in the market." *Id.* ¶ 11. Intel argues that the portions are narrowly tailored. *Id.* ¶ 12.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 868 | VLSI's Motion to Dismiss | Green-highlighted portions on pages 6-9 | Granted, as the green-highlighted portions contain highly confidential excerpts from Intel's license agreement with Finjan that the Court has previously sealed. Dkt. 339; Dkt. 659; Dkt. 784; Dkt. 853; Dkt. 863. |
| Ex. 1 | Intel's Motion to Amend, Sever, and Stay (W.D. Tex.) | Green-highlighted portion on page 3 | Granted, as the green-highlighted portions contain highly confidential excerpts from Intel's license agreement with Finjan that the Court has previously sealed. Dkt. 339; Dkt. 659; Dkt. 784; Dkt. 853; Dkt. 863. |

| Ex. 2 | Intel's Motion to Stay (W.D. Tex.) | Green-highlighted portions on page 4 | Granted, as the green-highlighted portions contain highly confidential excerpts from Intel's license agreement with Finjan that the Court has previously sealed. Dkt. 339; Dkt. 659; Dkt. 784; Dkt. 853; Dkt. 863. |

### B. ECF No. 870

VLSI filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on February 23, 2024. ECF No. 870. Finjan LLC ("Finjan") submitted a declaration and exhibits in support of sealing. ECF Nos. 873, 874. Finjan seeks to seal selected portions of the brief and its corresponding exhibits. ECF No. 873. Finjan writes that the information should be sealed because the documents "reference and/or quote to language from non-public portions of a confidential patent license and settlement agreement between Intel and Finjan Inc. and Finjan Software, Inc." *Id.* ¶ 5. Finjan argues that the portions are narrowly tailored. *Id.*

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 868 | VLSI's Motion to Dismiss | The redacted portions of VLSI's Motion to Dismiss, at:<br>• page 6 at portions of lines 5-6;<br>• page 7 at the word in line 21;<br>• page 8 at portions of lines 1-2, 4, 14-15, 16 (full line), 19-21, 22- 23 (full lines), and 24;<br>• page 9, portions of lines 1-2, | Granted, as these portions of VLSI's Motion to Dismiss cite to, and/or reflect highly confidential, non-public information relating to Finjan's licenses and license agreement terms, which the Court has previously sealed via this Court's Orders at ECF No. 339 and again at ECF No. 769 and 863. |

4

| ECF 870-3 | Exhibit 1 to VLSI's Motion to Dismiss | Green highlighted portions at page 3. | Granted, as these portions cite to, and/or reflect highly confidential, non-public information relating to Finjan's licenses and license agreement terms, which the Court has previously sealed via this Court's Orders at ECF No. 339 and again at ECF No. 769 and 863. |
|---|---|---|---|
| ECF 870-4 | Exhibit 2 to VLSI's Motion to Dismiss | Green highlighted portions at page 4. | Granted, as these portions cite to, and/or reflect highly confidential, non-public information relating to Finjan's licenses and license agreement terms, which the Court has previously sealed via this Court's Orders at ECF No. 339 and again at ECF No. 769 and 863. |
| ECF 870-7 | Exhibit 5 to VLSI's Motion to Dismiss | Green highlighted portion at page 2. | Granted, as these portions cite to, and/or reflect highly confidential, non-public information relating to Finjan's licenses and license agreement terms, which the Court has previously sealed via this Court's Orders at ECF No. 339 and again at ECF No. 769 and 863. |

### C.   ECF No. 875

Intel filed the Administrative Motion to File Under Seal Opposition to VLSI Technology LLC's Motion to Dismiss Intel's Second Amended Answer, Defenses, and Counterclaims on March 1, 2024.  ECF No. 875.  Intel seeks to seal selected portions of the brief.  *Id.*  Intel writes that the information should be sealed because "Disclosure of licensing information regarding Intel's prior license agreements, such as the scope of Intel's licenses and other terms from Intel's agreements, would provide competitors and potential counterparties with unfair insight into Intel's business strategies and cost/benefit analyses."  *Id.* at 3.  Intel argues that the portions are narrowly tailored.  *Id.*

