UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br>     Plaintiff,<br>v.<br>INTEL CORPORATION,<br>     Defendant. | Case No.  17-cv-05671-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION**<br><br>[Re:  ECF No. 902] |

Before the court is VLSI's Administrative Motion to File Under Seal.  ECF No. 902.  This motion is related to a previous motion, ECF No. 512, which the Court denied because VLSI's request was not narrowly tailored.  ECF No. 894.  For the reasons described below, the administrative motion is GRANTED.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809

1  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

VLSI writes that the information should be sealed because disclosure "could cause significant competitive and business harms to VLSI." ECF No. 902 at 5. VLSI argues that the portions are narrowly tailored. *Id.*

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 512 Ex. 7 to VLSI's Supplemental Briefs | Excerpts of the April 20, 2023 Opening Report of Mark Chandler | Blue-boxed portions at ¶¶ 359, 363–65, 387, 395–96, 402, 414, 422, 427, 442– 43, 465, 495, 522–23 | Granted, as the blue-boxed portions reflect highly-confidential licenses produced in this case, including royalty rates and licensing terms. ECF No. 902-1 ¶¶ 9–11. Disclosure of this information could cause significant competitive and business harms to VLSI, as well as unfair advantage to Intel and other potential license counterparties. *See* ECF No. 902-1 ¶¶ 13–17. |

2

| | | | |
|---|---|---|---|
| Ex. 8 to VLSI's Supplemental Briefs | Excerpts of the May 16, 2023 Supplemental Report of Dr. William Mangione-Smith | Blue-boxed portions at ¶ 438. | Granted, as the blue-boxed portions reflect VLSI's highly-confidential and proprietary damages analysis for the '922 Patent Wen Decl. ¶¶ 9–10. Public disclosure of this information could cause significant competitive and business harms to VLSI, as well as unfair advantage to Intel and other potential license counterparties. *See* ECF No. 902-1 ¶¶ 12– 17. |

### III.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that VLSI's administrative motion is granted.

Dated: April 24, 2024

_____
BETH LABSON FREEMAN
United States District Judge

3