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

5

1    The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  | Intel's Opposition to VLSI's Motion to Dismiss Intel's Second Amended Answer, Defenses, and Counterclaims | Green highlighted portions of 1:13- 14, 1:22, 7:7-13, 7:15, 7:17-18, 8:2-3, 8:24, 9:4, 9:7, 9:9, 9:11-12, 9:14, 9:27-28, 10:2-3. | Granted, as the green highlighted portions on page 1, lines 13-14 and 22; page 7, lines 7-13, 15, and 17-18; page 8, lines 2-3 and 24; page 9, lines 4, 7, 9, 11- 12, 14, and 27-28; and page 10, lines 2-3 contain a highly confidential excerpt from Intel's license agreement with Finjan that the Court has previously sealed. Dkt. 339; Dkt. 659; Dkt. 784; Dkt. 853; Dkt. 863. |

### D.  ECF No. 877

Intel filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 1, 2024.  ECF No. 877.  Intel filed a certificate of service on March 4, 2024, ECF No. 880, and Finjan submitted a declaration in support of sealing.  ECF No. 882.  Finjan seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 877.  Finjan writes that the information should be sealed because the documents "reference and/or quote to language from non-public portions of a confidential patent license and settlement agreement between Intel and Finjan Inc. and Finjan Software, Inc." *Id.* ¶ 5.  Finjan argues that the portions are narrowly tailored.  *Id.*

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\

\\

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 876 (see ECF No. 875-3) | Intel's Opposition | The redacted/green-boxed portions of Intel's Opposition as reflected in ECF No. 876 (and ECF 875-3). These redactions/green boxed portions are at:<br>• page 1 at portions of lines 13-14 and 22;<br>• page 7 at portions of lines 7-13, 15, and 17-18;<br>• page 8 at portions of lines 2-3, and 24;<br>• page 9 at portions of lines 4, 7, 9, 11-12, 14, and 27-28; and<br>• page 10, portions of lines 2-3. | Granted, as these portions of Intel's Opposition cite to, and/or reflect highly confidential, non-public information relating to Finjan's licenses and license agreement terms, which the Court has previously sealed via this Court's Orders at ECF No. 339 and again at ECF No. 769 and 863. |

### E.   ECF No. 878

Intel filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 1, 2024.  ECF No. 878.  Intel filed a certificate of service on March 6, 2024, ECF No. 884, and NXP Semiconductors USA, Inc. ("NXP") submitted a declaration and exhibits in support of sealing.  ECF Nos. 886, 887.  NXP seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 886.  NXP writes that the information should be sealed because "The portions of the deposition transcript that NXP seeks to seal all relate to highly-confidential information regarding its past and current intellectual property licensing and monetization objectives, strategies, practices, capabilities, and efforts. Public disclosure of this information would provide NXP's competitors with sensitive information regarding NXP's internal business practices, as well as its relationships with other companies in the semiconductor industry and the patent licensing industry, thus disadvantaging NXP in future business and contract negotiations." *Id.* ¶ 8.  NXP argues that the portions are narrowly tailored.  *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

1  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

2  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,

3  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential

4  business information" in the form of "business strategies" sealable under the compelling reasons

5  standard.). The Court also finds that the request is narrowly tailored.

6  The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 878-02 Ex. 1 to Intel's Opposition to VLSI's Motion to Dismiss | Excerpts from the July 26, 2019 Deposition of Lee Chastain | Blue-highlighted portions at 179:7- 18. | Granted, as the highlighted testimony identifies and describes (1) confidential patent agreements entered into between NXP/Freescale and other parties; and (2) confidential business information regarding corporate objectives and strategy. See infra ¶¶ 6–10. |

### F.     ECF No. 879

Intel filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 1, 2024.  ECF No. 879.  Intel filed a certificate of service on March 4, 2024, ECF No. 880, and Fortress Investment Group LLC ("Fortress") submitted a declaration in support of sealing.  ECF Nos. 883.  Fortress seeks to seal selected portions an exhibit. *Id.*  Fortress writes that the information should be sealed because "[t]his document reflects and contains highly sensitive and proprietary Fortress internal business data and information regarding financial analysis and methods, investment analyses, acquisition strategies, corporate formation and management, and financial and accounting data." *Id.* ¶ 9.  Fortress argues that the portions are narrowly tailored. *Id.* ¶ 12.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential

8

1  business information" in the form of "business strategies" sealable under the compelling reasons
2  standard.). The Court also finds that the request is narrowly tailored.
3      The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. 2 | VLSI Technology LLC Report | Portions highlighted in green on first, second, and third pages. | Granted, as this document is a highly sensitive and proprietary internal financial analysis document. It contains investment, financial, and accounting information, and reflects proprietary financial analysis methods that constitute confidential business information. Redacted portions also include personal information that is not relevant to any matter in this case. |

### G.    ECF No. 889

VLSI filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 8, 2024. ECF No. 889. Intel submitted a declaration and exhibits in support of sealing. ECF Nos. 891, 892. Intel seeks to seal selected portions of the brief and its corresponding exhibits. ECF No. 891. Intel writes that the information should be sealed because "[d]isclosure of licensing information regarding Intel's prior license agreements, such as the scope of Intel's licenses and other terms from Intel's agreements, would provide competitors and potential counterparties with unfair insight into Intel's business strategies and cost/benefit analyses.." *Id.* ¶ 8. Intel argues that the portions are narrowly tailored. *Id.* ¶ 7.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 888 (public redacted version) 889-02 (unredacted version filed under seal as an Exhibit to VLSI's Administrative Motion) | VLSI's Reply | Green-highlighted portions of the Table of Contents, 2:14-16, 2:23-27, 3:2-6, 3:8, 3:15-16, 3:18, 4:1-5, 4:7-9, 4:12, 4:14-15, 4:19. | Granted, as the green-highlighted portions in the Table of Contents and on page 2, lines 14-16 and 23-27; page 3, lines 2-6, 8, 15-16, and 18; and page 4, lines 1-5, 7-9, 12, 14-15, and 19 contain highly confidential excerpts from Intel's license agreement with Finjan that the Court has previously sealed. Dkt. 339; Dkt. 659; Dkt. 784; Dkt. 853; Dkt. 863. |

### H.   ECF No. 890

VLSI filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 8, 2024. ECF No. 890. Finjan submitted a declaration in support of sealing. ECF Nos. 893. Finjan seeks to seal selected portions of the brief and its corresponding exhibits. *Id.* Finjan writes that the information should be sealed because "the confidential terms in the Patent License Settlement Agreement, including the compensation terms, patents licensed, and other substantive provisions, are maintained as highly confidential within Finjan to only those with a need to know, and may be disclosed in litigation only when relevant and under the highest level of confidentiality." *Id.* ¶ 6. Finjan argues that the portions are narrowly tailored. *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\

\\

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 888 | VLSI's Reply | The redacted portions of VLSI's Reply as reflected in ECF No. 888. These redactions are at:<br>• page i (quotes in items II(A)(1) and (2);<br>• page 2, portions of lines 14-16, and 23-27;<br>• page 3, portions of lines 2-6, 8, 15-16, and 18; and<br>• page 4, portions of lines 1-5, 7-9, 12, 14-15, and 19. | Granted, as these portions of VLSI's Reply cite to, and/or reflect highly confidential, nonpublic information relating to Finjan's licenses and license agreement terms, which the Court has previously sealed via this Court's Orders at ECF No. 339 and again at ECF No. 769 and 863. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 869 is GRANTED.

2. ECF No. 870 is GRANTED.

3. ECF No. 875 is GRANTED.

4. ECF No. 877 is GRANTED.

5. ECF No. 878 is GRANTED.

6. ECF No. 879 is GRANTED.

7. ECF No. 889 is GRANTED.

8. ECF No. 890 is GRANTED.

Dated: April 8, 2024

_____
BETH LABSON FREEMAN
United States District Judge